IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON NIEMAN, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| | § | |
| THE CONCRETE COWBOY BAR, | § | |
| JONATHON VALIZ, JOHN DOES 1-4, | § | |
| CITY OF DALLAS, TX. CITY OF DALLAS | § | |
| FIRE/EMS DEPT., JOHN MCKINNEY, | § | |
| DWAINE N. HELTON, MICHAEL | § | |
| MILHAM, CITY OF DALLAS POLICE | § | |
| DEPT., JESSICA L. MORRELL, | § | |
| DALLAS COUNTY, TEXAS, | § | |
| DALLAS COUNTY HOSPITAL DISTRICT | § | Civil Action No. 3:14-CV-3897-M |
| (d/b/a PARKLAND HEALTH AND | § | |
| HOSPITAL SYSTEM), AMANDA GARCIA, | § | |
| R.N., JANE ELLEN O'CONNELL, M.D. | § | |
| KATHERINE M. MAPULA, R.N., | § | |
| CATHERINE LEWIS NEAL, M.D., LUIS | § | |
| ROMAN TAVARAS, M.D., KRISTIE | § | |
| LOUANN BROWN, R.N., UNIVERSITY | § | |
| OF TEXAS SOUTHWEST MEDICAL | § | |
| CENTER AT DALLAS, DR. ALEXANDER | § | |
| EASTMAN, M.D., DR. GINA SIMS, M.D., | § | |
| DR. JEFFREY PRUITT, M.D., DR. NHAN | § | |
| LE, M.D., DR. KYLE MOLBERG, M.D., | § | |
| DR. SUHNY ABBARA, M.D., | § | |
| DR. ANTHONY WITTEMORE, M.D., | § | |
| *Defendants*. | § | |

<u>DEFENDANT UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER'S
MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT UNDER FED. R. CIV. P.
12(b)(1)</u>

TO THE HONORABLE JUDGE LYNN:

NOW INTO COURT, through undersigned counsel, comes Defendant University

of Texas Southwestern Medical Center (*hereinafter* "UTSW"), and presents this its

Motion to Dismiss Plaintiff's Original Complaint pursuant to Fed. R. Civ. Proc. 12(b)(1). In support hereof, Defendant avers as follows:

Introduction

This suit begins with Jason Nieman (*hereinafter* "Plaintiff" or "Nieman") going out on the town for drinks on September 14, 2014, and ends with Nieman alleging various state and federal theories of recovery against multiple governmental and private entities, doctors, police officers, business owners, and medical professionals for aid rendered to him as a result of injuries he sustained following his very active evening in Dallas, Texas. Plaintiff specifically seeks recovery of monetary damages against UTSW through 42 U.S.C. § 1983 (*hereinafter* "§ 1983") for violating his Fourth and Fourteenth Amendment rights (Count IX). Complaint at ¶ 77.[1] Nieman also seeks recovery against UTSW for various state-law tort actions (Count X). Complaint at ¶ 80. Finally, Nieman alleges a RICO conspiracy against UTSW through 18 U.S.C. §§ 1961-1969 (*hereinafter* "RICO Act") related to receipt of bills for medical services rendered (Count XI). Complaint at ¶¶ 81-86.

As discussed below, this Court lacks subject matter jurisdiction over the claims against UTSW, because the State, and its component agencies, have immunity from suit under the Eleventh Amendment. The Plaintiff does not provide any argument or authority that would establish an abrogation or waiver of Eleventh Amendment immunity for the legal theories he posited or express waiver of sovereign immunity by the State of Texas that would permit him to hale UTSW into federal court. Given the foregoing, and as established below, UTSW is entitled to a dismissal of the claims against it in this litigation.

---

[1] Please note that there is a numbering error in Plaintiff's Original Complaint as the Complaint moves from Count IX to Count X, resulting in double-numbering of the paragraphs in those counts.

