UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON NIEMAN, | § | |
|     Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | |
| | § | 3:14-CV-3897-M-BF |
| THE CONCRETE COWYBOY BAR, et al., | § | |
|     Defendants. | § | |

**DEFENDANT CITY OF DALLAS' MOTION TO DISMISS CLAIMS
AGAINST CITY DEPARTMENT DEFENDANTS, AND BRIEF IN SUPPORT**

TO THE HONORABLE COURT:

Defendant City of Dallas, Texas ("City"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Northern District of Texas Local Civil Rules LR 7.1 and LR 7.2, moves the Court to dismiss Plaintiff's claims against Defendant City of Dallas Fire/EMS Department[1] ("DFD") and Defendant City of Dallas Police Department ("DPD") because the DFD and the DPD are departments of the City lacking the legal capacity to be sued.[2]

**I.     RELEVANT PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

Plaintiff Jason Nieman ("Nieman"), proceeding *pro se*, filed this civil rights action on November 3, 2014, against several private entities, medical professionals, business owners, individuals and governmental entities, including the City, Dallas Fire-Rescue Captain John McKinney, Dallas Fire-Rescue paramedics/firefighters Dwaine N. Helton ("Helton") and

---

[1] The Complaint incorrectly identifies this entity as the "Dallas Fire/EMS Department." Although the correct name for this entity is the Dallas Fire-Rescue Department, the City refers to it as "DFD," the name under which it is sued in the Complaint.

[2] Neither the DFD nor DPD has been properly served. As best as can be determined, Nieman simply mailed a summons and a copy of the Complaint to "Dallas Police Department, Attn: Chief of Police, 1400 S. Lamar St., Dallas, TX 75215," and to City of Dallas Fire Rescue, EMS Division, Attn: Chief John McKinney, 1551 Baylor St., Suite 300, Dallas, TX 75226." Neither the Federal Rules of Civil Procedure nor Texas law permits a party to accomplish service in that manner absent a court order.  *See* Fed. R. Civ. P. 4(c)(2), 4(j)(2); Tex. R. Civ. P. 103. However, in the interest of judicial economy the City files this dispositive motion requesting that the Court dismiss these non-jural entities.

Michael Milam ("Milam") (incorrectly spelled "Milham" in the Complaint), and Dallas police officer Jessica L. Morrell, and two City departments (DFD and DPD) (the "City defendants"). (*See* Plaintiff's First Complaint at Law (Doc. No. 3 ("Complaint")).) Nieman's claims arise out of events that occurred on September 14-15, 2014.[3]

According to Nieman's Complaint, on September 14, 2014, Nieman went to the Concrete Cowboy, a bar/tavern located in the Uptown area of Dallas, Texas, where he allegedly consumed an alcoholic beverage spiked with the drug Rohyphenol (flunitrazepam). (Pl's Compl. at PageID 12 ¶¶ 17-18.). Within a minutes, Nieman began to feel the effects of the drug, which comprised his judgment, physical control and memory. (*Id.* at PageID 13 ¶ 19.)

Sometime around midnight on September 15, 2014, Nieman injured himself when he fell down a flight of stairs outside the bar. (*Id.* at PageID 13 ¶ 20.) Nieman suffered a concussion and other serious injuries. (*Id.*) Approximately 45 minutes later, Dallas Fire-Rescue paramedics/firefighters Helton and Milam seized and physically restrained, sedated, and transported Nieman to Parkland Hospital without Nieman's consent. (*Id.* at PageID14 ¶ 22.)

Nieman asserts federal claims against the City defendants pursuant to 42 U.S. C §§ 1983 and 1985 for alleged deprivation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution and conspiracy, and violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. 1961 *et seq*. (*See* Complaint.) Nieman also asserts various state claims against the City defendants, including battery, false imprisonment, invasion of privacy, medical negligence and/or gross negligence, and conversion. (*Id.*) Nieman sues for compensatory damages, treble damages, exemplary damages, permanent injunction, attorney's

---

[3] The facts giving rise to Nieman's various claims are set forth in paragraphs 16 – 30 of the Complaint. (*See* Plaintiff's First Complaint at Law (Doc. No. 3) at PageID 12 – 20, ¶¶ 16-30). For purposes of this motion, the City recounts only the factual allegations relevant to Nieman's claims against the City and its employees.

fees, court costs. (*Id.*).

The City now moves to dismiss this action against DFD and DPD, pursuant to Rule 12(b)(6) of the Federal Rule of Civil Procedure, for failure to state a claim upon which relief can be granted.

## II.   ARGUMENT AND AUTHORITIES

### A.   Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a claim if the complaint fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6); *Washington v. United States Dep't of Hous. & Urban Dev.*, 953 F. Supp. 762, 768 (N.D. Tex. 1996).  A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims stated in the complaint, and such a motion must be evaluated solely on the basis of the pleadings.  *Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986); *see also Morin v. Caire,* 77 F.3d 116, 120 (5th Cir. 1996).  "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief."  *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) (internal quotations omitted).

Under Rule 8, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.*  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).

