UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON NIEMAN, | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | |
| | § | 3:14-CV-3897-M-BF |
| THE CONCRETE COWBOY BAR, et al., | § | |
| Defendants. | § | |

**DEFENDANT CITY OF DALLAS' MOTION TO DISMISS PLAINTIFF'S STATE CLAIMS AGAINST INDIVIDUAL CITY DEFENDANTS, AND BRIEF IN SUPPORT**

TO THE HONORABLE COURT:

Defendant, City of Dallas, Texas ("City"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Northern District of Texas Local Civil Rules LR 7.1 and LR 7.2, and the Texas Election of Remedies Statute, Texas Civil Practice and Remedies Code § 101.106(e), respectfully move the Court to dismiss Plaintiff's claims against the City's employees and individual Defendants Dwaine N. Helton ("Helton"), Michael Milam ("Milam") (incorrectly spelled "Milham" in the Complaint"), and John McKinney ("McKinney") that arise under state law.

## I.   RELEVANT PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Plaintiff Jason Nieman ("Nieman"), proceeding *pro se*, filed this civil rights action on November 3, 2014, against the City, Helton, Milam, McKinney and several other governmental and private entities, medical professionals, police officers,[1] and business owners.  (*See* Court's Docket.)  Nieman asserts various federal and state claims and theories of recovery arising from

---

[1] Plaintiff's Complaint asserts federal claims  pursuant to 42 U.S.C. §§ 1983 and 1985 against Dallas police officer Jessica L. Morrell ("Morrell"), who allegedly failed to intervene when Helton and Milam seized and transported Nieman to Parkland Hospital.  The factual allegations concerning Morrell, which are set forth in paragraphs 63 through 70 of the Complaint, do not allege or state facts giving rise to a claim under Texas law.  (*See* Pl's Compl. at PageID 32 ¶¶ 63-70.)

an incident that occurred on September 14-15, 2014. (*See* Plaintiff's First Complaint at Law (Doc. No. 3) ("Complaint").)

According to Nieman's Complaint, on September 14, 2014, Nieman went to the Concrete Cowboy, a bar/tavern located in the Uptown area of Dallas, Texas, where he allegedly consumed an alcoholic beverage spiked with the drug Rohyphenol (flunitrazepam).  (Pl's Compl. at PageID 12 ¶¶ 17-18.).  Within a minutes, Nieman began to feel the effects of the drug, which comprised his judgment, physical control and memory.  (*Id.* at PageID 13 ¶ 19.)

Sometime around midnight on September 15, 2014, Nieman injured himself when he fell down a flight of stairs outside the bar.  (*Id.* at PageID 13 ¶ 20.)  Nieman suffered a concussion and other serious injuries. (*Id.*)   Approximately 45 minutes later, Dallas Fire-Rescue paramedics/firefighters Helton and Milam seized and physically restrained, sedated, and transported Nieman to Parkland Hospital without Nieman's consent. (*Id.* at PageID14 ¶ 22.)

Nieman asserts federal claims against (1) the City, Helton, Milam and McKinney pursuant to 42 U.S.C. § 1983 for alleged deprivation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution, (2) Helton and Milam pursuant to 42 U.S.C. § 1985 for alleged conspiracy, and (3) the City, Helton, Milam, and McKinney pursuant to 18 U.S.C. § 1961 for alleged violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO").  (*See* Complaint.) In addition to those federal claims, Nieman sues the City, Helton, Milam and McKinney under this Court's supplemental jurisdiction for the Texas torts of battery, false imprisonment, invasion of privacy, medical negligence and/or gross negligence, and conversion.  (*Id.*)

Pursuant to the Texas Election of Remedies Statute, Texas Civil Practice and Remedies Code § 101.106(e), the City now moves the Court to dismiss Nieman's Texas common-law tort

claims of battery, false imprisonment, invasion of privacy, medical negligence and/or gross negligence, and/ or conversion against its employees, Helton, Milam and McKinney. [2]

## II.       ARGUMENT AND AUTHORITIES

### A.       Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a claim if the complaint fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6); *Washington v. United States Dep't of Hous. & Urban Dev.*, 953 F. Supp. 762, 768 (N.D. Tex. 1996).  A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims stated in the complaint, and such a motion must be evaluated solely on the basis of the pleadings.  *Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986); *see also Morin v. Caire,* 77 F.3d 116, 120 (5th Cir. 1996).  "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief."  *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) (internal quotations omitted).

