UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON NIEMAN, | § | |
|     Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | |
| | § | 3:14-CV-3897-M-BF |
| THE CONCRETE COWYBOY BAR, et al., | § | |
|     Defendants. | § | |

**DEFENDANT CITY OF DALLAS' MOTION TO DISMISS FEDERAL CLAIMS ALLEGED AGAINST IT IN PLAINTIFF'S COMPLAINT, AND BRIEF IN SUPPORT**

TO THE HONORABLE COURT:

Defendant, City of Dallas, Texas ("City"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Northern District of Texas Local Civil Rules LR 7.1 and LR 7.2, files this motion to dismiss the federal claims alleged against it in Plaintiff's First Complaint at Law (the "Complaint") (Doc. No. 3).

### I.  SUMMARY OF MOTION

Plaintiff, Jason Nieman ("Nieman"), pleads claims against the City pursuant to 42 U.S.C. § 1983 arising from his encounter with City of Dallas Fire-Rescue (DF-R) paramedics/firefighters on September 15, 2014.  According to the Complaint, shortly after midnight on September 15, 2014, Nieman suffered a concussion and other serious injuries after falling down a flight of stairs outside the Concrete Cowboy, a bar/tavern located in the Uptown area of Dallas, Texas. (*See* Compl. at PageID 12-14 ¶¶ 17, 20-22.) Thereafter, DF-R paramedics Dwaine N. Helton ("Helton") and Michael Milam ("Milam") unlawfully seized Nieman without a warrant pursuant to Chapter 573 of the Texas Mental Health Code, battered him by inserting needles and an unauthorized substance into his body and bloodstream, and transported him to Parkland Memorial Hospital without his consent.  (*See* Pl's Compl. at PageID14 ¶ 22.)  The

Complaint alleges further that Helton and Milam unlawfully searched his wallet. (*Id.*) The Complaint alleges further that Dallas police officer Jessica Morrell ("Morrell") failed to intervene and prevent Helton and Milam from subjecting Neiman to an unlawful seizure and battery, and failed to personally transport Nieman to a medical facility in accordance with the requirements of Chapter 573 of the Texas Mental Health Code.

Nieman alleges that the City's employees (Helton, Milam and Morrell) deprived him of his Fourth and Fourteenth Amendment rights to be free from an unreasonable search and seizure, and his right to due process. Nieman alleges that the City is liable under 42 U.S.C. § 1983 because the City and DF-R Captain John McKinney failed to train Helton and Milam, and were deliberately indifferent to Nieman's constitutional rights. Nieman also asserts a claim against the City under 18 U.S.C. §§ 1961 et seq. for alleged violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Nieman seeks compensatory damages, punitive damages, treble damages, permanent injunctive relief, attorney's fees, and costs.

The City is entitled to dismissal of the federal claims pleaded against it because Nieman fails to plead facts sufficient to state a plausible claim. Nieman's well-pleaded factual allegations do not permit this Court to draw a reasonable inference that the City is liable for its employees' alleged wrongdoing, and Nieman's Complaint omits allegations necessary to make the municipal liability claims based upon a City custom plausible. Nieman's allegations as to the City are conclusory assertions of misconduct which are "merely consistent with" municipal liability, and are insufficient to support liability as a matter of law. Further, Nieman fails to plead facts sufficient to establish a RICO claim as a matter of law. For these reasons, the City is entitled to dismissal because Nieman fails to plead a claim upon which relief can be granted.

## II.   ARGUMENT AND AUTHORITIES

### A.   Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a claim if the complaint fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6); *Washington v. United States Dep't of Hous. & Urban Dev.*, 953 F. Supp. 762, 768 (N.D. Tex. 1996).  A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims stated in the complaint, and such a motion must be evaluated solely on the basis of the pleadings.  *Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986); *see also Morin v. Caire,* 77 F.3d 116, 120 (5th Cir. 1996).  "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief."  *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) (internal quotations omitted).

Under Rule 8, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.*  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).

