THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| Jason Nieman, | ) |
| | ) |
| Plaintiff | ) Case No: 3:14 cv 3897 |
| | ) |
| vs. | ) Judge: Hon. Barbara M.G. Lynn |
| | ) |
| The Concrete Cowboy Bar, Jonathan Valz, | ) Magistrate Judge: Hon. Paul D. Stickney |
| John Does 1-4, City of Dallas, TX, John | ) |
| McKinney, Dwaine N. Helton, Michael | ) |
| Milham, Jessica L. Morrell, Dallas County, | ) |
| Texas, Dallas County Hospital District (d/b/a | ) |
| Parkland Health and Hospital System), | ) |
| Amanda Garcia, RN, Jane Ellen O'Connell, | ) |
| M.D., Katherine M. Mapula, RN | ) |
| Catherine Lewis Neal, MD, Luis Roman | ) |
| Tavaras, MD, Kristie Louann Brown, RN, Dr. | ) |
| Alexander Eastman, M.D.,  Dr. Gina Sims, | ) |
| M.D., Dr. Jeffrey Pruitt, M.D. | ) |
| Dr. Nhan Le, M.D., Dr. Kyle Molberg, M.D., | ) |
| Dr. Suhny Abbara, M.D., Dr. Anthony | ) |
| Whittemore, M.D. | ) |
| | ) |
| Defendants | ) |
| | ) |

## PLAINTIFF'S RESPONSE AND OPPOSITION TO THE MOTION TO DISMISS OF DEFENDANT CITY OF DALLAS [DKT. 14]

Comes now Plaintiff Jason Nieman, pro se, responding to the recently filed motion to dismiss [Dkt. 14, 12/22/2014] of the City of Dallas.  For these reasons Plaintiff either opposes the Defendant's motion, at least in part, to the extent that the Court does agree that it has been rendered moot by the Plaintiff's filing of his *1st Amended Complaint.*  Plaintiff has corrected the case style to reflect the *1st Amended Complaint* and corrected and/or removed Defendants.

Plaintiff certifies this pleading compliant with Local Rule 7.1, and 7.2, including the page and formatting limitations of L.R. 7.2(c), (d).   This pleading is 10 pages, excluding the Certificate of Service.

## RELEVANT PROCEDURAL HISTORY

As the Court is aware, local rules 7.1(b) and (h) sets forth that any motion that is brought must include a certificate of conference explaining whether or not a conference was held prior to filing, whether or not the motion is opposed or not, and it no conference was held, why it was not possible to confer.  Similarly, Fed. R. Civ. P. 11 requires parties to undertake reasonable investigative efforts prior to instituting litigation, where possible.   The various defendants in this action cannot dispute that Plaintiff used extraordinary diligence and discretion in attempting to interact and confer prior to instituting litigation.  Notice of claim was provided to all relevant parties within days of the incidents (September 14, 15, 2014).  Thereafter, Plaintiff sought dialogue and interaction with each Defendant set to try and resolve the various disputes.  The need for assertive action by the Plaintiff (litigation) was primarily driven by the short statute of limitations under the Texas Tort Claims Act ("TTCA"), Tex. Civ. Prac. & Rem. Code § 101 et seq., coupled with the actions of several defendants (City of Dallas/Fire EMS, DCHD, UTSW) seeking to bill the Plaintiff for unauthorized activities and/or services.

In an exercise of utmost diligence, Plaintiff sent each known party a copy of the drafted original complaint on or about October 8, 2014, seeking response as to any aspect deemed improper, false, or objectionable.  (See copy of email thread example, at response exhibit A). Plaintiff received no objection from any party as to the content of the proposed litigation.

Rather than immediately filling suit thereafter, Plaintiff continued to try and confer with the various Defendants via their attorneys or agents.  In particular, Plaintiff repeatedly sought justification from the City of Dallas (Fire/EMS Division), DCHD/Parkland and UTSWMC and/or the doctors associated with it as to under what justification Plaintiff and/or his health

insurer were being billed for unauthorized charges and/or actions by their independent contractors and/or employees.  Little to no response was ever received as to such efforts.

