| | |
|---|---|
| Subject: | RE: Activity in Case 3:14-cv-03897-M-BF Nieman v. The Concrete Cowboy Bar et al Motion to Dismiss (Pltf Attempt At Negotiations / Conclusion) - Response to Sanctions Threat of Jason Schuette |
| From: | Schuette, Jason (Jason.Schuette@dallascityhall.com) |
| To: | nieman46804@yahoo.com; |
| Cc: | tatia.wilson@dallascityhall.com; |
| Date: | Tuesday, December 23, 2014 6:22 PM |

Mr. Nieman ,

I will make this a brief response to your e-mail below, as I do not foresee that a comprehensive, point-by-point response will dissuade you from the path that you have taken.

What you term a "threat" is merely a clear statement of my clients' settlement position. We have rejected your proposal, as you have rejected ours. If your assessments of the facts and law are correct, then you have nothing to worry about insofar as an adverse judgment for attorney's fees. As for whether the City may recover attorney's fees under 42 U.S.C. § 1988 for the defense of its employees, I have obtained exactly that relief, and the judgment against the plaintiff was entered by the same United States District Judge who presides over this litigation.

As to whether your claims are frivolous or lack factual or legal merit, those issues will be decided as the litigation progresses. I have neither the time nor the inclination to detail for you in an e-mail the myriad reasons why your claims against my clients are baseless. That being said, you might pause to consider – just by way of one example – how an off-duty police officer is legally obligated to you to ensure that a third party doesn't spike your drink (assuming that is what actually happened).

That leaves "amicable settlement." I have already tendered you my clients' proposal for an amicable settlement: you may walk away from your misguided lawsuit without incurring the risk of further expense if you desist now. In other words, the City of Dallas is unwilling to pay you any money, and if you continue with this lawsuit against the City and/or its employees, the City will seek to recover from you every penny of its costs and attorney's fees. It is my hope that by stating unambiguously the City's position I will have served the relevant purpose of eliminating any false hopes that you may have that the City will pay even a "nuisance" settlement.

**J. G. Schuette**

Executive Assistant City Attorney

214.670.1236 (direct)

---

**From:** Jason Nieman [mailto:nieman46804@yahoo.com]
**Sent:** Tuesday, December 23, 2014 12:15 PM
**To:** Schuette, Jason
**Cc:** Wilson, Tatia; Jason Nieman
**Subject:** Re: Activity in Case 3:14-cv-03897-M-BF Nieman v. The Concrete Cowboy Bar et al Motion to Dismiss (Pltf Attempt At Negotiations / Conclusion) - Response to Sanctions Threat of Jason Schuette

Thank you. With all due respect, I do not believe that your threat is either appropriate or justified.

First of all, I believe Ms. Wilson will agree that prior to filing the operative complaint I sent her a final draft copy. I am very mindful of Fed. R. Civ. P. 11 and the state law equivalent. I also did my best to investigate, including by way of a FOIA request to DPD. At every turn my good faith efforts were thwarted or ignored. But it is also true that no defendant or representative asserted in any way that any aspect of the pled allegations were frivolous.

As you also know, several defendants have appeared. None of the pled motions suggest that the allegations are frivolous in any way, only that certain affirmative defenses may apply and/or that the pleadings are insufficient at this point.

For example in Pogue v. City of Dallas et al. (3:13 cv 04702 B) the Court recently (8/2014) granted the City's motion to dismiss while granting leave to amend as to the types of alleged pleading defects the City of Dallas has alleged as to the operative complaint.

But I also note that the various dispositive motions seek only partial dismissal of certain aspects. This does not support any assertion that the allegations are so utterly without merit to justify prevailing party defendant fees under 42 U.S.C. 1988, based upon my research. See e.g. *Fox v. Vice* (2001).

I would also ask you to clarify exactly why you believe the allegations are frivolous, rather than making broad and conclusory statements, without support. Additionally, can you explain exactly how city employees such as yourself and Ms. Wilson could seek "attorney's fees"? From my experience this is not possible even in the unlikely event that the court were to deem the allegations against one or more of the City of Dallas Defendants as frivolous in whole or part.

For what it is worth, now that the City has clarified and confirmed the nature of its responsibility for the police and fire departments I have no objection to removing those parties from the amended complaint that will be filed (unless the case is amicably concluded). The rest of the issues appear to be a matter of simple good faith pleading modification, including election of remedies/parties as defendant sets such as DCHD and UTSWMC.

If you do not wish to try and end these disputes amicably, that is your choice, though I do believe that you have a duty to actually communicate the offers to the respective parties, including the individual defendants. But unless you have a legitimate basis to make such threats I would ask that you discontinue them as I do not believe they serve any relevant purpose other than to make interactions between the parties more difficult than they need to be.

