| | |
|---|---|
| **Subject:** | Re: Nieman v. Concrete Cowboy; 3:14 cv 3897 - Case Status (1st Amended Complaint Final Draft - AMENDED + Question Re: Proposed Motion for Leave To Amend Complaint) |
| **From:** | Jason Nieman (nieman46804@yahoo.com) |
| **To:** | andy@txmunicipallaw.com; Eric.Hudson@texasattorneygeneral.gov; Premington@trtblaw.com; JKornely@watsoncaraway.com; JParma@watsoncaraway.com; jennifer@txmunicipallaw.com; brett@txmunicipallaw.com; tatia.wilson@dallascityhall.com; james.butt@dallascityhall.com; |
| **Cc:** | sherry@txmunicipallaw.com; nieman46804@yahoo.com; |
| **Date:** | Wednesday, December 31, 2014 2:16 PM |

Thank you.  I note that you are counsel for the Parkland Individual Defendants.  Please note that I added these proposed Defendants based upon the medical reports and/or guidance from other cases, particularly including Pena v. Parkland, 12 cv 439.

Still, in utmost good faith, and in light of the 21 day deadline under Rule 15, it would seem that I have until January 15, 2015 before such deadline will run.  I am willing to extend out my planned filing date by one week, to January 9, 2015, so as to allow the various parties to offer comments and/or specific objections, and/or in the off chance that one or more Defendants wishes to engage in negotiations aimed at bringing amicable conclusion as to the disputes in whole or part.

Sincerely,

Jason Nieman
Plaintiff Pro Se
217 836 7126

---

**From:** Andy Messer <andy@txmunicipallaw.com>
**To:** Jason Nieman <nieman46804@yahoo.com>; "Hudson, Eric" <Eric.Hudson@texasattorneygeneral.gov>; "Premington@trtblaw.com" <Premington@trtblaw.com>; "JKornely@watsoncaraway.com" <JKornely@watsoncaraway.com>; "JParma@watsoncaraway.com" <JParma@watsoncaraway.com>; Jennifer DeCurtis <jennifer@txmunicipallaw.com>; Brett Gardner <brett@txmunicipallaw.com>; Tatia Wilson <tatia.wilson@dallascityhall.com>; "james.butt@dallascityhall.com" <james.butt@dallascityhall.com>
**Cc:** Jennifer DeCurtis <jennifer@txmunicipallaw.com>; Sherry Brown <sherry@txmunicipallaw.com>; "premington@trtblaw.com" <premington@trtblaw.com>
**Sent:** Wednesday, December 31, 2014 1:48 PM
**Subject:** RE: Nieman v. Concrete Cowboy; 3:14 cv 3897 - Case Status (1st Amended Complaint Final Draft - AMENDED + Question Re: Proposed Motion for Leave To Amend Complaint)

Mr. Nieman – I do not think one or more of the new individual defendants have _any_ involvement with the events of the case, and therefore, they should not be defendants. I will need to review, but will not be able to do that for several days. Thank you.

**Andy Messer**
**Partner**


MESSER ★ ROCKEFELLER ★ FORT



6351 Preston Rd • Ste 350 • Frisco, TX 75034 • Phone: 972.668.6400
Fax: 972.668.6414 • Toll Free: 855.668.6400
andy@txmunicipallaw.com • www.txmunicipallaw.com

---

**From:** Jason Nieman [mailto:nieman46804@yahoo.com]
**Sent:** Wednesday, December 31, 2014 1:36 PM
**To:** Hudson, Eric; Premington@trtblaw.com; JKornely@watsoncaraway.com; JParma@watsoncaraway.com; Andy Messer; Jennifer DeCurtis; Brett Gardner; Tatia Wilson; james.butt@dallascityhall.com
**Cc:** Jason Nieman
**Subject:** Re: Nieman v. Concrete Cowboy; 3:14 cv 3897 - Case Status (1st Amended Complaint Final Draft - AMENDED + Question Re: Proposed Motion for Leave To Amend Complaint)

Good afternoon,

Please find a copy of a draft *Motion for Leave to Amend* and supports.  Again, I would appreciate your confirmation if your client(s) support or oppose such a motion, or if your clients would prefer that the proposed 1st Amended Complaint simply be filed.

