# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

Jason Nieman,  )
        Plaintiff  )  Case No: 3:14 cv 3897
  vs.  )
E. Street Investments, LLC, d/b/a The  )  Judge: Hon. Barbara M.G. Lynn
Concrete Cowboy Bar, et al.  )
          )  Magistrate Judge: Hon. Paul D. Stickney
        Defendants  )

## **PLAINTIFF'S MOTION FOR RULE 4(D) COSTS AGAINST DEFENDANTS E STREET (CONCRETE COWBOY) AND JONATHAN VALZ**

    Comes now Plaintiff Jason Nieman, pro se, respectfully requesting an order of costs be levied against Defendants E Street Investments (d/b/a Concrete Cowboy) and Jonathan Valz for the costs incurred by Plaintiff in securing formal service of process upon such Defendants.  As the Court will see, Plaintiff strictly followed the requirements of Fed. R. Civ. P. 4(d) and yet Defendants refused to waive service despite being provided with a properly formatted waiver request and required related documents.  Thereafter, Plaintiff was required to use multiple avenues to finally achieve formal service upon such Defendants.  As such Defendants will likely be able to offer no legitimate basis for refusing to waive formal service, Plaintiff is seeking an award of costs in his favor.

    Plaintiff certifies this motion as compliant with l.r. 7.1, 7.2 at 7 pages, including the Certificate of Service.

## RELEVANT PROCEDURAL HISTORY AND CERTIFICATE OF ATTEMPTED CONFERENCE UNDER LOCAL RULE 7.1

As the Court is aware, parties are generally expected to seek to meet and confer prior to filing of most motion practice.  Additionally, Defendants generally "have a duty to avoid unnecessary expenses of serving the summons".  Fed. R. Civ. P. 4(d)(1).

As the Court is aware, Plaintiff previously reported the status of his service and/or waiver efforts in several status report filings.  (See [Dkt. 6, 11/17/2014], [Dkt. 9, 12/12/2014]) In these reports, Plaintiff noted his efforts to seek wavier from, and ultimately to serve process upon, the Concrete Cowboy Defendants, including Defendants Jonathan Valz and Rico Taylor.

As previously noted, on November 10, 2014 Plaintiff mailed (via USPS Priority Mail with tracking and delivery confirmation) a copy of the items designated under Rule 4(d)(1) to Defendants Concrete Cowboy and Jonathan Valz.  (See, e.g., proof of mailing at [Dkt. 6-1] at page 1).  Specifically, Plaintiff believes and his records support that he sent the following items to this Defendant set (which at that time did not include Defendant Rico Taylor):

(1) A cover letter.

(2) A *Notice of Lawsuit* for each Defendant (Form AO 398).

(3) A properly formatted and proposed Rule 4(d) waiver for each Defendant (AO 399).

(4) A copy of the original complaint [Dkt. 3] for each Defendant.

(5) A postage paid return envelope for each Defendant.

The items were delivered by USPS on November 12, 2014.  (See USPS proof of delivery on November 12, 2014 at [Dkt.6-1] at page 3).  Plaintiff also sent several communications to the Defendants through the only known email communications medium (http://www.concretecowboydallas.com/contact/). No response was ever noted.

As the Court is also aware, the Defendants apparently refused to waive service such that Plaintiff was required to seek and secure formal summons as to each Defendant. The Clerk of the Court issued said summons items as to the Concrete Cowboy and Jonathan Valz on December 16, 2014. [Dkt. 10] at pages 3, to 6.

Still trying to act in good faith to keep expenses as low as possible for himself and the Defendants, Plaintiff sent a copy of each summons along with the complaint via USPS Certified Mail, return receipt requested, to the Concrete Cowboy business address (2512 Cedar Springs Street, Dallas, TX) on December 19, 2014. USPS attempted to deliver the item several times, but it was refused. (See Plaintiff's motion [Dkt. 21, 1/9/2015] asking the Court to direct service by way of the U.S. Marshall's Service, including the USPS status report, [Dkt. 21-1] confirming refusal and return). The actual envelope was eventually returned to Plaintiff. (See photo of the exterior of the envelope attached as motion exhibit A).

