

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL 2 2 2015

CLERK, U.S. DISTRICT COURT
By _____
Deputy

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| JASON NIEMAN, | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **No. 3:14-CV-3897-M (BF)** |
| | § | |
| CITY OF DALLAS, et al., | § | |
| **Defendants.** | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge for pretrial management. Before the Court is defendants E Street Investments, LLC d/b/a Concrete Cowboy ("Concrete Cowboy"), Jonathan Valz ("Valz"), and Rico Taylor's ("Taylor") (collectively, the "Concrete Cowboy Defendants") Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion to Dismiss") [D.E. 77]. For the following reasons, the undersigned recommends that the Court GRANT in part and DENY in part the Concrete Cowboy Defendants' Motion to Dismiss [D.E. 77].

## BACKGROUND

Plaintiff Jason Nieman ("Plaintiff") brings this suit alleging personal injury and violations of his civil rights under Title 42, United States Code, Section 1983 ("Section 1983") in connection with events that took place on September 14, 2014 at Concrete Cowboy located on Cedar Springs Road in Dallas, Texas. *See* Am. Compl. [D.E. 16 at 24]. On that night, Plaintiff contends that he consumed 4 glasses of wine with dinner between 6:00 p.m. and 9:00 p.m. at a restaurant located at the Adolphus Hotel but that he was not intoxicated when he left the restaurant. *See id.* [D.E. 16 at 24]. At approximately 9:00 p.m., Plaintiff contends that he went to a nearby venue, OE Penguin in

search of a karaoke bar, but upon discovering that there was no karaoke at that location, Plaintiff

proceeded to the Concrete Cowboy with an individual named "Jason" and an unidentified female.

*See id.* [D.E. 16 at 24]. Plaintiff does not recall consuming any alcoholic beverages at OE Penguin.

*See id.* [D.E. 16 at 24].

Upon arriving at Concrete Cowboy, Plaintiff contends that he consumed a beverage given

to him by Jason which he believed to be vodka and Red Bull, but was contaminated with a drug

appearing to have been GHB or Rohypnol. *See id.* [D.E. 16 at 24-25]. Within few minutes of

consuming the contaminated beverage, Plaintiff contends that his judgment, physical control, and

memory were greatly compromised but alleges that the staff at Concrete Cowboy failed to reasonably

prevent and/or detect the "drugging incident" and allowed Plaintiff to be provided more alcoholic

beverages despite his obviously compromised condition. *See id.* [D.E. 16 at 25]. Plaintiff contends

that several hours later, he was attempting to "escape the clutches" of Jason and his unidentified

female companion when he fell on a staircase at Concrete Cowboy which he believes was caused

by: (1) the consumption of the contaminated beverage; (2) the defective and/or dangerous condition

of the staircase and/or handrail; and (3) inadequate lighting in the staircase. *See id.* [D.E. 16 at 25-

26]. Plaintiff contends that he suffered a hard fall which resulted in "serious facial/cranial impact."

*See id.* [D.E. 16 at 26]. Plaintiff contends that as a result of the fall, he "suffered a deep

abrasion/laceration to his nose, a serious nasal contusion, [and a] non-serious concussion from the

fall." *See id.* [D.E. 16 at 26].

Shortly after mid-night, Plaintiff contends that he encountered the owner of Concrete

Cowboy and two Dallas police officers, whom despite his apparent compromised state and

facial/head injuries and being advised by Plaintiff of his fall, allowed Plaintiff to walk away from

the premises. *See id.* [D.E. 16 at 26]. At approximately 12:45 a.m., Plaintiff contends that paramedics Dwaine N. Helton and Michael Milam kidnapped him using unreasonable physical force and transported him to Parkland. *See id.* [D.E. 16 at 26]. Plaintiff contends that as "a reasonable person trying to free himself from unlawful and/or unreasonable restraint, battery, and/or detention, Plaintiff struggled and growled/yelled, demanding to be release." *See id.* [D.E. 16 at 27]. Plaintiff further contends that his "yells were such that some saliva unintentionally escaped his mouth as he made his pleas," but that he never attempted "to bite or injure Defendants Helton, Milam, or anyone else." *See id.* [D.E. 16 at 27].

Plaintiff alleges that in the early morning of September 15, 2014, he was held captive at Parkland and without his consent, the staff at Parkland "cut off his clothes, destroying his shirt, pants, and underwear, and stole his wallet, money, identification, credit cards, insurance cards, cellular phone and related items from him by way of strong arm robbery and/or robbery [b]y virtue of restrain and/or medication." *See id.* [D.E. 16 at 30]. However, Plaintiff states that at approximately 12:30 p.m. of that day, his clothing, wallet, and telephone were returned to him and he was released from Parkland. *See id.* [D.E. 16 at 34]. Plaintiff alleges that he was subjected to numerous unauthorized procedures and treatments during his transportation to and during his stay at Parkland. *See id.* [D.E. 16 at 30-34]. Plaintiff further contends that "[a]t no time did [he] give any relevant Defendant consent for treatment or billing, nor did he ever consent to this outrageous intrusion as to his personal privacy." *See id.* [D.E. 16 at 30].

