UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON NIEMAN, | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | No. 3:14-CV-3897-M (BF) |
| | § | |
| CITY OF DALLAS, et al., | § | |
| **Defendants.** | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge for pretrial management. Before the Court is Plaintiff Jason Nieman's ("Plaintiff") Motion to Dismiss the Pled Counterclaim of City of Dallas Defendants Milam, Helton, and Merrell [D.E. 70] ("Motion to Dismiss Counterclaim"). For the following reasons, the undersigned recommends that the Court DENY Plaintiff's Motion to Dismiss Counterclaim [D.E. 70].

## BACKGROUND

Plaintiff Jason Nieman ("Plaintiff") brings this suit alleging personal injury and violations of his civil rights under Title 42, United States Code, Section 1983 ("Section 1983") in connection with events that took place on September 14, 2014 at Concrete Cowboy located on Cedar Springs Road in Dallas, Texas. *See* Am. Compl. [D.E. 16 at 24]. On that night, Plaintiff contends that he consumed 4 glasses of wine with dinner between 6:00 p.m. and 9:00 p.m. at a restaurant located at the Adolphus Hotel but that he was not intoxicated when he left the restaurant. *See id.* [D.E. 16 at 24]. At approximately 9:00 p.m., Plaintiff contends that he went to a nearby venue, OE Penguin in search of a karaoke bar, but upon discovering that there was no karaoke at that location, Plaintiff proceeded to the Concrete Cowboy with an individual named "Jason" and an unidentified female.

*See id.* [D.E. 16 at 24]. Plaintiff does not recall consuming any alcoholic beverages at OE Penguin. *See id.* [D.E. 16 at 24].

Upon arriving at Concrete Cowboy, Plaintiff contends that he consumed a beverage given to him by Jason which he believed to be vodka and Red Bull, but was contaminated with a drug appearing to have been GHB or Rohypnol. *See id.* [D.E. 16 at 24-25]. Within few minutes of consuming the contaminated beverage, Plaintiff contends that his judgment, physical control, and memory were greatly compromised but alleges that the staff at Concrete Cowboy failed to reasonably prevent and/or detect the "drugging incident" and allowed Plaintiff to be provided more alcoholic beverages despite his obviously compromised condition. *See id.* [D.E. 16 at 25]. Plaintiff contends that several hours later, he was attempting to "escape the clutches" of Jason and his unidentified female companion when he fell on a staircase at Concrete Cowboy which he believes was caused by: (1) the consumption of the contaminated beverage; (2) the defective and/or dangerous condition of the staircase and/or handrail; and (3) inadequate lighting in the staircase. *See id.* [D.E. 16 at 25-26]. Plaintiff contends that he suffered a hard fall which resulted in "serious facial/cranial impact." *See id.* [D.E. 16 at 26]. Plaintiff contends that as a result of the fall, he "suffered a deep abrasion/laceration to his nose, a serious nasal contusion, [and a] non-serious concussion from the fall." *See id.* [D.E. 16 at 26].

Shortly after mid-night, Plaintiff contends that he encountered the owner of Concrete Cowboy and two Dallas police officers, whom despite his apparent compromised state and facial/head injuries and being advised by Plaintiff of his fall, allowed Plaintiff to walk away from the premises. *See id.* [D.E. 16 at 26]. At approximately 12:45 a.m., Plaintiff contends that paramedics Dwaine N. Helton and Michael Milam kidnapped him using unreasonable physical force

2

and transported him to Parkland. *See id.* [D.E. 16 at 26]. Plaintiff contends that as "a reasonable person trying to free himself from unlawful and/or unreasonable restraint, battery, and/or detention, Plaintiff struggled and growled/yelled, demanding to be release." *See id.* [D.E. 16 at 27]. Plaintiff further contends that his "yells were such that some saliva unintentionally escaped his mouth as he made his pleas," but that he never attempted "to bite or injure Defendants Helton, Milam, or anyone else." *See id.* [D.E. 16 at 27].

Plaintiff alleges that in the early morning of September 15, 2014, he was held captive at Parkland and without his consent, the staff at Parkland "cut off his clothes, destroying his shirt, pants, and underwear, and stole his wallet, money, identification, credit cards, insurance cards, cellular phone and related items from him by way of strong arm robbery and/or robbery [b]y virtue of restrain and/or medication." *See id.* [D.E. 16 at 30]. However, Plaintiff states that at approximately 12:30 p.m. of that day, his clothing, wallet, and telephone were returned to him and he was released from Parkland. *See id.* [D.E. 16 at 34]. Plaintiff alleges that he was subjected to numerous unauthorized procedures and treatments during his transportation to and during his stay at Parkland. *See id.* [D.E. 16 at 30-34]. Plaintiff further contends that "[a]t no time did [he] give any relevant Defendant consent for treatment or billing, nor did he ever consent to this outrageous intrusion as to his personal privacy." *See id.* [D.E. 16 at 30].

