U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 30 2015
CLERK, U.S. DISTRICT COURT
By ______
Deputy

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JASON NIEMAN,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **No. 3:14-CV-3897-M (BF)** |
| | § | |
| **CITY OF DALLAS, et al.,** | § | |
| **Defendants.** | § | |

**AMENDED FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge for pretrial management. On July 20, 2015, the undersigned entered Findings, Conclusions and Recommendation [D.E. 108] on Defendants Ellen O'Connell, Alexander Eastman, Gina Cho, Jeffrey Pruitt, Nhan Le, Kyle Molberg, Suhny Abbara, and Anthony Whittemore's ("Defendants") Motion to Dismiss [D.E. 28]. The undersigned hereby amends the July 20, 2015 Findings, Conclusions and Recommendation [D.E. 108] as follows. For the following reasons, the undersigned recommends that the Court GRANT Defendants' Motion to Dismiss [D.E. 28].

**BACKGROUND**

Plaintiff Jason Nieman ("Plaintiff") brings this suit alleging personal injury and violations of his civil rights under Title 42, United States Code, Section 1983 ("Section 1983") in connection with events that took place on September 14, 2014 at Concrete Cowboy located on Cedar Springs Road in Dallas, Texas. *See* Am. Compl. [D.E. 16 at 24]. On that night, Plaintiff contends that he consumed 4 glasses of wine with dinner between 6:00 p.m. and 9:00 p.m. at a restaurant located at the Adolphus Hotel but that he was not intoxicated when he left the restaurant. *See id.* [D.E. 16 at 24]. At approximately 9:00 p.m., Plaintiff contends that he went to a nearby venue, OE Penguin in

search of a karaoke bar, but upon discovering that there was no karaoke at that location, Plaintiff proceeded to the Concrete Cowboy with an individual named "Jason" and an unidentified female. *See id.* [D.E. 16 at 24]. Plaintiff does not recall consuming any alcoholic beverages at OE Penguin. *See id.* [D.E. 16 at 24].

Upon arriving at Concrete Cowboy, Plaintiff contends that he consumed a beverage given to him by Jason which he believed to be vodka and Red Bull, but was contaminated with a drug appearing to have been GHB or Rohypnol. *See id.* [D.E. 16 at 24-25]. Within few minutes of consuming the contaminated beverage, Plaintiff contends that his judgment, physical control, and memory were greatly compromised but alleges that the staff at Concrete Cowboy failed to reasonably prevent and/or detect the "drugging incident" and allowed Plaintiff to be provided more alcoholic beverages despite his obviously compromised condition. *See id.* [D.E. 16 at 25]. Plaintiff contends that several hours later, he was attempting to "escape the clutches" of Jason and his unidentified female companion when he fell on a staircase at Concrete Cowboy which he believes was caused by: (1) the consumption of the contaminated beverage; (2) the defective and/or dangerous condition of the staircase and/or handrail; and (3) inadequate lighting in the staircase. *See id.* [D.E. 16 at 25-26]. Plaintiff contends that he suffered a hard fall which resulted in "serious facial/cranial impact." *See id.* [D.E. 16 at 26]. Plaintiff contends that as a result of the fall, he "suffered a deep abrasion/laceration to his nose, a serious nasal contusion, [and a] non-serious concussion from the fall." *See id.* [D.E. 16 at 26].

Shortly after mid-night, Plaintiff contends that he encountered the owner of Concrete Cowboy and two Dallas police officers, whom despite his apparent compromised state and facial/head injuries and being advised by Plaintiff of his fall, allowed Plaintiff to walk away from

the premises. *See id.* [D.E. 16 at 26]. At approximately 12:45 a.m., Plaintiff contends that paramedics Dwaine N. Helton and Michael Milam kidnapped him using unreasonable physical force and transported him to Parkland. *See id.* [D.E. 16 at 26]. Plaintiff contends that as "a reasonable person trying to free himself from unlawful and/or unreasonable restraint, battery, and/or detention, Plaintiff struggled and growled/yelled, demanding to be release." *See id.* [D.E. 16 at 27]. Plaintiff further contends that his "yells were such that some saliva unintentionally escaped his mouth as he made his pleas," but that he never attempted "to bite or injure Defendants Helton, Milam, or anyone else." *See id.* [D.E. 16 at 27].