I.     Plaintiff's claims against UTSW are barred by sovereign immunity

A.     Standard of Review

A district court must dismiss an action if it finds that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The party invoking the jurisdiction of the court bears the burden of providing that jurisdiction exists. *Randall D. Wolcott, M.D., P.A. v. Sibelius*, 635 F.3d 757, 762 (5th Cir. 2011). A dismissal under Rule 12(b)(1) will be affirmed if it appears certain that a plaintiff cannot prove any set of facts in support of their claim entitling them to relief. *Perez v. Tex. Med. Bd.*, No. 13-50663, 2014 WL 661386, *1 (5th Cir. Feb. 21, 2014), citing *Hobbs v. Hawkins*, 968 F.2d 471 (5th Cir. 1992).

B.     UTSW does not meet the definition of person under § 1983 (Count IX)

Section 1983 proscribes the actions of persons.[2] A State is not a "person" under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989). UTSW is a component of the State of Texas.[3] While § 1983 provides a federal forum to remedy deprivations of civil liberties perpetrated by individuals, "it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63 (1989). Accordingly, Plaintiff's Count IX should be

---

[2] 42 U.S.C. § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

[3] The University of Texas System is a public university system in Texas. Tex. Ed. Code Ann. § 65.01 (West 2014). The University of Texas Southwestern Medical Center is a component of the University of Texas System. Tex. Ed. Code Ann. § 65.01(7) (West 2014). A public university system is a state agency. Tex. Gov't. Code Ann. § 572.002(10)(B) (West 2014).

dismissed as to UTSW.

      C.  <u>The Eleventh Amendment bars Plaintiff's claims against UTSW under §
1983 and the RICO Act (Counts IX & XI)</u>

"[I]n the absence of consent a suit in which the State or one of its agencies or
departments is named as the defendant is proscribed by the Eleventh Amendment."
*Lewis v. University of Texas Medical Branch at Galveston*, 665 F.3d 625, 630 (5th Cir.
2011) (*quoting Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)).
The jurisdictional bar created by the Eleventh Amendment applies regardless of the
nature of the relief sought. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. at 100.
*Accord, Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013). The State of Texas has
not consented to suit or otherwise waived its Eleventh Amendment immunity for claims
pursuant to either § 1983 or the RICO Act.

The United States Supreme Court has recognized that the enactment of § 1983 did
not "disregard the well-established immunity of a State from being sued without its
consent." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67 (1989). Put plainly, § 1983
does not abrogate or waive state sovereign immunity.

Similarly, the RICO Act does not provide a waiver of sovereign immunity for suits
against the State. *See, e.g., Concho Residential Services, Inc. v. MHMR Services for
Concho Valley*, No. 03–9800022–CV, 1999 WL 644727, at *6 (Tex.App.-Austin 1999, pet.
denied) (mem. op., not designated for publication) (RICO claims failed because appellees
were "entitled to sovereign immunity from these claims"); *see also Chaz Constr., LLC v.
Codell*, 137 Fed. Appx. 735, 743 (6th Cir.2005) (not designated for publication) ("RICO
does not arise und § 5 of the Fourteenth Amendment," and thus does not fall within
Congress's power to waive sovereign immunity); *Weaver v. United States*, 98 F.3d 518,

521 n. 2 (10th Cir.1996) (RICO statutes did not provide an express waiver of sovereign immunity).

Plaintiff has failed to provide any argument or authority that would support a finding that the State of Texas has consented to suit or otherwise waived its sovereign immunity for claims under either § 1983 or the RICO Act, thus failing to meet his burden of establishing this Court's subject matter jurisdiction. Accordingly, Plaintiff's Counts IX and XI should be dismissed.