There are two primary considerations for a court's analysis of the propriety of a motion to dismiss under Rule 12(b)(6). First, the allegations contained in the complaint are to be construed in the plaintiff's favor and all *well-pleaded* facts are to be accepted as true. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Washington*, 953 F. Supp. at 768. However, conclusory statements in a complaint are not to be accorded a presumption of truth. *Kaiser Alum. & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982); *Washington*, 953 F. Supp at 768. Therefore, conclusory allegations and legal conclusions masquerading as factual assertions are not adequate to prevent dismissal for failure to state a claim. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

Second, under *Twombly*, the factual allegations in a complaint must be specific enough to raise a right to relief above the speculative level on the assumption that all of the allegations are true. *Twombly*, 550 U.S. at 555 (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). That is, it is no longer sufficient that relief could be granted under some theoretical set of facts consistent with a complaint's allegations, which was the familiar standard the Supreme Court established in *Conley*. Rather, plaintiffs must "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Therefore, to survive a motion to dismiss made pursuant to Rule 12, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

**B.     Nieman's Claims Against DFD and DPD**

Under Rule 17 of the Federal Rules of Civil Procedure, a party must have the "capacity to sue or be sued." Fed. R. Civ. P. 17(b). Whether an entity has the capacity to sue or be sued is

determined by the law of the state in which the district court is located. Fed. R. Civ. P. 17(b)(3); *see also Darby v. Pasadena Police Dep't,* 939 F.2d 311, 313 (5th Cir. 1991). In order for a plaintiff to sue a department of a city, that department must enjoy a separate legal existence. *See Darby,* 939 F.2d at 313. "Unless the political entity that created the department has taken 'explicit steps to grant the servient agency with jural authority,' the department lacks the capacity to sue or to be sued." *Crull v. City of New Braunfels, Texas*, 267 F. App'x 338, 341 (5th Cir. 2008) (quoting *Darby*, 939 F.2d at 313).

Here, the City of Dallas is a home rule municipality. Texas law grants the City of Dallas the authority to organize both a fire department and a police force. Tex. Loc. Gov't Code Ann. Sections 342.011 and 341.003. The Dallas City Charter grants the power to sue and be sued to the City, but does not grant the same power to the DFD or DPD. *See* Dallas City Charter, ch. II sec. 1(2). Therefore, the DFD and DPD are not separate legal entities apart from the City. Stated another way, because the Dallas City Charter does not give the DFD or the DPD the power to sue or be sued, Nieman may not bring suit against either one, because they have no legal existence. *See Darby,* 939 F.2d at 313 (5th Cir. 1991) (dismissing under Rule 12(b)(6) a claim against a municipal police department for failure to state a claim because the police department was a non-jural entity); *Maxwell v. Henry*, 815 F. Supp. 213, 215 (S.D. Tex. 1993) (same); *Vardas v. City of Dallas*, 54 F. App'x 592, at *1 (5th Cir. 2002) (affirming the dismissal of the Dallas Police Department Property Room as non-jury entity, citing *Darby*).

This Court routinely dismisses section 1983 claims made against a department of the City on this basis. *See*, *e.g.*, *Johnson v. Dallas City Police Dep't*, No. 3:04-CV-1578-B, 2004 WL 2964968 at *2 (N.D. Tex. Dec. 15, 2004), *rec. adopted*, 2005 WL 119467 (N.D. Tex. Jan. 18, 2005) (the Dallas Police Department is not a proper defendant with jural existence, citing

*Darby*); *Mugweni v. Wachovia, Inc.*, No. 3:08-CV-1524-G (N.D. Tex. Jan. 5, 2009) (same); *Youl Suh v. Dallas Police Dep't*, No. 3:06-CV-2115-L, 2006 WL 3831235 at *2 (N.D. Tex. Dec. 29, 2006), *appeal dism'd*, No. 08-10233 (5th Cir. April 30, 2008) (recognizing that the Dallas Police Department is a non-jural entity and is not subject to suit).

For these reasons, Nieman has failed to state a claim against the DFD and DPD upon which relief can be granted, and the Court should grant the City's motion to dismiss Defendants DFD and DPD pursuant to Rule 12(b)(6).

WHEREFORE, Defendant City of Dallas prays that the Court dismiss with prejudice Nieman's claims against Defendants Dallas Fire/EMS Department and Dallas Police Department, and grant all other relief that is consistent with this motion.

> Respectfully submitted,
>
> WARREN M. S. ERNST
> Dallas City Attorney
>
> s/ *Tatia R. Wilson*
> Tatia R. Wilson
> Senior Assistant City Attorney
> Texas Bar No. 00795793
> tatia.wilson@dallascityhall.com
>
> James C. Butt
> Senior Assistant City Attorney
> Texas Bar No. 24040354
> james.butt@dallascityhall.com
>
> City Attorney's Office
> 1500 Marilla Street, Room 7B North
> Dallas, Texas 75201
> Telephone:   214-670-3519
> Telecopier:   214-670-0622
>
> *Attorneys for Defendant City of Dallas, Texas*

## CERTIFICATE OF SERVICE

      I certify that on December 22, 2014, I electronically filed the foregoing document with the clerk of the court for the United States District Court, Northern District of Texas, using the electronic case filing system (CM/ECF) of the court which will send notification to case participants registered for electronic notice. I further certify that I have served all case participants not registered for electronic service by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                                                                s/ *Tatia R. Wilson*
                                                                Tatia R. Wilson
                                                                Senior Assistant City Attorney