Under Rule 8, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.*  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).

---

[2] Defendants Helton, Milam and McKinney have not responded to Plaintiff's Complaint.   On November 10, 2014, Nieman sent them each a request for waiver of service of summons.   On December 8, 2014, each timely notified Nieman, through the undersigned counsel of record, of his agreement to waive service of the summons.

There are two primary considerations for a court's analysis of the propriety of a motion to dismiss under Rule 12(b)(6). First, the allegations contained in the complaint are to be construed in the plaintiff's favor and all *well-pleaded* facts are to be accepted as true. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Washington*, 953 F. Supp. at 768. However, conclusory statements in a complaint are not to be accorded a presumption of truth. *Kaiser Alum. & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982); *Washington*, 953 F. Supp at 768. Therefore, conclusory allegations and legal conclusions masquerading as factual assertions are not adequate to prevent dismissal for failure to state a claim. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

Second, under *Twombly*, the factual allegations in a complaint must be specific enough to raise a right to relief above the speculative level on the assumption that all of the allegations are true. *Twombly*, 550 U.S. at 555 (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). That is, it is no longer sufficient that relief could be granted under some theoretical set of facts consistent with a complaint's allegations, which was the familiar standard the Supreme Court established in *Conley*. Rather, plaintiffs must "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Therefore, to survive a motion to dismiss made pursuant to Rule 12, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

---

Accordingly, pursuant to Rule 4(d)(3) of the Federal Rules of Civil Procedure, Helton, Milam, and McKinney have until January 9, 2015 to file an answer or motion under Rule 12 to Plaintiff's Complaint.

**B.      The Texas Tort Claims Act and Texas' Election of Remedies Statute**

Like many states, Texas has enacted a limited statutory waiver of its sovereign immunity. *See* Texas Civil Practice and Remedies Code, chapter 101, the Texas Tort Claims Act ("TTCA"). Because plaintiffs frequently sought to avoid the restrictions imposed by the TTCA by suing government employees, in 1985 the Texas Legislature enacted an election of remedies provision that barred any action by a claimant against a government employee whose act or omission gave rise to the claim where there is a judgment or a settlement of a claim involving the same subject matter.[3]   However, as the Texas Supreme Court noted in *Mission Consolidated ISD v. Garcia*, 253 S.W.3d 653 (Tex. 2008), the 1985 amendment did not prevent plaintiffs from pursuing alternative theories against both the governmental unit and its employees prior to obtaining a judgment or reaching a settlement.   *Mission*, 253 S.W.3d at 655-56.   Consequently, governmental units and their employees were required to expend considerable resources defending redundant claims brought under alternative theories of recovery.

In 2003, as part of Texas' comprehensive effort to reform its tort system, the Legislature amended section 101.106 of the TTCA.   That section, entitled "Election of Remedies," now provides:

> (a) The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.

> (b) The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents.

---

[3] *See* Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 1, 1985 Tex. Gen. Laws 3242, 3305, which provided that "[a] judgment in an action or a settlement of a claim under this chapter bars any action involving the same subject matter by the claimant against the employee of a governmental unit whose act or omission gave rise to the claim."

(c) The settlement of a claim arising under this chapter shall immediately and forever bar the claimant from any suit against or recovery from any employee of the same governmental unit regarding the same subject matter.

(d) A judgment against an employee of a governmental unit shall immediately and forever bar the party obtaining the judgment from any suit against or recovery from the governmental unit.