There are two primary considerations for a court's analysis of the propriety of a motion to dismiss under Rule 12(b)(6).  First, the allegations contained in the complaint are to be construed in the plaintiff's favor and all *well-pleaded* facts are to be accepted as true.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Washington*, 953 F. Supp. at 768.  However, conclusory

statements in a complaint are not to be accorded a presumption of truth. *Kaiser Alum. & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982); *Washington*, 953 F. Supp at 768. Therefore, conclusory allegations and legal conclusions masquerading as factual assertions are not adequate to prevent dismissal for failure to state a claim. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

Second, under *Twombly*, the factual allegations in a complaint must be specific enough to raise a right to relief above the speculative level on the assumption that all of the allegations are true. *Twombly*, 550 U.S. at 555 (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). That is, it is no longer sufficient that relief could be granted under some theoretical set of facts consistent with a complaint's allegations, which was the familiar standard the Supreme Court established in *Conley*. Rather, plaintiffs must "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Therefore, to survive a motion to dismiss made pursuant to Rule 12, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

B. **Nieman's Complaint Fails to Plead a Plausible Claim for Relief Against the City Under 42 U.S.C. § 1983.**

1. **Municipal liability under section 1983**

It is well-settled that a municipality cannot be liable under a theory of *respondeat superior*. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Bd. of Comm'rs v. Brown*, 520 U.S. 397, 403 (1997)). Isolated unconstitutional actions by municipal employees will almost never trigger municipal liability. *Piotrowski*, 237 F.3d at 578 (citing *Bennett v. City of Slidell*, 728 F.2d 762, 768 n.3 (5th Cir. 1984)). Rather, to hold the City liable

under section 1983 a plaintiff must establish that an "official policy" of the municipality–and not the policy of an individual city official–was the "moving force" and actual cause of the loss of constitutional rights and any resultant harm. *Piotrowski*, 237 F.3d at 578.

The Fifth Circuit reiterated in *Piotrowski* that, although official policy "is ordinarily contained in duly promulgated policy statements, ordinances, or regulations," it may arise from a *custom*, previously defined by the Fifth Circuit in *Webster v. City of Houston* as

> a persistent, widespread practice of City officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy.

*Piotrowski*, 237 F.3d at 579 (citing *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984)). However, it is not sufficient that a plaintiff simply offer the bare assertion that there was a custom having the force of municipal policy. *Piotrowski* requires the plaintiffs to specifically identify the official policy (custom) that is alleged to have caused the constitutional harm. *Piotrowski*, 237 F.3d at 579-80.

Absent a facially unconstitutional policy or custom, municipal liability under section 1983 can only arise from a custom having the force of official policy if the municipal policy-makers were deliberately indifferent to the "'known or obvious consequences' that constitutional violations would result" from the custom. *Piotrowski*, 237 F.3d at 579. "For an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005). Thus, a sufficient complaint must provide adequate "factual content" to make deliberate indifference by the City's official policymakers not merely conceivable, but plausible in the context of the facts alleged. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Similarly, a *Monell*[1] claim based upon a "policy" of inadequate training requires proof of "deliberate indifference" to the rights of persons with whom the government official will come into contact. *See e.g., City of Canton v. Harris*, 489 U.S. 378, 388 (1989) (addressing claim based on policy of inadequate police training). Thus, to plead a *Monell* claim based upon alleged City customs of deficient training, a plaintiff must plead *facts* supporting deliberate indifference by the City's final policymakers to a specific inadequacy in the City's training. Nieman has failed to plead such facts.

### 2. Nieman's Complaint fails to plead the identity of the City's policymaker.

The first of the three attribution principles for municipal liability under section 1983 is a policymaker. *Piotrowski*, 237 F.3d at 578. This Court has determined that a plausible municipal liability complaint must plead the identity of the final municipal policymaker. *See Davenport v. City of Garland*, No. 3:09cv798-B, 2010 WL 1779620 (N.D. Tex. Apr. 9, 2010), *accepted by* 2010 WL 1779619 (N.D. Tex. Apr. 30, 2010). In *Davenport*, the plaintiff, like Nieman, failed to name the City's final policymaker and this Court determined that such failure was one of several pleading defects that rendered the plaintiff's claim implausible. *Davenport*, 2010 WL 1779620, at *3-4 (finding that although plaintiff made complaints against the City's policies, he failed to name the final policymaker or state any facts which would allow the Court to make that determination, therefore, making claim facially implausible).