As the record shows, after working for several weeks, and with the various entities still sending him bills, Plaintiff believed he had no viable alternative but to file the present litigation. Plaintiff informed the Defendants of this action and again noted that no party had objected to the content of the proposed litigation.  (See email thread example of 10/30/2014 at opposition exhibit B, attached).  That same day, City of Dallas attorney Tatia R. Wilson sent Plaintiff a letter stating, in relevant part, that because litigation was being filed that she was recommending that Plaintiff's "claim against the City be denied and our claim file on this matter closed." (See copy of letter attached as opposition exhibit C).

On December 22, 2014 Plaintiff contacted the various Defendants and asked if the parties could try and resolve the disputes, primarily by way of City of Dallas (Fire/EMS), DCHD/Parkland and UTSW agreeing to discontinue attempts to bill the Plaintiff for unauthorized charges and to return the monies which were billed to and secured from Plaintiff's health insurer (United Health Care) without authorization.  Plaintiff intended to hold any amended complaint and/or response to the dispositive motions to give the parties time to try and confer, and perhaps amicably conclude the disputes.  Such efforts appear to be consistent with the letter and/or spirit of local rule 16.3. These efforts have borne little, if any, fruit.

However, on December 23, 2014 Plaintiff received a number of threatening emails from Jason Schuette, assistant attorney for the City of Dallas.  (See copies attached as response exhibits D, E).  While refusing to negotiate and similarly refusing to justify the City's position in any way, Mr. Schuette threatened to "seek to recover every penny of its costs and attorney's

fees" if the Plaintiff did not immediately abandon this action as to "the City and/or its employees" in all aspects.  (See Ex. E, at paragraph 4).

Certainly, Municipal defendants like the City of Dallas do have to endure a certain number of frivolous claims.  Sanctions in their various forms help to provide balance to the system so that municipal resources are not unduly impaired by frivolous actions. But the Court is also aware that the term "frivolous" is often overused.  In *Merced v. City of Euless,* No. 4:06 cv 891 (N.D. Tx. April 23, 2008) this Court provided an excellent analysis of the difference in denying a municipal defendants motion for 1988 defendant's fees, in relevant part:

> *"The plaintiff's action must be meritless in the sense that it is groundless or without foundation. The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for assessment of fees." Hughes, 449 U.S. at 15-16.*

> *The fact that the plaintiff's unsuccessful claim deserved and received the careful consideration of the district court is a factor indicating that denial of a claim for attorney's fees is appropriate. Hughes, 449 U.S. at 15-16. As the Fifth Circuit explained in State of Mississippi:*

> *While plaintiffs prevailing under 42 U.S.C. § 1988 are entitled to attorneys' fees unless special circumstances would render an award unjust, prevailing defendants are entitled to attorney fees only when a plaintiff's underlying claim is frivolous, unreasonable, or groundless. We review frivolity by asking whether the case was so lacking in merit that it was groundless, rather than whether the claim was ultimately successful. The factors important to frivolity determinations are (1) whether plaintiff established a prima facie case, (2) whether the defendant offered to settle, and (3) whether the district court dismissed the case or held a full-blown trial."*

See also *Fox v. Vice,* 563 U.S. _____ (2011) (where the U.S. Supreme Court confirmed that even where some judicially determined frivolous causes are intermingled with non-frivolous causes, only those expenses and/or costs that would not have been incurred but for the frivolous causes could be sought.)  Thus far, the only arguments against Plaintiff's allegations and/or causes of action by the various Defendants have been assertions of insufficient pleading or affirmative (sovereign /governmental immunity/ 11th Amendment) defenses.  City of Dallas also have refused access to most, if not all, information such as police reports, 911 dispatch

reports or tapes, internal investigations, and so on.  Plaintiff has asked for such information, including by way of formal FOIA request.  If the facts or causes are truly "frivolous", City of Dallas should reasonably be expected to produce such non-privileged information to support such a position to Plaintiff as to its threats and/or demands that causes be withdrawn.

Thereafter, Tatia Wilson appeared to resume control on the case on behalf of the City of Dallas Defendants.  Ms. Wilson provided no specific objection to the proposed *1st Amended Complaint* and simply provided a response noting a plan to file a Rule 12 motion of unstated specific basis.  (See motion exhibit F, attached).  The only other noted response was from Andy Messer, counsel for the DCHD/Parkland individual Defendants, noting that he was not sure if any of the new individual Defendants were proper and noting that he would need some time to investigate (12/31/2014).  Plaintiff responded noting that their names were taken from the medical records and/or references of similar facts/allegations before this Court, such as from following cases; *Lord v. Thompson,* 3:11 cv 03241 (N.D. Tex.), *Pena v. DCHD (Parkland),* 3:12 cv 439 (N.D. Tex), and *Pogue v. City of Dallas*, 3:13 cv 4702 (N.D. Tex.).  No further response or objection was noted.  As such, Plaintiff is filing his amended complaint in good faith after attempting to confer with all Defendants/counsel and after exhausting negotiations and settlement efforts at this phase.