Sincerely,

Jason Nieman

Plaintiff Pro Se

217 836 7126

---

**From:** "Schuette, Jason" <Jason.Schuette@dallascityhall.com>
**To:** Jason Nieman <nieman46804@yahoo.com>
**Cc:** "Wilson, Tatia" <tatia.wilson@dallascityhall.com>
**Sent:** Tuesday, December 23, 2014 10:50 AM
**Subject:** RE: Activity in Case 3:14-cv-03897-M-BF Nieman v. The Concrete Cowboy Bar et al Motion to Dismiss (Pltf Attempt At Negotiations / Conclusion)

Mr. Nieman,

Thank you for your e-mail. The City of Dallas defendants decline your settlement offer. We do not believe that your claims against the City defendants have any merit or settlement value. Rather, we believe that your claims already expose you to substantial risk of an adverse judgment for the City defendants' attorney's fees, in addition to costs of suit. Nonetheless, if you **immediately** agree to dismiss all of the claims against the City defendants, we will not seek those attorney's fees and costs. However, if you persist in your groundless litigation, my clients will seek all relief available to them.

**J. G. Schuette**
Executive Assistant City Attorney

214.670.1236 (direct)

---

**From:** Jason Nieman [mailto:nieman46804@yahoo.com]
**Sent:** Tuesday, December 23, 2014 8:36 AM
**To:** Schuette, Jason
**Cc:** Wilson, Tatia; Jason Nieman
**Subject:** Fw: Activity in Case 3:14-cv-03897-M-BF Nieman v. The Concrete Cowboy Bar et al Motion to Dismiss (Pltf Attempt At Negotiations / Conclusion)

Good morning,

As it appears you are co-counsel on this case I am forwarding a copy of this proposed settlement correspondence to your attention.

As is often the case, the filing of several motions to dismiss has pointed out potential areas for correction in the operative complaint. I can certainly make these corrections and will do so timely, as required, pursuant to Fed. R. Civ. P. 15(a)(1). However, as even the dispositive motion practice is not in total as to the City of Dallas Defendants, it would seem that you may agree that my proposed conclusion is very reasonable. Some of these items are outside of your control (waiver of billing and/or return of monies to my health insurer by Parkland, UTSWMC etc.) Still, my proposal for global conclusion is exceptionally reasonable in light of all factors.

Please confirm by the end of business on 12/29/2014 if you wish to attempt conclusion on such a basis. If not, I will finalize my amended complaint and opposition to the various dispositive motions.

Sincerely,

Jason Nieman
217 836 7126


----- Forwarded Message -----
**From:** Jason Nieman <nieman46804@yahoo.com>
**To:** "andy@txmunicipallaw.com" <andy@txmunicipallaw.com>; "brett@txmunicipallaw.com" < brett@txmunicipallaw.com>; "sherry@txmunicipallaw.com" <sherry@txmunicipallaw.com>
**Cc:** Jason Nieman <nieman46804@yahoo.com>; Tatia Wilson <tatia.wilson@dallascityhall.com>; "JKornely@watsoncaraway.com" < JKornely@watsoncaraway.com>; "JParma@watsoncaraway.com" <JParma@watsoncaraway.com>
**Sent:** Monday, December 22, 2014 4:08 PM
**Subject:** Fw: Activity in Case 3:14-cv-03897-M-BF Nieman v. The Concrete Cowboy Bar et al Motion to Dismiss

PREPARED IN A GOOD FAITH ATTEMPT TO CONCLUDE A LEGAL DISPUTE; NOT SUBJECT TO ADMISSION FOR ANY PURPOSE PURSUANT TO F.R.E. 404(B) AND/OR 408

Good afternoon,

I have reviewed your filing, and frankly it was not unexpected to the greatest degree. However, you are also aware that pursuant to Fed. R. Civ. P. 15(a)(1) I should be able to correct any actual or alleged defects. For example, the relief sought is not limited to money damages. Rather, I am trying to put an end to the efforts to wrongfully collect alleged medical charges against me and to bring about the refund of already secured monies to my insurer. Such relief appears to be allowed notwithstanding sovereign immunity arguments.

In any event, I would very much like to avoid a long and drawn out legal dispute with the various Defendants. Their own respective records will show that I tried to engage with the various parties prior to instituting litigation, but hat they refused my reasonable efforts at nearly every turn.

I am primarily seeking the following relief from the defendants who have already appeared, and/or who have been served (including Dallas Fire EMS):

(1) An agreement to quash and forgive any alleged or actual charges for hospital, medical, ambulance transport, or similar charges. Such forgiveness would be total and would have no adverse impact on my credit in any way.