Sincerely,

Jason Nieman
Plaintiff Pro Se
217 836 7126

---

**From:** Jason Nieman <nieman46804@yahoo.com>
**To:** "Hudson, Eric" <Eric.Hudson@texasattorneygeneral.gov>; "Premington@trtblaw.com" <Premington@trtblaw.com>; "JKornely@watsoncaraway.com" <JKornely@watsoncaraway.com>; "JParma@watsoncaraway.com" <JParma@watsoncaraway.com>; "andy@txmunicipallaw.com" <andy@txmunicipallaw.com>; "jennifer@txmunicipallaw.com" <jennifer@txmunicipallaw.com>; "brett@txmunicipallaw.com" <brett@txmunicipallaw.com>; Tatia Wilson <tatia.wilson@dallascityhall.com>; "james.butt@dallascityhall.com" < james.butt@dallascityhall.com>
**Cc:** Jason Nieman <nieman46804@yahoo.com>
**Sent:** Wednesday, December 31, 2014 12:47 PM
**Subject:** Re: Nieman v. Concrete Cowboy; 3:14 cv 3897 - Case Status (1st Amended Complaint Final Draft - AMENDED + Question Re: Proposed Motion for Leave To Amend Complaint)

Good afternoon,

I have continued to do legal research to the best of my ability as to the relevant issues.  For example, most recently I have completed additional research as to off duty police officers, 1983 liability which can attach to their actions taken "under color of law" as well as issues related to special duty and similar doctrines related to section 1983 litigation (including supervisory and/or *Monell* aspects).

While Ms. Wilson has neither seen fit to withdraw the sanctions/1988 fees threat of Mr. Schuette, and while no party or counsel has made any specific objection to the proposed amended complaint I am beginning to believe that it may be most appropriate to seek leave of the Court for leave to file the 1st Amended Complaint.  This would allow any argument as to the validity of any cause and/or party and similarly would allow the Court to effectively ratify the validity of the allegations, at least as to the initial pleading phase.

According to the letter and/or spirit of local rule 7.1 and/or 7.2 I am asking that counsel for the various parties confirm whether or not they would support or oppose a motion for leave to amend as opposed to the 1st Amended Complaint simply being filed.   If the group agrees that the 1st Amended Complaint is valid at this point (at least from a pleading aspect) and agrees not to argue that it is frivolous (and subject to Defendant 1988 fees as to any Defendant who may later prevail in whole or part) then we likely could avoid the time, effort, and expense of a formal motion.

I would politely ask that each of you respond to confirm your position as to this issue, and the preference of your client(s) including the others as a carbon copy.  I also note that I have received no contact from any party wishing to try and engage in negotiations nor proposing any type of amicable conclusion of the disputes in whole or part.  I remain open to such interaction within the letter and/or spirit of local rule 16.3.  Thank you.

Sincerely,

Jason Nieman
Plaintiff Pro Se
217 836 7126

---

**From:** Jason Nieman <nieman46804@yahoo.com>
**To:** "Hudson, Eric" <Eric.Hudson@texasattorneygeneral.gov>; "Premington@trtblaw.com" <Premington@trtblaw.com>; "JKornely@watsoncaraway.com" <JKornely@watsoncaraway.com>; "JParma@watsoncaraway.com" <JParma@watsoncaraway.com>; "andy@txmunicipallaw.com" <andy@txmunicipallaw.com>; "jennifer@txmunicipallaw.com" <jennifer@txmunicipallaw.com>; "brett@txmunicipallaw.com" <brett@txmunicipallaw.com>
**Cc:** Jason Nieman <nieman46804@yahoo.com>
**Sent:** Saturday, December 27, 2014 3:19 PM
**Subject:** Re: Nieman v. Concrete Cowboy; 3:14 cv 3897 - Case Status (1st Amended Complaint Final Draft)

Good afternoon,

My 1st Amended Complaint is now complete.  I will hold filing for a few days to allow the various Defendants and/or their representatives to comment.

In the letter and/or spirit of Fed. R. Civ. P. 11 if any of you believe that the allegations are factually inaccurate or contain an allegation that is invalid as a matter of law, I offer you this opportunity to come forth with facts, affidavit, or other justification under which you believe I should consider further amendment.  Barring this I will assume that you agree that the pleadings are proper and just, even though you may not agree with the factual allegations, legal responsibility, and/or damages claimed or asserted as due.

Additionally, to the extent that any party and/or representative wishes to entertain discussion, interaction, and/or negotiation intended to try and bring about an amicable conclusion to our disputes, please feel free to contact me accordingly.