Notwithstanding the pending motion seeking formal service, Plaintiff continued to try and work with the Concrete Cowboy Defendants to avoid the need for formal service and costs. As shown in Plaintiff's subsequent status report/motion [Dkt. 44, 1/29/2015] Plaintiff sought to serve the items though registered agent/Defendant Jonathan Valz at the listed corporate agency address (Houston Street, Dallas). [See supporting proofs at Dkt. 44-1, 44-2]. Plaintiff also showed that he contacted the attorneys representing the Concrete Cowboy Defendants a pending Dallas County civil litigation matter (Chaz Klaez et al., Galloway, Johnson). However the attorneys (specifically Joelle Nelson) also refused to accept service. (See [Dkt. 44-3). This was true even though Plaintiff had separately served a copy of the waiver of service, summons and *1st Amended Complaint* items through their offices on January 28, 2015. (See [Dkt. 44-4).

As Plaintiff noted no activity by the Court on the issue of service by the U.S. Marshall, Plaintiff believed that the Court likely wished Plaintiff to continue direct service efforts. Accordingly, mindful of the duties of diligence as to timely service under Rule 4(m), Plaintiff contacted a local private process service entity (Special Delivery) and arrange for formal service of process upon Defendants E Street (Concrete Cowboy) and Valz. See [Dkt. 63, 64; 2/25/2015].   Attorney Nelson has now confirmed via email that she and/or the firm will representing Concrete Cowboy and Valz. (See motion exhibit C, attached).  In a subsequent communication set Plaintiff asked if Defendant Taylor (an employee of E Street/Concrete Cowboy) would now agree to forgo formal personal service.  Attorney Chaz Klaez responded via email that they will confer with their client and respond "as soon as possible".  (See Ex. C).

Plaintiff has incurred the following expenses in attempting formal service upon Defendants E Street (Concrete Cowboy) and/or Valz:

**EXPENSE LOG** — **Nieman v Concrete Cowboy et al - CC Defendants ONLY**

| DATE | PAYEE | DESCRIPTION | Units | Rate | EXPENSE |
|---|---|---|---|---|---|
| 12/19/14 | USPS Postage | Cert RR Summons to CC and Valz | 1 | 13.05 | 13.05 |
| 01/09/15 | USPS Stamps | Return Env Rico Taylor Rule 4d Waiver | | | |
| 01/09/15 | USPS Click and Ship | 1st Amm + 4d/sum Motions to CC+ | 1 | 7.40 | 7.40 |
| 01/26/15 | USPS Postage | Priority Mail to CC Atty - Summonses+ | 1 | 15.00 | 15.00 |
| 02/20/15 | Special Delivery, Inc. | Service Fee - CC Valz | 1 | 169.50 | 169.50 |
| | | | **TOTALS** | | **204.95** |

A copy of the invoice from Special Delivery is attached as motion exhibit D.

## **ARGUMENT**

While no disrespect is intended, Plaintiff believes that the Court will agree that the Concrete Cowboy Defendants have complied with neither the letter nor the spirit of Fed. R. Civ. P. 4(d). Plaintiff was required to "chase down" the Defendants, even though there can be no doubt that they were aware of the litigation and also were aware of Plaintiff's efforts to seek wavier, and/or to secure service by less expensive (certified mail) means before finally being left no reasonable alternative but for formal physical service by way of an outside process server (or the U.S. Marshall, if the Court had subsequently ordered same).

As the Court is aware, Rule 4(d) is effectively self-executing absent a showing of good cause for refusal to waive. In a related matter that the Plaintiff has been required to be involved in (*Nieman v. Hale,* 12 cv 02433L, N.D. Tex.) the Court granted similar relief on April 17, 2013 [Dkt. 23] stating:

> *"As such, the Recruiter Defendants have not shown good cause for their failure to waive service pursuant to Rule 4(d)(1). See Quilling v. Shaw, No. 3-00-cv-1405-M, 2001 WL 611147, at \*2 (N.D. Tex. June 1, 2001). Accordingly, the Court "must impose on the [Recruiter Defendants]: (A) the expenses [that Plaintiff] later incurred in making service." FED. R. CIV. P. 4(d)(2)."*

As Plaintiff is presently proceeding pro se, he is unable to seek any expenses as to the time and trouble he was put through in seeking to perfect formal service. However, as Plaintiff has properly documented recoverable mail and/or service expenses, Plaintiff seeks an award of costs in his favor, and against Defendants E Street (Concrete Cowboy) and Jonathan Valz in the amount of $204.95.