On March 10, 2015, the Concrete Cowboy Defendants filed their Motion to Dismiss [D.E. 77]. In the Motion to Dismiss, the Concrete Cowboy Defendants argue that Plaintiff's cause of action for "breach of duty as to preventing adulteration of products" should be dismissed because such a

cause of action does not exist. *See* Mot. to Dismiss [D.E. 77 at 4-5]. Further, the Concrete Cowboy

Defendants argue that Plaintiff failed to plead facts in support of the elements of his Texas Dram

Shop Act claim. *See id.* [D.E. 77 at 5]. The Concrete Cowboy Defendants also argue that Plaintiff's

premises liability claim should be dismissed because Plaintiff failed to plead facts in support of the

elements. *See id.* [D.E. 77 at 6]. Plaintiff filed his response on March 11, 2015 [D.E. 79].

## STANDARD OF REVIEW

Under Rule 12(b)(6), a court examines pleadings by accepting all well-pleaded facts as true

and viewing them in a light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495

F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369

F.3d 464, 467 (5th Cir. 2004)). In order to survive a Rule 12(b)(6) motion to dismiss, the complaint

must plead enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.

Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility where the plaintiff alleges facts

that allows the court to draw the reasonable inference that the defendant is liable for the alleged

misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to

a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise

a right to relief above the speculative level[.]"). If the well-pleaded facts do not allow the court to

infer more than a possibility of misconduct, the complaint has only alleged, but has not shown that

the pleader is entitled to the relief sought. *Iqbal*, 556 U.S. at 679 (alteration omitted) (citing FED. R.

CIV. P. 8(a)(2)). Furthermore, under Federal Rule of Civil Procedure 8(a)(2) ("Rule 8(a)(2)"), a

pleading must contain "a short and plain statement of the claim showing that the pleader is entitled

to relief." Although Rule 8(a)(2) does not require detailed factual allegations, mere labels and

4

conclusions do not suffice. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "'[A] formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). In addition, while courts liberally construe the pleadings of *pro se* litigants, *pro se* parties are not exempt from complying with court rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (citing *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975)).

## ANALYSIS

### Texas Dram Shop Act

Under Count I of his Amended Complaint, Plaintiff alleges that the Concrete Cowboy Defendants violated the Texas Dram Shop Act. *See* Am. Compl. [D.E. 16 at 37]. The Concrete Cowboy Defendants argue that Plaintiff fails to plead facts in support of any of the elements of his Texas Dram Shop Act claim. *See* Mot. to Dismiss [D.E. 77 at 5-6]. *See* Am. Compl. [D.E. 16 at 24-25, 37-38]. "The Texas Alcoholic Beverage Code §§ 2.01-.03 ("Texas Dram Shop Act") is 'the exclusive cause of action' against an alcoholic beverage provider for 'providing an alcoholic beverage to a person 18 years of age or older.'" *Kovacic v. Larry Brown Enters., LLC*, 693 F. Supp. 2d 660, 663 (S.D. Tex. 2010) (citing TEX. ALCO. BEV. CODE § 2.03). "'In order to hold a provider of alcoholic beverages liable under [the Texas Dram Shop Act], a plaintiff must prove: 1) at the time that the provider sold or served the alcohol it was apparent to the provider that the recipient was obviously intoxicated to the extent that he presented a clear danger to himself and others; and 2) that the intoxication of that individual proximately caused the damages suffered.'" *Barbee v. Scott*, No. H-10-1797, 2010 WL 3257477, at *6 (S.D. Tex. Aug. 17, 2010) (quoting *Southland Corp. v. Lewis*, 940 S.W.2d 83, 84-85 (Tex. 1997); citing TEX. ALCO. BEV. CODE § 2.02(b)). Here, Plaintiff alleges

5

that due to the consumption of an alcoholic beverage contaminated with a drug appearing to have been GHB or Rohypnol, his judgment, physical control, and memory were obviously compromised, but that the staff at Concrete Cowboy continued to serve him alcoholic beverages. *See* Am. Compl. [D.E. 16 at 24-25]. Plaintiff further contends that he fell and sustained serious facial injuries partly due to his intoxication. *See id.* [D.E. 16 at 25-26]. In liberally construing Plaintiff's allegations and viewing them in a light most favorable to Plaintiff, Plaintiff has stated facts sufficient to allege a violation of the Texas Dram Shop Act. Therefore, the Court should deny the Concrete Cowboy Defendants' motion to dismiss with respect to this claim.