On March 4, 2015, Defendants Dwaine Helton, Michael Milam, and Jessica L. Merrell (collectively, "Defendants") filed their Amended Answer, Defenses, Counterclaim, and Jury Demand [D.E. 69] ("Amended Answer"). In the Amended Answer, Defendants assert a counterclaim for their reasonable costs, including attorney's fees incurred in defending the federal question claims pleaded against them pursuant to Title 42, United States Code, Section 1988 ("Section 1988"). Defendants

contend that they are entitled to costs and attorneys' fees because Plaintiff's claims are frivolous, unreasonable, and groundless. *See* Am. Answer [D.E. 69 at 24-25]. On March 6, 2015, Plaintiff filed his Motion to Dismiss Counterclaim seeking to dismiss Defendants' Counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). *See* Mot. to Dismiss [D.E. 70].

## STANDARD OF REVIEW

Under Rule 12(b)(6), a court examines pleadings by accepting all well-pleaded facts as true and viewing them in a light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). In order to survive a Rule 12(b)(6) motion to dismiss, the complaint must plead enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility where the plaintiff alleges facts that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). If the well-pleaded facts do not allow the court to infer more than a possibility of misconduct, the complaint has only alleged, but has not shown that the pleader is entitled to the relief sought. *Iqbal*, 556 U.S. at 679 (alteration omitted) (citing FED. R. CIV. P. 8(a)(2)). Furthermore, under Federal Rule of Civil Procedure 8(a)(2) ("Rule 8(a)(2)"), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8(a)(2) does not require detailed factual allegations, mere labels and conclusions do not suffice. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "'[A]

4

formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). In addition, while courts liberally construe the pleadings of *pro se* litigants, *pro se* parties are not exempt from complying with court rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (citing *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975)).

## ANALYSIS

Plaintiff argues that Defendants cannot assert a counterclaim for attorneys' fees under Section 1988 because his Section 1983 claim has merit and because Section 1988 does not create an independent cause of action. *See* Pl.'s Mot. to Dismiss [D.E. 70 at 2-19]. In a suit to enforce rights under Section 1983, the Court has the discretion under Section 1988 to award the prevailing party reasonable attorneys' fees and related expenses. *Hope v. Connell*, No. 3:98-CV-929-D, 1999 WL 608855, at *6 n.11 (N.D. Tex. Aug. 11, 1999) (citing 42 U.S.C. § 1988(b); *Associated Builders & Contractors of La., Inc. v. Orleans Parish Sch. Bd.*, 919 F.2d 374, 380 (5th Cir. 1990)). The Court may award attorneys' fees to the prevailing defendants if it determines that the plaintiff's action was "'frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'" *Id.* (quoting *Chrisriansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978); citing *Turton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990)).

Plaintiff brings this action to enforce his constitutional rights under Section 1983. Therefore, Defendants may properly assert a counterclaim in their answer to seek attorneys' fees pursuant to Section 1988. While it is true that the reasonableness of a plaintiff's claim is assessed at the time of the filing of the lawsuit, this does not mean that Defendants are precluded from seeking attorneys' fees under Section 1988 until that determination is made by the Court. *Walters v. Livingston*, No.

A-12-CA-1072-ML, 2014 WL 4546819, at *12 (W.D. Tex. Sept. 12, 2014) ("In the Fifth Circuit, the reasonableness of a plaintiff's claims must be assessed as of the time of filing suit.") (citing *Holloway v. Walker*, 784 F.2d 1294, 1296 (5th Cir.1986)). A counterclaim is a proper procedural vehicle for Defendants to assert a claim for attorneys' fees in a Section 1983 action. *See Hope*,1999 WL 608855, at *6 n.11 ("Hope ultimately brought this lawsuit alleging that defendants are liable pursuant to 42 U.S.C. § 1983 . . . . Defendants assert a counterclaim for attorney's fees pursuant to 42 U.S.C. § 1988."); *Tilmon v. Texas*, A-14-CA-465-SS, 2015 WL 1292252, at *8 (W.D. Tex. Mar. 23, 2015) ("Defendant Leger includes a counterclaim for attorney's fees pursuant to 42 U.S.C. § 1988 in his answer. However, he did not move for summary judgment on the counterclaim. As such, the Court cannot render a final judgment until the counterclaim is resolved. In a suit to enforce § 1983, the court may, in its discretion, grant the prevailing party reasonable attorney's fees and related expenses.") (citing 42 U.S.C. § 1988(b); *Orleans Parish Sch. Bd.*, 919 F.2d at 380). Therefore, Plaintiff's Motion to Dismiss Counterclaim should be denied.

## **RECOMMENDATION**

For the foregoing reasons, the undersigned respectfully recommends that the Court **DENY** Plaintiff's Motion to Dismiss Counterclaim [D.E. 70].

**SO RECOMMENDED**, this 23 day of July, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).