Plaintiff alleges that in the early morning of September 15, 2014, he was held captive at Parkland and without his consent, the staff at Parkland "cut off his clothes, destroying his shirt, pants, and underwear, and stole his wallet, money, identification, credit cards, insurance cards, cellular phone and related items from him by way of strong arm robbery and/or robbery [b]y virtue of restrain and/or medication." *See id.* [D.E. 16 at 30]. However, Plaintiff states that at approximately 12:30 p.m. of that day, his clothing, wallet, and telephone were returned to him and he was released from Parkland. *See id.* [D.E. 16 at 34]. Plaintiff alleges that he was subjected to numerous unauthorized procedures and treatments during his transportation to and during his stay at Parkland. *See id.* [D.E. 16 at 30-34]. Plaintiff further contends that "[a]t no time did [he] give any relevant Defendant consent for treatment or billing, nor did he ever consent to this outrageous intrusion as to his personal privacy." *See id.* [D.E. 16 at 30].

On January 23, 2015, Defendants filed their motion to dismiss. *See* Defs.' Mot. [D.E. 28]. The Defendants argue that Plaintiff's Texas Tort Claims Act ("TTCA") claim is barred under Texas Civil Practice and Remedies Code, Section 101.106(e) ("Section 101.106(e)") which precludes

Plaintiff from filing a suit against both a governmental unit and its employees. *See* Defs.' Br. [D.E. 29 at 17-19]. Further, Defendants argue that Plaintiff failed to allege a Constitutional violation necessary to state a Section 1983 claim. *See id.* [D.E. 29 at 24-28]. Plaintiff filed his response on January 26, 2015 [D.E. 38].

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), a court examines pleadings by accepting all well-pleaded facts as true and viewing them in a light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). In order to survive a Rule 12(b)(6) motion to dismiss, the complaint must plead enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility where the plaintiff alleges facts that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). If the well-pleaded facts do not allow the court to infer more than a possibility of misconduct, the complaint has only alleged, but has not shown that the pleader is entitled to the relief sought. *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting FED. R. CIV. P. 8(a)(2)). Furthermore, under Federal Rule of Civil Procedure 8(a)(2) ("Rule 8(a)(2)"), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8(a)(2) does not require detailed factual allegations, mere labels and conclusions do not suffice. *See Iqbal*, 556 U.S.

at 678 (quoting *Twombly*, 550 U.S. at 555). "'[A] formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). In addition, while courts liberally construe the pleadings of *pro se* litigants, *pro se* parties are not exempt from complying with court rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (citing *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975)).

## ANALYSIS

### Texas Tort Claims Act Claim

Defendants argue that Plaintiff's TTCA claim against them should be dismissed because Section 101.106(e) precludes the filing of a suit against both a governmental unit and its employees. *See* Defs.' Br. [D.E. 29 at 17-18]. Section 101.106(e) provides that "[i]f a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." TEX. CIV. PRAC. & REM. CODE § 101.106(e). "Section 101.106(e) applies to 'all tort theories alleged against a governmental unit.'" *Cunningham v. City of Balch Springs*, No. 3:14-CV-9-L, 2014 WL 4851576, at *7 (N.D. Tex. Sept. 30, 2014) (quoting *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008); citing *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 463 (5th Cir. 2010)). Because Defendants' employer, University of Texas Southwestern Medical Center filed a motion to dismiss wherein it argued that the state law tort claims against its employees should be dismissed under Section 101.106(e), the Court should dismiss Plaintiff's TTCA claim against Defendants. *See* Mot. to Dismiss [D.E. 11 at 5-6]; *Cunningham*, 2014 WL 4851576, at *7 ("The Individual Defendants, as employees of the City, seek dismissal of Plaintiff's state law claims of false arrest and intentional infliction of emotional distress. Because Cunningham filed suit under the Act against the City and

the Individual Defendants, the Individual Defendants as employees must be dismissed immediately once the governmental entity files a motion to dismiss. . . . As the City and the Individual Defendants have filed motions to dismiss, dismissal of these claims against the Individual Defendants is mandatory.").