    D. <u>Plaintiff has failed to establish this Court's subject matter jurisdiction over the state-law tort claims alleged in the Complaint (Count X)</u>

In Count X, Plaintiff asserts multiple common law tort claims against UTSW. In particular, Plaintiff alleges battery and false imprisonment.[4] Complaint at ¶ 76. He goes on to allege conversion, invasion of privacy, and violations of a "Patient's Bill of Rights." Complaint at ¶ 77. Plaintiff further alleges conspiracy. Complaint at ¶ 78. Finally, Plaintiff alleges negligent training and supervision, and vicarious liability. Complaint at ¶ 80. The State of Texas has not consented to suit or waived sovereign immunity for state-law claims filed in federal court. Tex. Civ. Prac. & Rem. Code Ann. § 101.102(a) (West 2014) (Claims brought under TTCA shall be filed in state court.). Accordingly, Plaintiff's claims under Count X are barred by the Eleventh Amendment and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). *Pennhurst, supra.*

    E. <u>By filing this Motion, Defendant UTSW move for dismissal of Count X against each of its respective present and former employees who have been served with process in this suit; dismissal is mandatory pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e)</u>

Plaintiff's assertion of state-law tort claims against both UTSW and its employees

---

[4] It is worth noting that the Texas Tort Claims Act specifically bars all intentional tort claims against the State. Tex. Civ. Prac. & Rem. Code Ann. § 101.057(2) (West 2014).

is improper. Texas Civil Practice and Remedies Code Section 101.106 ("Election of Remedies") required Nieman to determine, at the time he filed suit, whether he wished to proceed against UTSW or its employees. Instead of making the required election, Nieman filed suit and asserted Count X against UTSW and its physician employees. Complaint at Count X. When a litigant sues both an agency and its employees, "the employees shall immediately be dismissed on the filing of a motion by the governmental unit." Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e) (West 2014). Dismissal is required regardless of whether the tort theories alleged actually do come within the TTCA's limited waiver of sovereign immunity. "Because the Tort Claims Act is the only, albeit limited, avenue for common-law recovery against the government, all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be 'under [the Tort Claims Act]' for purposes of [Tex. Civ. Prac. & Rem. Code] § 101.106." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008). *Rodriguez v. Christus Spohn Health Sys. Corp.*, 628 F.3d 731, 738 (5th Cir. 2010) ("The Texas Supreme Court has held that all claims falling under the Tort Claims Act, not just those for which the Tort Claims Act waived immunity, trigger the election remedies provision."). Accordingly, all state law tort claims against any of the defendant employees of UTSW must be dismissed as a result of the filing of this motion by UTSW.

    II.   <u>Prayer</u>

    WHEREFORE, premises considered, University of Texas Southwestern Medical Center prays that its motion to dismiss be granted and this case dismissed with prejudice to the refiling of the same.

    Dated:  December 22, 2014.

                Respectfully submitted,

GREG ABBOTT
Attorney General
DANIEL T. HODGE
First Assistant Attorney General

DAVID C. MATTAX
Deputy Attorney General for Defense Litigation

ROBERT O'KEEFE
Division Chief
Financial Litigation, Tax, and Charitable Trusts
Division

*/s/Eric A. Hudson*
Eric A. Hudson
Assistant Attorney General
State Bar No. 24059977
Financial Litigation, Tax, and
Charitable Trusts Division
P.O. Box 12548
Austin, Texas 78711-2548
Telephone:  (512) 936-6417
Telecopier:  (512) 478-4013
eric.hudson@texasattorneygeneral.gov
*Attorney for University of Texas Southwestern
Medical Center*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of December, 2014, the above and foregoing <u>Defendant University of Texas Southwestern Medical Center's Motion to Dismiss Plaintiff's Original Complaint under Fed. R. Civ. P. 12(b)(1)</u> was sent to Plaintiff as indicated below:

Jason Nieman                                *via Certified Mail, Return Receipt Requested*
1700 Windycrest Drive                        No. 7014 0150 0001 5485 1318
Springfield, Illinois 62704
*Plaintiff, pro se*

   <u>/s/Eric A. Hudson</u>
Eric A. Hudson
Assistant Attorney General