(e) If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

(f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

Tex. Civ. Prac. & Rem.Code Ann. § 101.106; *Mission*, 253 S.W.3d at 656-57.   Under the

TTCA's election scheme, recovery against an individual employee is barred and may be sought

against the governmental unit only in three instances: (1) when suit is filed against the

governmental unit only, *id.* § 101.106(a); (2) when suit is filed against both the governmental

unit and its employee, *id.* § 101.106(e); or (3) when suit is filed against an employee whose

conduct was within the scope of his or her employment and the suit could have been brought

against the governmental unit, *id.* § 101.106(f).  *Mission*, 253 S.W.3d at 657.

## C.    Section 101.106(e) Applies to Nieman's Tort Claims Against Helton, Milam and McKinney

Here, Nieman has sued both the City *and* its employees, McKinney, Helton and Milam.

Therefore, section 101.106(e) of the TTCA applies to Nieman's torts claim against McKinney,

Helton and Milam, and it is unconditional and mandatory.[4]  So long as a plaintiff files suit

---

[4] Per section 101.106(e), the City is the proper movant for a motion made pursuant to section 101.106(e).

against both the governmental entity and its employee(s), a court *must* immediately dismiss the employee(s) upon the filing of a motion such as this one.  All tort theories alleged against a governmental entity, including intentional torts, and whether the governmental entity is sued alone or together with its employees, are assumed to be "under" the TTCA for purposes of section 101.106.  *See Mission*, 253 S.W.3d at 656-57, citing *Newman v. Obersteller*, 960 S.W.2d 621, 622 (1997).

Nieman's Texas common-law tort claims against the City, Helton, Milam and McKinney are set forth in Count V of the Complaint. Specifically, the Complaint alleges:

52.   Plaintiff restates and realleges by reference paragraph 1 through 51, as if fully set forth herein against Defendants Dwaine N. Helton and Michael Milham [sic], Captain John McKinney, City of Dallas as to City of Dallas Fire/EMS, and Dallas as to City of Dallas Fire/EMS [sic].  At times the Defendants operated and acted as part of a for profit medical/ambulance enterprise and at time they acted as a governmental entity.

53.   At the time of Defendants Helton and Milham [sic] encountering Plaintiff Nieman, he was in no particular medical or other distress which justified their actions.  The basic medical tests that they performed upon Plaintiff Nieman against his well quickly revealed that he was in no danger of death or permanent disability so as to justify any request for, and/or action as to, involuntary kidnapping, seizure, capture, physical attack upon, imprisonment, forced sedation, and/or medical treatment of Plaintiff Nieman.

54.   At all relevant times, Plaintiff Nieman refused to give consent for any action by Defendants Helton and/or Milham [sic].  Instead Plaintiff Nieman was sufficiently lucid to inform Defendants Helton and Milham [sic] that he was refusing treatment and/or transport.  At that time, they had a duty to release him and cease any transport or treatment of him, but they refused and failed to do so.  Accordingly, their actions in involuntarily kidnapping, seizure, capture, physical attack upon, imprisonment, forced sedation, and/or medical treatment of Plaintiff Nieman constitute unlawful offenses as to the laws of the State of Texas, including, but not necessarily limited to, battery, false imprisonment.

55.   As a part of their unlawful actions and conspiracy, Defendants Helton and Milham [sic] unlawfully took possession of Plaintiff's wallet and identification and recorded his personal information without his permission

and contrary to his express communicated wishes.  These actions constituted unlawful conversion and invasion of privacy.

56.     As a direct result of the actions of Defendants Helton and Milham [sic], Plaintiff Nieman suffered physical puncture injuries from needles, injuries to his ribs, soft tissue injuries to his arms and torso, and related injury. The actions of Defendants Helton and Milham [sic] also directly and/or indirectly caused and/or contributed to Plaintiff being unable to attend a previously scheduled business meeting on September 15, 2014.  The actions of Defendants Helton and Milham [sic] directly and/or indirectly caused Plaintiff Nieman damages as to lost wages, required redundant travel, and other related damages as to the requirement to re-set such meeting(s) and to travel back to Dallas several weeks later to complete the meetings originally set for September 15, 2014.  Defendants Helton and Milham [sic] are legally responsible for the damages suffered by Plaintiff Nieman.