Here, Nieman's Complaint suffers from the same pleading defect that rendered the complaint legally insufficient in *Davenport*. Nowhere in Nieman's Complaint does Nieman identify the City's final policymaker to whom the Court could attribute knowledge of the alleged City customs that Nieman asserts led to a deprivation of his constitutional rights, coupled with

---

[1] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) (holding that municipal governments are "persons" subject to liability under 42 U.S.C. § 1983).

deliberate indifference to a risk of such deprivations. (*See* Complaint.) Likewise, nowhere in his Complaint does Nieman plead any *facts* whatsoever that would allow this Court to determine the policymaker's identity. The Court should, therefore, dismiss Nieman's *Monell* claims against the City pursuant to Rule 12(b)(6) for failure to plead a plausible claim for relief.

### 3. Nieman fails to plead facts supporting the existence of a City custom.

The second of the three attribution principles for municipal liability under section 1983 is the existence of an official municipal policy. *Piotrowski*, 237 F.3d at 578. Nieman's allegations against the City are set forth in paragraphs 59 through 62 and, arguably, paragraphs 76 through 78 of the Complaint.[2] (*See* Pl's Compl. at PageID 29, 35 ¶¶ 59-62, 76-78). Nieman's allegations fall squarely within that class of conclusory allegations described by the Supreme Court in *Twombly* and *Iqbal* as "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 1949 (quoting *Twombly*, 550 U.S. at 557). Nieman fails to identify *any* written City policy that is facially unconstitutional. Likewise, Nieman fails to plead any *facts* on which this Court could make a reasonable inference of a "persistent, wide-spread practice" of the Dallas Police Department's or Dallas Fire-Rescue Department's excessive and/or unjustified use of Chapter 573 of the Texas Mental Health Code. That defect alone renders Nieman's pleading no more than a "'naked assertion' devoid of 'further factual enhancement,'" which is not entitled to any presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Nieman's pleadings moreover are unsupported by *facts* that would permit this Court to make a rational inference of liability. Nieman pleads only the one instance of an alleged

---

[2] Nieman purports to assert *Monell* claims against the City based on an unspecified relationship between the City, Dallas County, Texas, Dallas County Hospital District [d/b/a Parkland Health and Hospital System] ("DCHD"), and Parkland Hospital. (*See* Pl.'s Compl. at PageID 35 ¶¶ 76-78.) None of these County entities is owned, operated, or under the control of the City and Nieman's Complaint wholly fails to allege facts to the contrary.

excessive or unjustified use of Chapter 573 of the Texas Mental Health Code (Apprehension by Peace Officer Without Warrant) to "capture, batter, restrain, sedate and/or participate in the transportation of persons contrary to their federal rights," and "improper use of physical and/or chemical restraints and sedation to forcib[ly] imprison, detain, and/or to render unconscious persons who legitimately refuse and/or refused medical treatment. (*See* Pl's Compl. at 29 ¶ 61.) A single incident, such as Nieman pleads in his Complaint, is as a matter of law insufficient to give rise to a custom. *See, e.g., Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992) ("isolated violations are not the persistent, often repeated constant violations that constitute custom and policy"); *Piotrowski*, 237 F.3d at 581 ("A customary municipal policy cannot ordinarily be inferred from single constitutional violations."). Thus, as a matter of law Nieman fails to plead a plausible claim premised upon the existence of a City custom of unlawful seizures conducted pursuant to Chapter 573 of the Texas Mental Health Code.

Although not specifically alleged, Nieman appears to plead that the City's undefined failure to train employees on the proper use of Chapter 573 caused him to be unlawfully seized, sedated, and transported to a medical facility without his consent. (*See* Complaint at PageID 29 ¶ 60-62.) Nieman's allegation is insufficient and fails to state a facially plausible claim for the same reason Davenport's pleadings were insufficient: it is a purely conclusory allegation unsupported by any facts that render the ultimate conclusion plausible.