### ARGUMENT

As the Court is aware, Plaintiff has filed his *1st Amended Complaint* timely, pursuant to the terms of Fed. R. Civ. P. 15(a)(1)(B) (within 21 days after first service of a Rule 12 motion). Defendant UTSW filed a Rule 12(b)(1) motion [Dkt. 11] on December 22, 2014.  While Plaintiff considered filing a motion seeking leave to amend, he elected not to because of the very limited nature of any objection by Defendants' counsel after receipt of said draft pleading.

As the Court is also aware, the filing of the amended complaint supersedes the original and renders it a nullity. *See*, *e.g.*, *Purkey v. Marberry*, 2010 U.S. App. LEXIS 14362 (7th Cir. 2010); *Klyce v. Ramirez*, 852 F.2d 568 (6th Cir. 1988); *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.") (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir.1985)).  The weight of authority states that filing of an amended complaint renders a pending motion to dismiss moot.  *See, e.g., McDonald v. Equifax,* 3:08 cv 0547 (N.D. Tex. Dec. 8, 2008).  Notwithstanding, Plaintiff considered the arguments when amending his pleadings.

First of all, the City of Dallas argued that the 42 U.S.C. 1983 arguments against it were insufficiently pled as to the level of detail required.  Plaintiff has amended the operative complaint in good faith to identify A.C. Gonzales, City Manager, as final decision-maker for the decision and policy types at issue.  Conversely, as to the actions of the Dallas Fire/EMS Defendants (Dwaine N. Helton, Michael Milam) has removed John McKinney as a Defendant and identified policymaker.

*In Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001), the court stated:

*"Under the decisions of the Supreme Court and this court, municipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose "moving force" is the policy or custom. Monell v. Dep't. Of Social Sciences, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037 (1978).16 Monell and later decisions reject municipal liability predicated on respondeat superior, because the text of section 1983 will not bear such a reading. Bd. of Comm'rs of Bryan County v. Brown, 520 U.S. 397, 403, 117 S.Ct. 1382, 1388 (1997). Consequently, the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur;17 isolated constitutional actions by municipal employees will almost never trigger liability. Bennett v. City of Slidell, 728 F.2d 762, 768 n.3 (5th. Cir. 1984), cert. denied, 472 U.S. 1016 (1985); McKee v. City of Rockwall, 877 F.2d 409, 415 (5th Cir. 1989), cert. denied, 493 U.S. 1023"*

Plaintiff believes that by virtue of his good faith amendments he has now credibly and sufficiently pled *Monell* causes against Defendant City of Dallas as to the actions of the police and fire/EMS departments.  The final policymaker has been identified as A.C. Gonzales, City Manager, the position which has generally been deemed by this Court to be the final decision-maker for the City of Dallas, TX.  *See, e.g., Mosser v. Haney,* 3:03 cv 2260 B (N.D. Tex., June 17, 2005).  See also *Bolton v. City of Dallas, Tex.,* 541 F.3d 545 (5th Cir. 2008).

Similarly, the nature of the believed official policies that directly led to constitutional violations has been pled in good faith after an exhaustive search to locate actual policies. (Plaintiff notes that he did locate a similar indicated official policy, at least in part, as to UTSW. A copy of that policy is attached to the *1st Amended Complaint* as complaint exhibit A).  Plaintiff has credibly pled that his injuries and/or the constitutional violations committed against him were caused by an unconstitutional policy and/or that the policy was promulgated with deliberate indifference to the known or obvious consequences that constitutional violations would result.  In the alternative, Plaintiff has pled that the actions of the DPD and/or DFD/EMS officials resulted from persistent or widespread practices, whether or not officially authorized, to represent municipal policy.  Either official policy or unofficial practices have been credibly pled as the "moving force" behind the constitutional violations present.  This is both factually credible and sufficient to meet the pleading standard. *See, e.g., Jackson v. Sheriff of Ellis County, Tex,* 154 F.Supp.2d 917 (N.D. Tex. 2001), *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995), *quoting Webster v. City of Houston*, 735 F.2d 838,841 (5th Cir. 1984). See also *Piotriowski.*