(2) An agreement to return the monies seized and/or secured from my insurer (United Health Care). I believe this primarily relates to UTSWMC and totals approximately $40,000. Such an agreement would have no adverse affect on me or my family as to financial status, credit rating or filings, and so on.

(3) I am seeking reimbursement of the costs that were required to return to Dallas a few weeks after 9/15/2014 to attend the meeting that Parkland and/or UTSWMC Defendants prevented me from attending, by force. The costs are approximately $1,000 accounting for airfare, hotel, mileage, parking, taxi service, and lost wages. I would suggest we simply call that amount $1,000 but I can document the costs if needed.

(4) I am seeking reimbursement of my filing fees and service costs as to the litigation. This should be about $600.00 to date and I would suggest that we simply agree on that amount.

Because I consider this entire matter as something best concluded quickly for reasons of mutual benefit, I am willing to consider full and final release of all claims as to all defendants for the additional consideration of $2,500.00 USD. The release would contain a mutual release of all claims, covenant not to sue, and an agreement that each side would bear its own costs and or fees, with neither party set admitting fault to the other. This is exceptionally reasonable considering that I have what appears to be permanent scars on my face, and am continuing to suffer issues in my rib cage (apparently from the actions of EMS staff in restraining me by force) and to some extent from the unauthorized entry and removal of a catheter by the UTSWMC/Parkland defendants.

As you know I am permitted 21 days from your filing in which to file a response and amended complaint (the latter as a matter of right). I ask that the various Defendant representatives respond to me no later than by the end of the day on Monday, 12/29/2014 if you would like to entertain this type of conclusion as to our disputes globally, and/or as to the various Defendants. Otherwise I will timely file my opposition to the dispositive motion as well as my 1st amended complaint.

I believe you are duty bound to communicate this proposal to your clients. Additionally, if one or more of the defendant sets, or defendants as a group wish to entertain such conclusion, please forward me a copy of a proposed full and final release of all claims..

If I do not communicate with any or all of you prior to December 25, 2014, I wish everyone a Merry Christmas and/or a happy holiday season.

Sincerely,

Jason Nieman
217 836 7126


----- Forwarded Message -----
**From:** "ecf_txnd@txnd.uscourts.gov" < ecf_txnd@txnd.uscourts.gov>
**To:** Courtmail@txnd.uscourts.gov
**Sent:** Monday, December 22, 2014 3:05 PM
**Subject:** Activity in Case 3:14-cv-03897-M-BF Nieman v. The Concrete Cowboy Bar et al Motion to Dismiss

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.
If you need to know whether you must send the presiding judge a paper copy of a document that you have docketed in this case, click here: Judges' Copy Requirements. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms and Instructions found at www.txnd.uscourts.gov. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge.

**U.S. District Court**
**Northern District of Texas**

**Notice of Electronic Filing**

The following transaction was entered by Hudson, Eric on 12/22/2014 at 3:05 PM CST and filed on 12/22/2014
**Case Name:**       Nieman v. The Concrete Cowboy Bar et al
**Case Number:**    3:14-cv-03897-M-BF
**Filer:**                University of Texas Southwest Medical Center of Dallas
**Document Number:** 11
**Docket Text:**
**MOTION to Dismiss filed by University of Texas Southwest Medical Center of Dallas (Attachments: # (1) Proposed Order) (Hudson, Eric)**

**3:14-cv-03897-M-BF Notice has been electronically mailed to:**

Jason Nieman    nieman46804@yahoo.com

Wm Andrew Messer    andy@txmunicipallaw.com, brett@txmunicipallaw.com, sherry@txmunicipallaw.com

**3:14-cv-03897-M-BF The CM/ECF system has NOT delivered notice electronically to the names listed below. The clerk's office will serve notice of court Orders and Judgments by mail as required by the federal rules. An attorney/pro se litigant is cautioned to carefully follow the federal rules (see FedRCivP 5) with regard to service of any document the attorney/pro se litigant has filed with the court. The clerk's office will not serve paper documents on behalf of an attorney/pro se litigant.**

The following document(s) are associated with this transaction:
**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1004035775 [Date=12/22/2014] [FileNumber=8157675-0] [18e490d578e8fad18955973f37a9f46a1917ac1cf7e03d5929eac77da62bbf6105
bb5e80568eff2d3c6dd3a2e8c31778ef9f266d4abe941f7bdc428539ac5201]]
**Document description:** Proposed Order
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1004035775 [Date=12/22/2014] [FileNumber=8157675-1] [8944738f6c93654dc9ae79063dd5af9d07951c626c1c76fa363e8632394540d1c2
f06c04ff0d6545c6531551c20893c8622d20638eb9cd6b064ec93360cf23a6]]