Sincerely,

Jason Nieman
Plaintiff Pro Se
217 836 7126

---

**From:** Jason Nieman <nieman46804@yahoo.com>
**To:** "Hudson, Eric" <Eric.Hudson@texasattorneygeneral.gov>; "Premington@trtblaw.com" <Premington@trtblaw.com>; "JKornely@watsoncaraway.com" <JKornely@watsoncaraway.com>; "JParma@watsoncaraway.com" <JParma@watsoncaraway.com>; "andy@txmunicipallaw.com" <andy@txmunicipallaw.com>; "jennifer@txmunicipallaw.com" <jennifer@txmunicipallaw.com>; "brett@txmunicipallaw.com" <brett@txmunicipallaw.com>
**Cc:** Jason Nieman <nieman46804@yahoo.com>
**Sent:** Friday, December 26, 2014 10:27 AM
**Subject:** Re: Nieman v. Concrete Cowboy; 3:14 cv 3897 - Case Status (Amended Complaint re: Individual Employment Status)

I understand. I believe Ms. Porter is an attorney an I had noted her on ECF in other cases, but I will do as you ask.

As I am drafting the amended complaint and particularly as to the individual medical defendants, are you, or any of the other counsel for parties, able or willing to provide any proof (affidavits, etc.) which could clarify the status as employee rather than independent contractor, and who the employer is (DCHD/Parkland vs. UTSW) as to any of the individual Defendants?

To the extent you or the others can provide credible information as to such status I am willing to incorporate such information into

I also ask UTSW to reconsider the attempt to seek dismissal. To the extent this occurs, and if we don't otherwise settle our disputes, I will simply need to refile in state court, including the *Monell* type causes. Based upon the actions in *Pena v. Parkland et al.,* 3:12 cv 0439) it would seem that UTSW will simply seek to remove the causes to federal court again and the cases will likely be consolidated.

Sincerely,

Jason Nieman
Plaintiff Pro Se
217 836 7126

**From:** "Hudson, Eric" <Eric.Hudson@texasattorneygeneral.gov>
**To:** Jason Nieman <nieman46804@yahoo.com>; "JKornely@watsoncaraway.com" <JKornely@watsoncaraway.com>; "JParma@watsoncaraway.com" <JParma@watsoncaraway.com>; "Premington@trtblaw.com" <Premington@trtblaw.com>; "tatia.wilson@dallascityhall.com" <tatia.wilson@dallascityhall.com>; "james.butt@dallascityhall.com" < james.butt@dallascityhall.com>; "andy@txmunicipallaw.com" <andy@txmunicipallaw.com>; "jennifer@txmunicipallaw.com" < jennifer@txmunicipallaw.com>; "brett@txmunicipallaw.com" <brett@txmunicipallaw.com>; "joan.porter@utsouthwestern.edu" < joan.porter@utsouthwestern.edu>
**Cc:** "Estrada, Carmen" <Carmen.Estrada@texasattorneygeneral.gov>; "Hoffman, James" <James.Hoffman@texasattorneygeneral.gov>
**Sent:** Friday, December 26, 2014 10:20 AM
**Subject:** RE: Nieman v. Concrete Cowboy; 3:14 cv 3897 - Case Status (Supplement, including comments from Judge Godby re: use of chemical and physical restraints by UTSW / Parkland)

Mr. Nieman,

I note that you have included University of Texas Southwestern Medical Center employees on your recent electronic messages. Directly contacting represented parties is not appropriate. I represent UTSW, and ask that you refrain from contacting directly my client, including by way of carbon copy on electronic messages.

Thanks in advance for your attention and cooperation.

/s/Eric Hudson

_____


From: Jason Nieman [nieman46804@yahoo.com]
Sent: Thursday, December 25, 2014 2:54 PM
To: JKornely@watsoncaraway.com; JParma@watsoncaraway.com; Premington@trtblaw.com; tatia.wilson@dallascityhall.com; james.butt@dallascityhall.com; Hudson, Eric; andy@txmunicipallaw.com; jennifer@txmunicipallaw.com; brett@txmunicipallaw.com; joan.porter@utsouthwestern.edu
Subject: Re: Nieman v. Concrete Cowboy; 3:14 cv 3897 - Case Status (Supplement, including comments from Judge Godby re: use of chemical and physical restraints by UTSW / Parkland)

Good afternoon,

I do not wish to be a pest, but I did believe it was appropriate to point out one last thing as your clients consider their various positions:

You will note that in a recent order, Judge Godby made the following statement as to the use of chemical and physical restraint ([Dkt. 85, 6/26/2013]

"Pena also satisfies the third element. The amended complaint accuses Achebe, Givens, and Roberts of "holding [Cornell] down in the prone position, using improper techniques and pressing his face to the floor" on two separate occasions. Id. ¶ 30. The

second occasion allegedly involved the unconstitutional use of force for over fifteen minutes.