## CONCLUSION

For these good reasons and other good reasons the Court may view on its own authority, Plaintiff respectfully requests that the Court enter an order of costs in his favor, against Defendants E Street (Concrete Cowboy) and Jonathan Valz.

Respectfully submitted this February 26, 2015

/s/ Jason Nieman
Jason Nieman, *Pro Se*
1700 Windycrest Drive
Springfield, IL 62704
217 836 7126
Nieman46804@yahoo.com

## CERTIFICATE OF SERVICE

Jason Nieman, *pro se*, certifies that on this date (February 26, 2015) he electronically filed a true and correct copy of this pleading and exhibits with the clerk of the court for the Northern District of Texas, at Dallas, by way of the Court's ECF/CM system.  Because of the limited nature of this motion Plaintiff does not believe that the Court will desire a paper copy Judge's Copy so none was sent.  Plaintiff will supplement with a paper copy if so ordered.

The following Defendant(s) have appeared by counsel and should receive copies of this pleading and supports by way of the ECF/CM system:

Tatia R. Wilson, James Butt (Asst. City Attorneys)
Dallas City Attorney's Office
1500 Marilla Street, 7CN, Dallas, Texas 75201
Tel:   214-671-9553
tatia.wilson@dallascityhall.com, james.butt@dallascityhall.com
*Counsel for The City of Dallas Defendants*

Eric A. Hudson, Assistant Attorney General
Financial Litigation, Tax, Charitable Trusts Division
P.O. Box 12548, Austin, Texas 78711-2548
Telephone: (512) 936-6417, FAX: (512) 478-4013
eric.hudson@texasattorneygeneral.gov
*Attorney for University of Texas Southwestern Medical Center*

Wm. Andrew Messer, Esq., Jennifer DeCurtis, Esq., Brett Gardner, Esq.
Messer, Rockefeller, & Fort PLLC
6351 Preston Rd., Suite 350, Frisco, TX 75034
972.668.6400 (P), 972.668.6414 (Fax)
andy@txmunicipallaw.com, jennifer@txmunicipallaw.com, brett@txmunicipallaw.com

*Counsel for Katherine Mapula, Catherine Lewis Neal, Luis Roman Tavaras, Kristie Louann Brown, Amanda Garcia and other related Parkland Individual Defendants.*

Joshua D. Kornely, Esq., Joan Parma, Esq.
Watson, Caraway, Midkiff & Luningham, LLP
1600 Oil & Gas Building, 309 W. 7th Street, Fort Worth, Texas 76102
817.870.1717, Fax 817.338.4842
JKornely@watsoncaraway.com, JParma@watsoncaraway.com
*Counsel for Defendant Dallas County Hospital District*

Philipa M. Remington, Esq., Cathryn R. Paton, Esq.
Two Energy Square
4849 Greenville Avenue, Suite 1150
Dallas, Texas 75206
(214) 954-2200, Facsimile: (214) 754-0999
Premington@trtblaw.com, cpaton@trtblaw.com

*Counsel for Defendants Ellen O'Connell, Alexander Eastman, Gina Sims, Jeffrey Pruitt, Nhan Le, Kyle Molberg, Suhny Abbara, and Anthony Whittemore and potentially other related UTSW Individual Defendants*

Defendants E Street (Concrete Cowboy) and Valz have now been formally serviced and the following counsel has confirmed via email that they are representing these parties and as such Plaintiff has forwarded a copy of this pleading to the following via electronic mail:

Chaz Klaes, Joelle Nelson
1301 McKinney St., Suite 1400
Houston, TX 77010
713 559 0700
cklaes@gallowayjohnson.com, jnelson@gallowayjohnson.com
*Counsel for Concrete Cowboy Defendants*

/s/ Jason Nieman
Jason Nieman, Pro Se
1700 Windycrest Drive
Springfield, IL 62704
217 836 7126
Nieman46804@yahoo.com

Jason Nieman v. Concrete Cowboy et al.; PLTF'S Motion for Rule 4(d) Costs CC, Valz