With respect to Plaintiff's allegation regarding the "related breach of duty to prevent adulteration of products," as the Concrete Cowboy Defendants contend, Plaintiff appears to be referring to the Texas Alcoholic Beverage Code, Section 109.03 ("Section 109.03") which states as follows: "An alcoholic beverage is salable under this subchapter only if it has not been adulterated, it is fit for human consumption, all tax stamps required by law have been affixed, and the labels are legible as to contents, brand, and manufacturer." TEX. ALCO. BEV. CODE § 109.03. As the Concrete Cowboy Defendants point out, because Plaintiff contends that they should have detected the contamination of the alcoholic beverage by "Jason" after he purchased it from the bar, this provision is inapplicable, and Plaintiff has failed to allege a violation of Section 109.03. Therefore, the undersigned recommends that the Court grant the Concrete Cowboy Defendants' motion to dismiss with respect to Plaintiff's Section 109.03 claim.

<u>Premises-Liability</u>

"Under Texas law, a premises-liability claim is first analyzed by determining the duty of care, if any, that the defendant owed to the plaintiff." *Garcia v. Wal-Mart Stores*, M-12-110, 2012 WL

6691131, at *4 n.50 (S.D. Tex. Dec. 21, 2012) (citing *Richardson v. Wal-Mart Stores, Inc.*, 963

S.W.2d 162, 164 (Tex. App.-Texarkana 1998, no writ); *Thacker v. J.C. Penney Co.*, 254 F.2d 672,

676 (5th Cir. 1958)). An invitee, is "a person who enters the premises of another at the express or

implied invitation from the owner or occupier for their mutual benefit." *Lacy v. Rusk State Hosp.*,

31 S.W.3d 625, 630 (Tex. App.-Tyler 2000, no pet.) (citing *Peerenboom v. HSP Foods, Inc.*, 910

S.W.2d 156, 161 (Tex. App.-Waco 1995, no writ)). "Although the owner or operator of a premises

owes the highest degree of care to an invitee, the owner or operator is nonetheless not 'an insurer of

the invitee's safety.'" *Garcia*, 2012 WL 6691131, at *4 (quoting *Wal-Mart Stores, Inc. v. Gonzalez*,

968 S.W.2d 934, 936 (Tex. 1998); *McElhenny v. Thielepape*, 155 Tex. 319, 285 S.W.2d 940, 941

(Tex. 1956)). "[M]erchants in Texas owe invitees a duty to exercise reasonable care to protect them

from dangerous conditions that are either known to the merchant, or reasonably discoverable." *Id.*

(citing *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998)).

      In order to prevail on a premises-liability claim as an invitee, the plaintiff must prove the

following elements: (1) actual or constructive knowledge of some condition on the premises by the

merchant; (2) that the condition posed an unreasonable risk of harm; (3) that the merchant did not

exercise reasonable care to reduce or eliminate the risk; and (4) that the merchant's failure to use

such care proximately caused the plaintiff's injuries. *Hensley v. Wal-Mart Stores, Inc.*, 290 F. App'x

742, 744 (5th Cir. 2008); *Garcia*, 2012 WL 6691131, at *4 (citations omitted). Plaintiff contends

that he fell because of his consumption of the contaminated alcoholic beverage, "the defective and/or

dangerous condition of the staircase and/or handrail[, and] inadequate lighting as to the staircase."

*See* Am. Compl. [D.E. 16 at 25-26]. Plaintiff contends that the staircase was unreasonably dangerous

because of its "condition, slope, status of disrepair, status of the handrails (and/or lack thereof)

and/or as to lack of sufficient lighting in the evening hours when the business is principally operated." *See id.* [D.E. 16 at 39].

In liberally construing Plaintiff's allegations and construing the facts in a light most favorable to Plaintiff, the undersigned finds that Plaintiff has stated a claim for premises liability. Plaintiff alleges that there was an unreasonable risk of harm because the staircase was in need of repair, lacked handrails, was too steep, and had poor lighting. *See id.* [D.E. 16 at 39]. Furthermore, the Concrete Cowboy Defendants would have actual or constructive knowledge of the poor lighting and unreasonably steep staircase or could reasonably discover such conditions of a staircase accessible to patrons on their premises. Plaintiff also alleges lack of reasonable care to reduce or eliminate the risk of patrons falling on the staircase, because he contends that he entered the staircase in his inebriated condition, which demonstrates the accessibility of the staircase to the bar's patrons. Furthermore, Plaintiff alleges proximate causation, because he states that he fell in part due to the poor lighting, lack of handrails, and dangerously steep stairwell. Therefore, the Court should deny the Concrete Cowboy Defendants' motion to dismiss with respect to Plaintiff's premises liability claim.

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the Court **GRANT in part and DENY in part** the Concrete Cowboy Defendants' Motion to Dismiss [D.E. 77]. Specifically, the undersigned recommends that the Court grant the motion to dismiss with respect to Plaintiff's Section 109.03 claim and deny the motion to dismiss with respect to Plaintiff's Dram Shop Act and premises liability claims.

**SO RECOMMENDED**, this 22 day of July, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. See *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).