Section 1983 Claim

Section 1983 does not create any substantive rights, but instead was designed to provide a remedy for violations of federal statutory and constitutional rights. *See Sepulvado v. Jindal*, 729 F.3d 413, 420 n.17 (5th Cir. 2013); *Sw. Bell Tel., LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008). There are two essential elements to a Section 1983 claim: (1) the conduct in question must be committed by a person acting under color of state law; and (2) the conduct deprives the plaintiff of a right secured by the Constitution or the laws of the United States. *See Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013); *Romano v. Greenstein*, 721 F.3d 373, 377 (5th Cir. 2013); *Wyatt v. Fletcher*, 718 F.3d 496, 517 (5th Cir. 2013). Plaintiff's Amended Complaint alleges that Defendants violated his Fourth and Fourteenth Amendment rights by engaging in the following conduct:

a. failing to release him from custody;

b. placing him in unnecessary and unreasonable physical restraint;

c. using chemicals and/or drugs to sedate him against his will;

d. placing a catheter as a part of unauthorized treatment or sedation; and

e. attempting to charge egregious amounts under the guise of legitimate medical service charges.

*See* Am. Compl. [D.E. 16 at 51-52].

Excessive Force

In order to state an excessive force claim, Plaintiff must show: (1) an injury, (2) resulting

directly from clearly excessive force, and (3) the use of that force was clearly unreasonable. *See Poole v. City of Shreveport*, 691 F.3d 624, 628 (5th Cir. 2012). Excessive force claims are analyzed under the Fourth Amendment's "objective reasonableness" standard. *See Graham v. Connor*, 490 U.S. 386, 395 (1989). "In gauging the objective reasonableness of the force used . . . [the Court] must balance the amount of force used against the need for that force . . . ." *Spann v. Rainey*, 987 F.2d 1110, 1115 (5th Cir. 1993). Defendants argue that Plaintiff failed to plead facts showing that they used any force, much less excessive force. *See* Defs.' Br. [D.E. 29 at 25]. Although the undersigned has liberally construed Plaintiff's allegations, the undersigned does not find that Plaintiff pled facts showing that clearly unreasonable force was used in providing medical services. Plaintiff specifically states in his Amended Complaint that he suffered a hard fall which resulted in "serious facial/cranial impact," and that he "suffered a deep abrasion/laceration to his nose, [and] a serious nasal contusion . . . ." *See* Am. Compl. [D.E. 16 at 26]. Therefore, while Plaintiff contends that the medical services provided were unnecessary, it is objectively reasonable for Defendants to provide those services, despite Plaintiff's belief that they were unnecessary, to treat injuries that Plaintiff concedes were "serious." Therefore, Plaintiff failed to state an excessive force claim.

<u>Due Process</u>

In order to state a Fourteenth Amendment due process claim, Plaintiff must "identify a protected life, liberty or property interest then prove that governmental action resulted in a deprivation of that interest." *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010). Again, alleging that Defendants provided medical treatment for a period of approximately 12 hours immediately after Plaintiff sustained injuries which he describes as "serious facial/cranial impact," does not show that Plaintiff was deprived of any life, liberty or property interests. *See* Am. Compl. [D.E. 16 at 26, 34].

Without such an interest, "there is nothing subject to due process protections." *Rege*, 627 F.3d at 545 (internal quotation marks omitted). Therefore, Plaintiff has also failed to state a due process claim.

**RECOMMENDATION**

For the foregoing reasons, the undersigned respectfully recommends that the Court **GRANT** Defendants' Motion to Dismiss [D.E. 28].

**SO RECOMMENDED**, this 30 day of July, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).