57.     Because the actions of Helton and Milham [sic] were intentional and/or grossly negligent, committed in malice, and/or outrageous and unacceptable, Defendants Helton and Milham [sic] have subjected themselves to the imposition of significant punitive and/or exemplary damages. Additionally, to the extent that Defendants Helton and Milham [sic] falsely claimed to have followed proper procedure as to involuntary imprisonment and action under Texas Mental Health Code 573, with knowledge of such falsity, Defendants Helton and Milham [sic] are subject to punitive and/or exemplary damages as a result of such fraud.

58.     Defendants City of Dallas, City of Dallas Fire/EMS and Captain John McKinney had a duty to train and supervise Defendants Helton and Milham [sic] so as to prevent the types of abuses, torts, and misconduct which were committed by Defendants Helton and Milham [sic] against Plaintiff Nieman. As Defendants City of Dallas, City of Dallas Fire/EMS and Captain John McKinney had a right and duty to control the actions of Defendants Helton and Milham [sic], they are vicariously liable for the torts of Defendants Helton and Milham [sic] and the damages suffered by Plaintiff Nieman. Because Defendants City of Dallas, City of Dallas Fire/EMS and Captain John McKinney showed reckless indifference as to, and/or subsequently ratified the unlawful, outrageous, fraudulent, malicious, and/or grossly negligent actions of Defendants Helton and Milham [sic] they are vicariously liable for any compensatory, exemplary and/or punitive damages which may be assessed against Defendants Helton and Milham [sic].

(Pl's Compl. at PageID 26-29 ¶¶ 52-58).

Clearly, Nieman's Texas common-law tort claims are alleged against both the City and

Helton, Milam and McKinney; that is, against both the governmental unit and its employees.

Accordingly, Section 101.106(e) applies and, for the foregoing reasons, the Court must grant without delay the City's motion to dismiss Plaintiff's Texas law claims for battery, false imprisonment, invasion of privacy, medical negligence and/or gross negligence, and/or conversion against Defendants Dwaine N. Helton, Michael Milam, and John McKinney.

WHEREFORE, Defendant City of Dallas prays that the Court grant its motion and dismiss all Texas common law tort claims asserted in Plaintiff's First Complaint at Law against Defendants  Dwaine N. Helton, Michael Milam, and John McKinney pursuant to TTCA section 101.106(e).[5]

Respectfully submitted,

WARREN M. S. ERNST
Dallas City Attorney

s/ *Tatia R. Wilson*
Tatia R. Wilson
Senior Assistant City Attorney
Texas Bar No. 00795793
tatia.wilson@dallascityhall.com

James C. Butt
Senior Assistant City Attorney
Texas Bar No. 24040354
james.butt@dallascityhall.com

City Attorney's Office
1500 Marilla Street, Room 7B North
Dallas, Texas 75201
Telephone:     214-670-3519
Telecopier:     214-670-0622

*Attorneys for Defendant City of Dallas,
Texas*

---

[5] Nieman seeks to hold the City liable for Dallas County, Texas, Dallas County Hospital District [d/b/a Parkland Health and Hospital System] ("DCHD") and Parkland Hospital.  (*See* Pl.'s Compl. at PageID 36-38 ¶¶ 74-80.) However, none of the County entities alleged in Plaintiff's Complaint is owned, operated, or under the control of the City, and Plaintiff's Complaint wholly fails to allege facts to the contrary.

## CERTIFICATE OF SERVICE

I certify that on December 22, 2014, I electronically filed the foregoing document with the clerk of the court for the United States District Court, Northern District of Texas, using the electronic case filing system (CM/ECF) of the court which will send notification to case participants registered for electronic notice.   I further certify that I have served all case participants not registered for electronic service by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

s/ *Tatia R. Wilson*
Tatia R. Wilson
Senior Assistant City Attorney