The Complaint is also deficient because Nieman fails to allege any facts from which the Court may reasonably infer the City's policymaker was actually or constructively aware of the alleged unlawful custom alleged in Plaintiff's Complaint. Nieman further fails to plead facts from which this Court may reasonably infer deliberate indifference on the part of the City's final policymaker. Thus, Nieman's Complaint is fatally deficient for these additional reasons.

In sum, Nieman's Complaint fails to plead the identity of the City's final policymaker responsible for the alleged misconduct of the City's employees; fails to plead facts sufficient to support an inference of the existence of a persistent and widespread custom having the force of official City policy; fails to plead facts sufficient to support an inference of deliberate indifference, and fails to plead facts sufficient to support a rational inference of legal causation. Therefore, the Court should dismiss Nieman's section 1983 claim as to the City for failure to state a claim upon which relief can be granted.

**B.      Nieman's Complaint Fails to Plead a Plausible Claim for Relief Against the City Under the RICO Act, 18 U.S.C. §§ 1961 *et seq*.**

Nieman asserts a claim against the City under the Racketeer Influenced Corrupt Organization Act (RICO), 18 U.S.C. §§ 1961 et seq., based on the predicate acts of using the mail system and/or electronic means "to send ten (10) or more fraudulent invoices/bills for alleged but fraudulent services" in an attempt to collect or receive money from Nieman's insurance carrier or from Nieman personally. (*See* Pl.'s Compl. at PageID 40-41 ¶¶ 85-86.) To prevail in a RICO suit, a plaintiff must demonstrate an injury to business or property. 18 U.S.C. § 1964(c); *Sedima S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985) ("[T]he plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property."). The phrase "injury to business or property" excludes personal injuries. *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 422 (5th Cir. 2001) (citing *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339 (1979)). Here, Nieman's Complaint does not allege an injury to business or property; it alleges only personal injuries. Therefore, Nieman's RICO claim against the City fails as a matter of law.

### III.   CONCLUSION

Nieman's allegations in his Complaint do not state a plausible claim for relief against the City under 42 U.S.C. § 1983.  Nieman's allegations are vague and conclusory, and do not provide factual content beyond labels, conclusions, and a formulaic recitation of the minimal elements of section 1983 municipal liability claim.  Nieman fails to identify the City's final policymakers who would be responsible for the unlawful customs alleged, and Nieman fails to allege facts that allow a reasonable inference that any City custom having the force of official policy was the moving force and actual cause of Nieman's alleged injuries.  As a result of the lack of factual content in Nieman's Complaint, his section 1983 claim lacks facial plausibility because the Court cannot draw the reasonable inference that the City is liable for the misconduct and damages that Nieman alleges.  In addition, Nieman's allegations in his Compliant fail to state a plausible RICO claim against the City because Nieman wholly fails to allege facts which show, or allow the Court to make a reasonable inference that, he suffered an injury to his business or property.  Accordingly, the City is entitled to dismissal of Nieman's federal claims against it pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

WHEREFORE, Defendant City of Dallas prays that the Court dismiss Plaintiff's federal claims against it, and that the Court grant the City all such other and further relief to which the City is entitled.

Respectfully submitted,

WARREN M. S. ERNST
Dallas City Attorney

s/ *Tatia R. Wilson*
Tatia R. Wilson
Senior Assistant City Attorney
Texas Bar No. 00795793
tatia.wilson@dallascityhall.com

James C. Butt
Senior Assistant City Attorney
Texas Bar No. 24040354
james.butt@dallascityhall.com

City Attorney's Office
1500 Marilla Street, Room 7B North
Dallas, Texas 75201
Telephone:   214-670-3519
Telecopier:  214-670-0622

*Attorneys for Defendant City of Dallas, Texas*

## CERTIFICATE OF SERVICE

I certify that on December 22, 2014, I electronically filed the foregoing document with the clerk of the court for the United States District Court, Northern District of Texas, using the electronic case filing system (CM/ECF) of the court which will send notification to case participants registered for electronic notice. I further certify that I have served all case participants not registered for electronic service by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

s/ *Tatia R. Wilson*
Tatia R. Wilson
Senior Assistant City Attorney