Plaintiff has also credibly pled an alternative basis for municipal liability based upon failure to adequately train fire/EMS and/or police officers.  As the Court knows, the failure to

train municipal employees also may constitute a policy when it "reflects a `deliberate' or `conscious' choice by a municipality." *City of Canton v. Harris,* 489 U.S. 378, 389 (1989). Thus, although municipalities are not normally liable for inadequate training of employees, failure to properly train is an actionable policy under Section 1983 if, "in light of the duties assigned to specific officers or employees, the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *Id.* at 390.   To prevail on a "failure to train" theory under Section 1983, a plaintiff must demonstrate: (1) that the municipality's training procedures were inadequate; (2) that the municipality was deliberately indifferent in adopting its inadequate training policy; and (3) that the inadequate training policy directly caused the violations in question. *Zarnow v. City of Wichita Falls, Tex,* 614 F.3d (5th Cir. Aug. 9, 2010).  Plaintiff believes he has met this standard accurately and in good faith.

Next, the City of Dallas argues that the causes of action under the Racketeer Influenced Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq. The sole basis of argument is the lack of allegation of property damage.  Plaintiff believes that he has properly pled such causes. However, after further review of the issues and federal and state of Texas statues and case law, Plaintiff believes it is most proper to remove this count as to all Defendants.  Plaintiff has modified these allegations so as to only seek injunctive relief against certain Defendants seeking return of monies to Plaintiff and/or his health insurer, and/or permanent cessation of such billing and/or collection efforts, and to remove specific causes under RICO.

The Court is also aware that Texas has somewhat unusual sovereign immunity statutes and case law.  Case law from Texas and the Texas federal courts (including this one) shows that

even licensed attorneys in Texas struggle with the nuances of the Texas Tort Claims Act ("TTCA"), Tex. Civ. Prac. & Rem. Code § 101 et seq.  This is particularly true as to section 101.106 as well as the various aspects of affirmative waiver of sovereign immunity.

As the Court is also aware, the City of Dallas has *not* attempted to assert the defense of governmental immunity on behalf of itself, but only as to its employees.  The State's potential immunity is referred to as sovereign immunity, while that of political subdivisions of the State is referred to as governmental immunity. *Reata Constr. Corp. v. City of Dallas,* 197 S.W.3d 371, 374  (Tex. 2006).  "'Sovereign immunity protects the State from lawsuits for money damages.'" *Id,* quoting *Tex. Natural Res. Conservation  Comm'n v. IT–Davy*, 74 S.W.3d 849, 853 (Tex. 2002).  Sovereign immunity (under the 11th Amendment to the U.S. Constitution) also is generally noted to preclude only money damages. Governmental immunity from suit defeats a trial court's subject matter jurisdiction and is properly asserted in a plea to the jurisdiction.  *Tex. Dep't of Criminal Justice v. Hawkins*, 169 S.W.3d 529, 531 (Tex.App.-Dallas 2005, no pet.).

However, The Texas Tort Claims Act (TTCA) provides a limited waiver of governmental immunity when "use" of property is involved.   Tex. Civ. Prac. & Rem.Code Ann. §  101.001-.109 (Vernon 2005).    The "use" provision reads as follows: *A governmental unit in the state is liable for  personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law*. In the original and/or *1st Amended Complaint* Plaintiff has properly pled non-deminimus physical injury by use of restraint implements and/or human force by Defendants Milam and/or Helton.  That property was used and caused injury is sufficient to plead a waiver of immunity.  *See, e.g., Dallas County v. Alejo*, 243 S.W.3d 21, 27 (Tex.App.-Dallas 2007, no pet.).

As the Court is aware, there is extensive case law that suggests that simple medical negligence or judgment in medical or related treatment may not be sufficient to justify a finding of waiver of immunity. *Tex. Dep't of Criminal Justice v. Miller,* 51 S.W.3d 583, 588 (Tex.2001). However, in this case it has been properly and accurately pled (and not disputed by any Defendant) that Plaintiff not only did not consent to any transport, physical manipulation or medical treatment, but that he consistently refused such actions and asked to be released. Additionally, the request for injunctive relief (to prevent further attempts by Defendants to bill Plaintiff for unauthorized charges/services) does not appear to be the type of relief covered by the TTCA nor precluded by the 11th Amendment.