Id. The pleading also states that Cornell had been "agitated" prior to the restraint. Id. ¶ 28. Based on the circumstances of this case as pled, the Court concludes that the amended complaint properly alleges that the force used was objectively unreasonable: chemical sedation and physical restraint are not an objectively reasonable response to mere agitation. Pena has therefore properly pled the elements of a section 1983 claim for use of excessive force against Achebe, Givens, and Roberts."

The fact that the various governmental defendants continued to use such improper implements against persons over a year after judge Godby issued this ruling suggests not only that qualified immunity would not be found, but further supports Monell type liability finding as to the supervisory defendants and governmental entities themselves.

Thank you for your time and consideration,

Sincerely,

Jason Nieman
Plaintiff Pro Se
217 836 7126

_____
From: Jason Nieman <nieman46804@yahoo.com>
To: "JKornely@watsoncaraway.com" <JKornely@watsoncaraway.com>; "JParma@watsoncaraway.com" < JParma@watsoncaraway.com>; "Premington@trtblaw.com" <Premington@trtblaw.com>; "tatia.wilson@dallascityhall.com" <tatia.wilson@dallascityhall.com>; "james.butt@dallascityhall.com" < james.butt@dallascityhall.com>; "eric.hudson@texasattorneygeneral.gov" <eric.hudson@texasattorneygeneral.gov>; "andy@txmunicipallaw.com" <andy@txmunicipallaw.com>; "jennifer@txmunicipallaw.com" < jennifer@txmunicipallaw.com>; "brett@txmunicipallaw.com" <brett@txmunicipallaw.com>; "joan.porter@utsouthwestern.edu" <joan.porter@utsouthwestern.edu>
Cc: Jason Nieman <nieman46804@yahoo.com>
Sent: Thursday, December 25, 2014 12:16 PM
Subject: Nieman v. Concrete Cowboy; 3:14 cv 3897 - Case Status

Good morning, everyone. I hope everyone is having a pleasant holiday.

As you are aware, I have been working to complete some motion responses as to the dispositive motions filed and also to amend the complaint. To that end, I also spent some time this morning on PACER and pulled up several pleadings and orders on the following cases:

(1) Pogue v. City of Dallas et al., 3:13 cv 4702 (excessive force allegations).
(2) Pena v. DCHD et al., 3:12 cv 00439 (death/constitutional rights case involving a person at Parkland/UTSW)

(3) H. Olivia Lord v. Dwaine Thompson et al., 3:11 cv 03241 (civil rights case involving CPD officers).

In light of Mr. Schuette's threats to seek "sanctions" for what he alleges is a frivolous suit, and also in light of the peculiarities of Monell pleading and issues in the 5th Circuit, it seemed wise to look at the pleadings from those cases, as well as the respective orders. With all due respect, I am left feeling more confident than ever that the causes of action I have pled are viable, and simply need to be modified a bit as to format and content, in good faith. As such, I plan to continue my work for timely fillings but I also wanted to issue a couple of corrections as to my comments (drafts) yesterday.

(1) I plan to retain Mr. McKinney as a direct defendant based upon the guidance and rulings from the Pena case (Supervisory liability under 1983).
(2) I plan to amend so as to add additional supervisory parties as to Parkland and UTSW (1983 causes) using the guidance and rulings of the Pena case.
(3) I plan to use greater detail and foundation as to the Monell causes following the guidance of the rulings (particularly the denial of summary judgment) in Pena and Pogue.

I note that a settlement of $1.2MM very quickly followed an $800k trial verdict in the Lord case. So far as I can see, the various defendants have not been able to achieve full MSJ in any of these representative cases, before the same court, with largely similar issues. The only difference I can see is damages, as the damages potential in my case seems to be a fair bit lower. Still, I am reaching out to plaintiff's counsel in each of these cases. Their pleadings, which seemed to largely survive, portray both Dallas PD (City of Dallas) and Parkland/UTSW as having very troubling histories and a lack of willingness or ability to correct such problems. Assuming the interlocutory appeal on immunities fails in Pena, one can expect the potential for another very large verdict (plus 1988 fees) at trial.