Accordingly, Plaintiff believes he has sufficiently pled causes and/or waiver of immunity to survive the initial review and/or dispositive phase. However, Plaintiff has removed the state tort causes as to the City of Dallas individual Defendants in light of the election of remedies section which he was not previously aware of. See TTCA at 101.106(e).

## CONCLUSION

Plaintiff has acted in good faith in amending his operative complaint so as to correct any actual and/or alleged defects, as appropriate. Accordingly, Plaintiff asks the Court to deny Defendant's *Motion to Dismiss* as moot, and/or on the merits.

Respectfully submitted this January 9, 2015

/s/ Jason Nieman
Jason Nieman, *Pro Se*
1700 Windycrest Drive
Springfield, IL 62704
217 836 7126
Nieman46804@yahoo.com

## **CERTIFICATE OF SERVICE**

Jason Nieman, *pro se*, certifies that on this date (January 9, 2015) he electronically filed a true and correct copy of this pleading and exhibits with the clerk of the court for the Northern District of Texas, at Dallas, by way of the Court's ECF/CM system.  A Judge's paper copy of all items were mailed to the Court on this date, as required to the Court at 1100 Commerce Street Room 1572, Dallas, Texas 75242-1003.

The following Defendant(s) have appeared by counsel and should receive copies of this pleading and supports by way of the ECF/CM system:

Tatia R. Wilson, James Butt (Asst. City Attorneys)
Dallas City Attorney's Office
1500 Marilla Street, 7CN, Dallas, Texas 75201
Tel:  214-671-9553
tatia.wilson@dallascityhall.com, james.butt@dallascityhall.com
*Counsel for The City of Dallas Defendants*

Eric A. Hudson, Assistant Attorney General
Financial Litigation, Tax, Charitable Trusts Division
P.O. Box 12548, Austin, Texas 78711-2548
Telephone: (512) 936-6417, FAX: (512) 478-4013
eric.hudson@texasattorneygeneral.gov
*Attorney for University of Texas Southwestern Medical Center*

Wm. Andrew Messer, Esq., Jennifer DeCurtis, Esq., Brett Gardner, Esq.
Messer, Rockefeller, & Fort PLLC
6351 Preston Rd., Suite 350, Frisco, TX 75034
972.668.6400 (P), 972.668.6414 (Fax)
andy@txmunicipallaw.com, jennifer@txmunicipallaw.com, brett@txmunicipallaw.com

*Counsel for Katherine Mapula, Catherine Lewis Neal, Luis Roman Tavaras, Kristie Louann Brown, Amanda Garcia and other related Parkland Individual Defendants.*

None of the remaining named Defendants have yet filed an entry of appearance in this case.  However, in light of the nature of the information contained in this report as to several Defendants and/or Defendant sets, Plaintiff has forwarded copies of the pleadings and exhibits to the following representatives (via electronic mail):

Joshua D. Kornely, Esq., Joan Parma, Esq.
Watson, Caraway, Midkiff & Luningham, LLP
1600 Oil & Gas Building, 309 W. 7th Street, Fort Worth, Texas 76102
817.870.1717, Fax 817.338.4842
JKornely@watsoncaraway.com, JParma@watsoncaraway.com
*Counsel for Defendant Dallas County Hospital District*

Philipa M. Remington, Esq.
Thiebaud, Remington, Thornton, Bailey, LLP
1445 Ross Ave., Suite 4800, Dallas, TX 75202
214 954 2210
Premington@trtblaw.com

*Counsel for Defendants Ellen O'Connell, Alexander Eastman, Gina Sims, Jeffrey Pruitt, Nhan Le, Kyle Molberg, Suhny Abbara, and Anthony Whittemore and related UTSW Individual Defendants*

Defendants Concrete Cowboy and Valz have apparently refused to waive service under Rule 4(d), and appear to be resisting service of summons.  As such, they, and Defendant Taylor have been properly served with a copy of this pleading via U.S. Priority Mail with Tracking and Delivery/Signature Confirmation to their registered agency address (Texas):

Concrete Cowboy (E Streets Investments, LLC), Johnathan Valz, Rico Taylor
2500 N. Houston St., Suite 2501
Dallas, TX 75219

/s/ Jason Nieman
Jason Nieman, Pro Se
1700 Windycrest Drive
Springfield, IL 62704
217 836 7126
Nieman46804@yahoo.com