I also received yet another bill from UTSW yesterday ($557.25). The billing names are Dr. Jeffrey H. Pruitt (147.76) and Dr. Anthony Whittemore ($409.49) respectively, meaning that these amounts are attributable to defendants who will remain in the case. Because I must use certain FSA funds or lose them prior to year end I will issue payment (under protest) to UTSW for these charges on Monday, 12/29/2014. Again, I am not conceding the issues as to such charges, but since UTSW/Whittemore/Pruitt insist on continuing to bill me and so as to avoid possible damage to my credit record I will issue payment under protest.

As a matter of additional information I have confirmation from USPS that Officer Jessica Monell has been served with summons and complaint (12/24/2014) via Certified Mail/Return Receipt. Concrete Cowboy and Johnathan Valz appear to be still resisting service so I may need to use a formal process server to finally get them served.

Again, I really believe it is in everyone's best interest to try to find a point of compromise, rather than to follow the patterns from these exemplar cases. Note that at this point I am willing to strongly consider conclusion based upon a forgiveness of unauthorized billing, a return of monies to my insurer which were not reasonably owed, compensation for my expenses for suit and service, and for coming back to Dallas to attend a meeting that Parkland/UTSW staff physically prevented me from attending on 9/15/2014. If I am forced to forge ahead in the litigation I have no choice but to seek compensation for the other aspects, including the nagging injury to my right side and private region that appear to have been

caused by certain actions of the individual defendants by way of forced restraint and/or unauthorized use of a catheter.  The issues as to the injury to my face arguably are the responsibility of the Concrete Cowboy and Mr. Valz, so I am willing to omit such factors from any agreed conclusion involving the non-Concrete Cowboy defendants.  (The status of the police officers working the door is presently not fully determined, but I am willing to assume that the City of Dallas negotiated a proper contract requiring CC to indemnify the officers and City etc. as to any losses arising out of the officers work as employees and/or co-employees for the Concrete Cowboy).

I will continue to edit the motion responses and the amended complaint.  Because this is going to be a bit more complex than I expected and as Mr. Schuette's assertions that my causes are "frivolous" and sanctionable do not appear to be supported or legitimate, I have moved up my expected filing date for the motions and amended complaint to Wednesday, December 31, 2014.  To the extent that the parties, individually and/or collectively, wish to entertain negotiations, please let me know. Thanks.

Sincerely,

Jason Nieman
Plaintiff Pro Se
217 836 7126



----- Forwarded Message -----
From: Jason Nieman <nieman46804@yahoo.com>
To: Jason Nieman <nieman46804@yahoo.com>
Sent: Tuesday, December 23, 2014 7:17 PM
Subject: Verdicts against Dallas / Jason Schuette in front of Judge Barbara Lynn


http://www.morelaw.com/verdicts/case.asp?s=TX&d=64722

Date: 01-17-2014
Case Style: Hephzibah Olivia Lord v. Dwayne Thompson
Case Number: 3:11-cv-03241-M
Judge: Barbara M.G. Lynn
Court: United States District Court for the Northern District of Texas (Dallas County)
Plaintiff's Attorney: Don Tittle
Defendant's Attorney: James Carroll Butt, J.G. Schuette and Tatia R. Wilson
Description: Hephzibah Olivia Lord, age 36, sued Dallas homicide detective Dwayne Thompson on civil rights violation theories under 42 U.S.C. 1983 claiming that she was wrongfully arrested for a killing that she did not commit, which landed her in jail for nine days. She claimed that Thompson show a reckless disregard for her rights in having Plaintiff arrested in 2010 for the shooting death of her boyfriend, Mcihael Brunside.

Burnside died from a gun shot wound from a 9 mm Beretta handgun. Only Burnside and Lord were in the apartment where they lived at the time. Lord claimed that Burnside, who was intoxicated, shot himself.

Thompson rejected the theory that Burnside committed suicide and investigated the death as murder.
Outcome: Plaintiff's verdict for $800,000.00.
Plaintiff's Experts:
Defendant's Experts:
Comments: Editor's Note: Plaintiff will probably file an application for attorney's fees and costs, which will be substantial.