UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON NIEMAN, | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | |
| | § | 3:14-CV-3897-M |
| E. STREET INVESTMENTS, LLC, d/b/a/ | § | |
| THE CONCRETE COWBOY BAR, et al., | § | |
| Defendants. | § | |

# DEFENDANTS HELTON, MILAM, AND MERRELL'S MOTION FOR A DISCOVERY PROTECTIVE ORDER, MOTION FOR IMPOSITION OF SANCTIONS, AND BRIEF IN SUPPORT

WARREN M. S. ERNST
Dallas City Attorney

Jason G. Schuette
Executive Assistant City Attorney
Texas Bar No. 17827020
jason.schuette@dallascityhall.com
James C. Butt
Senior Assistant City Attorney
Texas Bar No. 24040354
james.butt@dallascityhall.com
Tatia R. Wilson
Senior Assistant City Attorney
Texas Bar No. 00795793
tatia.wilson@dallascityhall.com

City Attorney's Office
1500 Marilla Street, Room 7B North
Dallas, Texas 75201
Telephone:    214-670-3519
Telecopier:   214-670-0622

ATTORNEYS FOR DEFENDANTS CITY OF DALLAS, TEXAS, JOHN MCKINNEY, DWAINE N. HELTON, MICHAEL MILAM, AND JESSICA L. MERRELL

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................4

I.      BACKGROUND AND RELEVANT PROCEDURAL HISTORY ....................................1

II.     ARGUMENT AND AUTHORITIES ..................................................................4

        A.      Movants Are Entitled to a Protective Order Because Nieman Served
                More Than 25 Interrogatories to Each of the Movants............................4

                1.      Nieman served 29 numbered interrogatories to Helton and
                        Milam, and 24 numbered interrogatories to Merrell....................4

                2.      Counting discrete subparts, Nieman served at least 44
                        interrogatories to Helton and Milam, and at least 40
                        interrogatories to Merrell. ...........................................................4

                3.      Movants correctly seek a protective order rather than objecting
                        on the grounds of numerousity or selectively answering some
                        of the interrogatories and declining to answer the excess
                        interrogatories. ...........................................................................9

        B.      Movants Are Entitled to a Protective Order Relieving Them of Any
                Obligation to Answer Interrogatories and Requests for Production That
                Are Not Narrowly Tailored to Assist the Court in Resolving Movants'
                Qualified Immunity Defenses. ...............................................................10

                1.      Nieman's first set of interrogatories to Dwaine Helton and
                        Michael Milam.........................................................................12

                2.      Nieman's first set of interrogatories to Jessica Merrell ............13

                3.      Nieman's second set of interrogatories to all Movants.............14

                4.      Nieman's first requests for production to all Movants ..............15

                5.      Nieman's second requests for production to all Movants..........16

        C.      Movants Are Entitled to a Protective Order Relieving Them of Any
                Obligation to Make Rule 26(a)(1) Initial Disclosures Until Such Time
                as the Court Has Made a Judicial Determination of Movants'
                Entitlement to Qualified Immunity. .......................................................16

        D.      Movants Are Entitled Their Reasonable Attorney's Fees Incurred in
                Making Their Motion for a Protective Order.........................................19

III.    CONCLUSION................................................................................................21

Defendants Helton, Milam, and Merrell's Motion for a Discovery
Protective Order, Motion for Imposition of Sanctions, and Brief in Support
*Jason Nieman v. E. Street Investments, LLC et al.;* Civil Action No. 3:14cv3897-M                    ii

CERTIFICATE OF CONFERENCE AND RULE 26(c)(1) CERTIFICATION ..........................23

CERTIFICATE OF SERVICE ...................................................................................................24

Defendants Helton, Milam, and Merrell's Motion for a Discovery
Protective Order, Motion for Imposition of Sanctions, and Brief in Support
*Jason Nieman v. E. Street Investments, LLC et al.;* Civil Action No. 3:14cv3897-M                    iii

# TABLE OF AUTHORITIES

<u>Cases</u>

*Burkett v. Kenner Police Department*,
   No. 02-1858, 2003 WL 1340294 (E.D. La. Mar. 14, 2003) ................................................. 17

*F.T.C. v. Think All Pub., L.L.C.*,
   No. 4:07cv011, 2008 WL 687455 (E.D. Tex. Mar. 11, 2008)........................................... 5, 8

*Gilbert v. City of Dallas*,
   No. 3:99cv1463X, 2000 WL 748153 (N.D. Tex. June 8, 2000)........................................... 12

*In re Wiggins*,
   No. 99-06212, 2000 WL 33712300, (Bankr. D. Idaho Apr. 10, 2000) ................................. 11

*Kendall v. GES Exposition Servs., Inc.*,
   174 F.R.D. 684, 686 (D. Nev. 1997).................................................................................. 4, 5

*Krawczyk v. City of Dallas*,
   No. 3:03cv0584-D, 2004 WL 614842 (N.D. Tex. Feb. 27, 2004)....................................... 4, 5

*Lion Boulos v. Wilson*,
   834 F.2d 504 (5th Cir.1987) ................................................................................................ 11

*Murphy v. Kmart Corp.*,
   255 F.R.D. 497 (D.S.D. 2009) ............................................................................................ 20

*Rhodes v. Prince*,
   No. 3:05cv2343-D, 2006 WL 954023 (N.D. Tex. Apr. 11, 2006) ....................................... 12

*T.V.D.B. SARL v. KAPLA USA, LP*,
   No. CV412-230, 2013 WL 1898158 (S.D. Ga. May 7, 2013).......................................... 9, 10

*Wicks v. Miss. State Emp't Servs.*,
   41 F.3d 991 (5th Cir. 1995) ................................................................................... 11, 12, 16

<u>Statutes</u>

42 U.S.C. § 1988...................................................................................................................... 14, 16

<u>Rules</u>

Fed. R. Civ. P. 26(c)(1)................................................................................................................... 19

Fed. R. Civ. P. 26(c)(3)................................................................................................................... 19

Fed. R. Civ. P. 33(a)(1).................................................................................................................... 4

Defendants Helton, Milam, and Merrell's Motion for a Discovery
Protective Order, Motion for Imposition of Sanctions, and Brief in Support
*Jason Nieman v. E. Street Investments, LLC et al.*; Civil Action No. 3:14cv3897-M      iv

Fed. R. Civ. P. 37(a)(5) ........................................................................................................ 19

Fed. R. Civ. P. 37(a)(5)(A) .................................................................................................. 20

Fed. R. Civ. P. 37(a)(5)(A)(i) .............................................................................................. 20

Fed. R. Civ. P. 37(a)(5)(A)(ii) ............................................................................................. 20

Fed. R. Civ. P. 37(a)(5)(A)(iii) ............................................................................................ 20

Defendants Helton, Milam, and Merrell's Motion for a Discovery
Protective Order, Motion for Imposition of Sanctions, and Brief in Support
*Jason Nieman v. E. Street Investments, LLC et al.;* Civil Action No. 3:14cv3897-M                    v

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON NIEMAN, | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | |
| | § | 3:14-CV-3897-M |
| E. STREET INVESTMENTS, LLC, d/b/a/ | § | |
| THE CONCRETE COWBOY BAR, et al., | § | |
| Defendants. | § | |

**DEFENDANTS HELTON, MILAM, AND MERRELL'S MOTION FOR A
DISCOVERY PROTECTIVE ORDER, MOTION FOR IMPOSITION OF SANCTIONS,
AND BRIEF IN SUPPORT**

TO THE HONORABLE COURT:

Defendants Dwaine Helton, Michael Milam, and Jessica Merrell ("Movants") file their opposed motion for a discovery protective order and for sanctions. Movants request the Court to (1) relieve Movants of any obligation to answer Plaintiff's interrogatories, (2) relieve Movants of any obligation to respond to Plaintiff's requests for production that are not narrowly tailored to assist the Court in determining Movants' respective entitlements to qualified immunity, (3) relieve Movants of any obligation to make Rule 26(a)(1) initial disclosures until the Court has determined Movants' respective entitlements to qualified immunity, and (4) order Plaintiff to pay Movants' attorney's fees and costs incurred in preparing and presenting this motion.

Defendants Helton, Milam, and Merrell's Appendix in Support of Their Motion for a Discovery Protective Order and Imposition of Sanctions ( "Appx.") accompanies this motion.

**I.       BACKGROUND AND RELEVANT PROCEDURAL HISTORY**

Nieman pleads claims against the Movants and others pursuant to 42 U.S.C. §§ 1983 and 1985, and also Texas common law, arising from an encounter between Nieman, Dallas Police

Defendants Helton, Milam, and Merrell's Motion for a Discovery
Protective Order, Motion for Imposition of Sanctions, and Brief in Support
*Jason Nieman v. E. Street Investments, LLC et al.*; Civil Action No. 3:14cv3897-M                                    Page 1

Department ("DPD") officers including officer Jessica Merrell, and Dallas Fire-Rescue Department ("DF-R") paramedics Dwaine Helton and Michael Milam.  In sum, Nieman alleges that Helton, Milam, and Merrell unlawfully seized him, forced upon him unauthorized medical procedures and inflicted various assaults against him, and then transported him against his will to Baylor Hospital, where Nieman alleges that he was subjected to additional deprivations of his rights and torts by a multitude of other defendants.  (*See* Plaintiff's First Amended Complaint at Law (ECF #16).)

Nieman filed Plaintiff's First Amended Complaint at Law (ECF #16) on 9 January 2014. (*See* Court's Docket.)  Movants filed their joint answer on 24 January 2015 (ECF #31).  (*Id.*) Movants jointly filed an amended answer on 4 March 2015 (ECF #69), and a motion to require Plaintiff to file a Rule 7(a) reply to Movants' assertions of entitlement to qualified immunity on 6 March 2014 (ECF #71).  (*Id.*)  On 14 July 2015, the Court granted the City's motion to require a Rule 7(a) reply (ECF #99), and Plaintiff filed his Rule 7(a) reply on 25 July 2015 (ECF #121). (*Id.*)  There are no pending motions for amendment of pleadings.

On 23 July 2015 the Court entered a Pretrial Scheduling Order, which set deadlines for the completion of discovery and for the filing of dispositive motions.  (*See* ECF #118.)  Because of uncertainties regarding that order, on 31 July 2015 a group of Defendants referred to as the "UTSW Physician Defendants," the "Individual Parkland Defendants," and the "Parkland Defendants" filed a motion requesting the Court to clarify "whether by setting a deadline for discovery in the Pretrial Scheduling Order, the Magistrate Judge intended to open discovery as to all parties immediately."  (*See* ECF #127 at PageID 1574.)  On 2 August 2015, the Court entered an Order that provided the clarification that, "[t]o the extent that any defendants have pending motions to dismiss for which the undersigned has issued recommendations, discovery shall commence for

Defendants Helton, Milam, and Merrell's Motion for a Discovery
Protective Order, Motion for Imposition of Sanctions, and Brief in Support
*Jason Nieman v. E. Street Investments, LLC et al.;* Civil Action No. 3:14cv3897-M                    Page 2

those defendants when the District Court issues orders disposing of those motions to dismiss."
(*See* ECF #131.)

Prior to the service of any written discovery, Nieman and Movants exchanged views via e-mail as to the scope of, and limitations on, discovery directed to Movants.  (*See* Appx. at 74-79.)  On 27 July 2015, Plaintiff served these discovery papers to Movants:

- Plaintiff's First Set of Interrogatories to Defendant Duane [sic] Helton (*id*. at 1-9);

- Plaintiff's First Set of Interrogatories to Defendant Michael Milam (*id*. at 10-18); and

- Plaintiff's First Set of Interrogatories to Defendant Jessica Merrell (*id*. at 19-26);

- Plaintiff's First Request for Production of Documents and Other Materials to Defendants Duane [sic] Helton, Michael Milam, and Jessica Merrell (*id*. at 27-34).

On 1 August 2015, Plaintiff served these additional discovery papers to Movants:

- Counterdefendant's First Set of Interrogatories to Counterplaintiff Duane [sic] Helton (*id*. at 35-31);

- Counterdefendant's First Set of Interrogatories to Counterplaintiff Michael Milam (*id*. at 42-48); and

- Counterdefendant's First Set of Interrogatories to Counterplaintiff Jessica Merrell; (*id*. at 49-55);

- Counterdefendant's First Request for Production of Documents and Other Materials to Counter Defendants Duane [sic] Helton, Michael Milam, and Jessica Merrell (*id*. at 56-60).

After the service of the latter set of interrogatories and production requests, Movants conferred with Nieman again as to Movants' specific objections to the discovery (*see* letter to Niemen dated 12 August 2015 (Appx. at 68-73)), which resulted in an unproductive e-mail exchange (*see* Appx. at 74-79).  Because all good faith efforts to resolve this disputed issues were unsuccessful, Movants are compelled to file this motion.  Further, because Nieman's positions are not substantially justified, Movants seek their reasonable costs incurred in bringing the motion.

Defendants Helton, Milam, and Merrell's Motion for a Discovery
Protective Order, Motion for Imposition of Sanctions, and Brief in Support
*Jason Nieman v. E. Street Investments, LLC et al.;* Civil Action No. 3:14cv3897-M                Page 3

## II.    ARGUMENT AND AUTHORITIES

**A.    Movants Are Entitled to a Protective Order Because Nieman Served
More Than 25 Interrogatories to Each of the Movants.**

### 1.    Nieman served 29 numbered interrogatories to Helton and Milam, and 24 numbered interrogatories to Merrell.

Federal Rule of Civil Procedure 33(a)(1) states that "a party may serve on any other party

no more than 25 written interrogatories, including all discrete subparts." The first set of interrog-

atories Nieman served to Helton and Milam contain 22 numbered interrogatories, without even

considering discrete subparts. (*See* Appx. at 5-8, 14-17.) The second set of interrogatories to

Helton and Milam contain an additional 7 numbered interrogatories, again without considering

discrete subparts. (*See id.* at 39-41, 46-48.) 22 plus 7 is 29; 29 is more than 25. With respect to

Merrell, Nieman initially served to her 17 numbered interrogatories, again without counting

discrete subparts. (*See id.* at 23-26.)

### 2.    Counting discrete subparts, Nieman served at least 44 interrogatories to Helton and Milam, and at least 40 interrogatories to Merrell.

Rule 33(a)(1) anticipates the artifice of exceeding the 25 interrogatory limit by construct-

ing interrogatories with multiple independent subparts under the umbrella of a single question.

A legion of cases discuss this practice to determine what is, and what is not, a "discrete subpart."

In *Krawczyk v. City of Dallas*, No. 3:03cv0584-D, 2004 WL 614842 (N.D. Tex. Feb. 27, 2004),

this Court explained that "[c]ourts have held that interrogatory subparts are to be counted as dis-

crete subparts if they are not 'logically or factually subsumed within and necessarily related to

the primary question.'" *Id.* at *2 (quoting *Kendall v. GES Exposition Services, Inc.*, 174 F.R.D.

684, 686 (D. Nev. 1997)). Thus, "[i]f the first question can be answered fully and completely

without answering the second question, then the second question is totally independent of the

Defendants Helton, Milam, and Merrell's Motion for a Discovery
Protective Order, Motion for Imposition of Sanctions, and Brief in Support
*Jason Nieman v. E. Street Investments, LLC et al.*; Civil Action No. 3:14cv3897-M                    Page 4

first and not 'factually subsumed within and necessarily related to the primary question.'" *Id.* (quoting *Kendall*, 174 F.R.D. at 686).

For example, applying those principles, the court in *F.T.C. v. Think All Pub., L.L.C.*, No. 4:07cv011, 2008 WL 687455 (E.D. Tex. Mar. 11, 2008), had little trouble in determining that interrogatories that asked for the "legal" and "factual" bases of a party's contentions constituted two separate and discrete questions:

> By way of example, returning to Interrogatory Number 4, which asks Mintskovsky to provide his legal and factual bases for denying the allegations contained in Paragraph 24 of the Complaint the FTC propounded two discrete subparts, and therefore for the purposes of Rule 33(a), two interrogatories. Answering one subpart fully and completely does not necessarily implicate concepts that fall within the sphere of the other subpart. Mintskovsky properly treated this interrogatory, and the other, similarly situated interrogatories, as two discrete interrogatories.

*Id.* at *2.

Turning to the first interrogatories Nieman served to Helton and Milam, it is apparent that Nieman propounded 27 interrogatories, not 22. Interrogatory 11 asks:

> 11. Please describe specifically the nature of any request for consent that you made of Plaintiff Nieman and any response or refusal of consent. To the extent that you contend that Plaintiff Nieman consented in any way to your actions, please specifically describe each alleged consent as to the nature of the consent (written, verbal, or by proxy or agent), and identify any document, record, audio or visual recording, or other evidence that you have to support such contention.

The nature of requests for Nieman's consent to medical treatment and any response by him can be answered fully and completely without identifying the evidence supporting the defendants' contentions, and vice-versa. Therefore, this interrogatory poses two independent questions.

Interrogatory 16 also asks for answers to two independent questions, whether the defendant alleged that s/he witnessed the filing of the APOWW form and a recitation of those events, and the independent question regarding communications "related to" the filing of the APOWW

Defendants Helton, Milam, and Merrell's Motion for a Discovery
Protective Order, Motion for Imposition of Sanctions, and Brief in Support
*Jason Nieman v. E. Street Investments, LLC et al.*; Civil Action No. 3:14cv3897-M          Page 5

form *after* departing from Parkland Hospital, including even communications by others:

> 16.  Please specifically describe if you allege that you witnessed the filing of the alleged APOWW form as to the Plaintiff's seizure, incarceration, and/or detention.  If so specifically describe the events related to filing of such form(s).  Specifically include anyone you spoke to or otherwise communicated with, or any communications you witnessed between others as to such alleged APOWW form filing.  Please also include any communications that have occurred in any way or form related to the actual or alleged filing of such form(s) after you departed Parkland Hospital, after 6:00 a.m. on 9/15/2015, as to the Plaintiff, the events at issue, your actions, or any related issues.

Interrogatory 19 contains *at least* three interrogatories:

> 19.  To the extent not already provided, please specifically describe any official police reports, fire/EMS reports, internal memorandum, or other documents or communications you prepared as to (1) the decision to seize, restrain and/or detain Plaintiff under a §573 (APOWW) hold or basis, (2) your actual or alleged justification to seize, detain, restrain, chemically sedate, take physical action upon, introduce objects or substances into the body of, or medically treat or perform diagnostic test upon Plaintiff Jason Nieman.  As to any identified documents, specifically including the alleged Fire/EMS report which has previously been provided to Plaintiff Nieman, please identify when the document was first created or drafting commenced, any edits, rewrites, alterations, and any persons who provided guidance, instructions or orders as to information to be included and/or excluded from such reports, along with the ultimate result of such input, guidance, instructions and/or orders as to the final version of such report was completed, and/or the version(s) previously provided to the Plaintiff.

Conservatively counted, the discrete topic areas in interrogatory 19 are (1) a description of documents the answering party prepared related to the reasons for Nieman's seizure and treatment, (2) information as to the creation date and dates of edits made to the documents, and (3) information as to individuals who may have been involved in the creation of the documents identified and how those individuals shaped those documents.

Interrogatory 21 contains two independent questions.  The first seeks information about the physical position of the individuals who were in the ambulance with Nieman.  The second seeks information about whether someone placed his/her body or equipment on Nieman's torso:

Defendants Helton, Milam, and Merrell's Motion for a Discovery
Protective Order, Motion for Imposition of Sanctions, and Brief in Support
*Jason Nieman v. E. Street Investments, LLC et al.*; Civil Action No. 3:14cv3897-M          Page 6

21.  To the extent not already identified, please identify whether or not you, or another person, was to the right of the Plaintiff while he was in the ambulance, and lying (restrained or otherwise) on a gurney on the early morning of September 15, 2015.  Whether or not you were that person, confirm or refute, to the extent not already provided, whether or not you, or any other person in your presence, placed your knees, body, or other equipment on Plaintiff's right side thorax or torso.  To the extent you answer in the affirmative as to yourself or any other person, please specifically identify the reason or reasons for such force being placed on Plaintiff's torso.

Turning to the first interrogatories propounded to Merrell, it is apparent that there are 22 interrogatories, not 17.  Interrogatory 12 to Merrell is very similar to interrogatory 21 directed to Helton and Milam:

12.     Please specifically describe what action you took in authorizing and/or seeking authority to seize, detain, and/or restrain, by your direct action or failure to intervene as to the actions of others, as to the alleged Texas Mental Health Code §573 ("APOWW") justification.  Please specifically include where you sat in the ambulance, if you were in the presence or view of Plaintiff at all times, what actions you witnessed being taken on the Plaintiff by any other persons, when you arrived at Parkland Hospital, when you filled out the alleged APOWW form, who you spoke to at Parkland, who you gave the alleged APOWW form to and at what exact or approximate time, any subsequent modifications of the alleged APOWW form and the exact or approximate times of such edits, alterations, or re-filings.

Interrogatory 12 contains five discrete subparts:  (1) the actions Merrell took in authorizing or obtaining authority to seize Nieman; (2) where Merrell sat in the ambulance and what she saw other persons do; (3) when Merrell filled out the APOWW form and made any edits to it, along with who she gave it to; (4) what time Merrell arrived at Parkland Hospital; and (5) who Merrell spoke to at Parkland.  Each of these questions can be answered fully and completely without answering the others.

Interrogatory 16 to Merrell also is similar to Interrogatory 21 directed to Helton and Milam:

16.  To the extent not already provided, please specifically describe any official police reports, internal memorandum, or other documents or communications you

Defendants Helton, Milam, and Merrell's Motion for a Discovery
Protective Order, Motion for Imposition of Sanctions, and Brief in Support
*Jason Nieman v. E. Street Investments, LLC et al.;* Civil Action No. 3:14cv3897-M                    Page 7

prepared as to (1) the decision to seize, restrain, and/or detain Plaintiff under a §573 (APOWW) hold or basis, (2) any alleged criminal offense the Plaintiff was or is believed to have committed, (3) the disposition and/or reporting of any actual or alleged criminal offense that Plaintiff was believed to have committed as to the events of September 14 of 15, 2015 prior to his initial seizure or detention, (4) the disposition and/or reporting of any actual or alleged criminal offense that Plaintiff was believed to have committed as to the events of September 14 or 15, 2015 subsequent to his initial seizure or detention.  Please include the date, time, and reason for any modification, editing, deletion, or destruction of any report, note, record, memorandum, or other similar item.

Interrogatory 16 contains at least three discrete subparts:  (1) a description of documents Merrell prepared regarding Nieman's APOWW seizure; (2) a description of documents Merrell prepared regarding penal offenses that Nieman may have committed; and (3) information regarding edits to or destruction of documents.  Each of these questions can be answered fully and completely without answering the others.

Nieman's second set of interrogatories to each of the Movants are identical, and so they will be addressed together.  Interrogatory 1 asks for the Movants' evidentiary contentions as to their counterclaims under 42 U.S.C. § 1988, and in discrete subparts requests information as to Nieman's conspiracy claim under 42 U.S.C. § 1985, his due process claim, his equal protection claim, and Movants' attorney's fees claims.  (See Appx. at 39, 46, 53.)  Each of those subparts can be answered separately, and none of them must be answered to answer another.  Therefore, Interrogatory 1 is four interrogatories.

Interrogatory 2 asks for Movants' evidence and any legal opinions that Movants possess which "serves to disprove or discredit" Movants' counterclaims.  As in *FTC v. Think All Pub.*, an interrogatory that asks for factual and legal bases of a contention comprises two interrogatories.  Here, Nieman asks for factual *and* legal contentions as to Nieman's conspiracy claim under 42 U.S.C. § 1985, his due process claim, his equal protection claim, and Movants' attorney's fees claims.  Therefore, Interrogatory 2 is eight interrogatories.  Altogether, Nieman's second set of

Defendants Helton, Milam, and Merrell's Motion for a Discovery
Protective Order, Motion for Imposition of Sanctions, and Brief in Support
*Jason Nieman v. E. Street Investments, LLC et al.*; Civil Action No. 3:14cv3897-M          Page 8

interrogatories comprises 17 interrogatories to each Movant.

Movants acknowledge that determinations of discrete subparts is hardly a mathematical calculation. That being said, the number of interrogatories propounded to Helton and Milam exceeds 25 even without resort to counting subparts, and the number posed to Merrell exceeds 25 under even a conservative calculation. Accordingly, Movants are entitled to a protective order.

> **3.     Movants correctly seek a protective order rather than objecting on the grounds of numerousity or selectively answering some of the interrogatories and declining to answer the excess interrogatories.**

In the letter to Nieman dated 12 August 2015, Movants requested that Nieman withdraw his interrogatories, and reserve interrogatories the interrogatories that he desired to be answered, not to exceed 25 including discrete subparts. (*See* Appx. at 66.) Nieman refused, and maintains that each Movant should answer the first 25 and object to the remainder. (*See id.* at 77: "You have asserted an objection to the number of interrogatories as being in excess of the allowable limits. Accordingly, your clients have the option of refusing to answer any more than the number they believe constitute 25.") But, answering some interrogatories and refusing to answer the rest on the basis of a Rule 33(a) objection risks waiver of the numerousity objection. As explained in *T.V.D.B. SARL v. KAPLA USA, LP*, No. CV412-230, 2013 WL 1898158 (S.D. Ga. May 7, 2013),

> Plaintiffs have exceeded the 25 interrogatory limit as to *each* defendant. (Doc. 23 at 1 (admitting that they served 30 interrogatories on Kapla USA LP, 28 on KAPLA USA GP, LLC, 31 on CitiBlocs, and 30 on Ms. Chayette).) Had defendants responded to any of the interrogatories, they risked the Court finding that they had waived any objection to the 25 interrogatory limitation. "This seems a sensible rule, for otherwise the responding party could 'pick and choose' the questions it wanted to answer." 8B Wright and Miller, Federal Practice and Procedure § 2168.1 (3d ed.2010).

*Id.* at *2.

The court found such a waiver in *Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09cv37-SEB-TAB, 2010 WL 2560032 (S.D. Ind. June 23, 2010):

Defendants Helton, Milam, and Merrell's Motion for a Discovery
Protective Order, Motion for Imposition of Sanctions, and Brief in Support
*Jason Nieman v. E. Street Investments, LLC et al.;* Civil Action No. 3:14cv3897-M                    Page 9

As a preliminary matter, the Court addresses Sanimax's arguments that it need not respond to Gulf Hydrocarbon's interrogatories because they contain more than twenty-five interrogatories. . . . Gulf Hydrocarbon seeks leave to propound more than twenty-five interrogatories given the complexity of the case and argues that Sanimax has waived this objection by responding to some of the interrogatories. . . .   Sanimax has waived its objection to the number of interrogatories.   8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice & Procedure* § 2168.1 (2010) ("It has been held that, if a party believes that the numerical limitation has been exceeded, it waives the objection if it selectively answers some of the interrogatories and objects on this ground to the rest.  This seems a sensible rule, for otherwise the responding party could 'pick and choose' the questions it wanted to answer.").

*Id.* at *4.

Had Movants objected to each interrogatory on the grounds of numerousity and refused to answer any of them, we would all find ourselves where we are now, except in the context of a Plaintiff's motion to compel and this motion for a protective order.  For all of the these reasons, the Court should enter an order relieving Movants of any obligation to answer any of Nieman's interrogatories.

## B.    Movants Are Entitled to a Protective Order Relieving Them of Any Obligation to Answer Interrogatories and Requests for Production That Are Not Narrowly Tailored to Assist the Court in Resolving Movants' Qualified Immunity Defenses.

Movants were unable to locate case authorities speaking to this question:  may a party who has been served with more than 25 interrogatories object on the ground of numerousity alone, and reserve all other objections until there has been a judicial determination of which, if any, interrogatories are to be answered?  Reason suggests that the answer is "yes."  After all, the numerousity limitation exists because the Federal Rules' drafters (and the Supreme Court that approved them) have determined that having to object to and/or answer 25 interrogatories sets the presumptive limit on the burden that may be imposed by way of interrogatories.  Were it otherwise, a party could serve 100 interrogatories, and the responding party would be required,

Defendants Helton, Milam, and Merrell's Motion for a Discovery
Protective Order, Motion for Imposition of Sanctions, and Brief in Support
*Jason Nieman v. E. Street Investments, LLC et al.;* Civil Action No. 3:14cv3897-M                    Page 10

in addition to objecting to numerousity, prepare specific objections to all 100 or else risk waiving valid objections. Movants doubt that Rule 33 can be read to permit one party to abuse another in that fashion. But *c.f. In re Wiggins*, No. 99-06212, 2000 WL 33712300, at *1 (Bankr. D. Idaho Apr. 10, 2000) (interrogatory objections not included in a timely response are waived even if the objections are contained in a later untimely response, absent a showing of good cause).

Because there does not appear to be on-point case authority on the issue, Movants elect to present, in addition to the objections to numerousity, their request for a protective order relieving them of any obligation to answer Nieman's interrogatories that are not narrowly tailored to assist the Court in determining Movants' qualified immunity defenses. The substantial majority of Nieman's interrogatories fall into the category of such overbroad discovery.

"[Q]ualified immunity does not shield government officials from all discovery but only from discovery which is either avoidable or overly broad." *Lion Boulos v. Wilson,* 834 F.2d 504, 507 (5th Cir.1987); *see also Wicks v. Miss. State Emp't Servs.,* 41 F.3d 991, 994 (5th Cir. 1995). Limited discovery, for instance, may be allowed on the issue of qualified immunity if "the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity" and "the immunity defense sufficiently turn[s] on a factual issue requiring discovery." *See Wicks,* 41 F.3d at 995-97. Such discovery must be "narrowly tailored to uncover only those facts needed to rule on the immunity claim." *Id.* at 994.

Movants could take the position that Nieman is not entitled to engage in any discovery as to Movants pending a determination of their qualified immunity defenses.[1] Indeed, that is the position taken by the "Individual Parkland Defendants" in their motion for a discovery protective

---

[1] In *Wicks*, the court reminded that "[d]iscovery under *Lion Boulos,* however, must not proceed until the district court *first* finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Wicks,* 41 F.3d at 994 (emphasis in original). Now that Nieman has filed his Rule 7(a) reply, Movants intend to file Rule 12(c) motions seeking dismissal of at least some of Nieman's claims on the basis of immunity.

Defendants Helton, Milam, and Merrell's Motion for a Discovery
Protective Order, Motion for Imposition of Sanctions, and Brief in Support
*Jason Nieman v. E. Street Investments, LLC et al.;* Civil Action No. 3:14cv3897-M          Page 11

order (*see* ECF #139), and that position certainly is supported by the case authorities.  *See*, for example, *Rhodes v. Prince,* No. 3:05cv2343-D, 2006 WL 954023, at *1 (N.D. Tex. Apr. 11, 2006) (Fitzwater J.) (citing *Wicks*, 41 F.3d at 994) (ruling that the decision whether to allow discovery must await the magistrate judge's assessment of whether the plaintiff's rule 7(a) reply was sufficient to overcome the defendants' claims of qualified immunity or is otherwise adequate to warrant his obtaining limited discovery because even limited discovery "must not proceed until the district court *first* finds that a plaintiffs' pleadings assert facts which, if true would overcome the defense of qualified immunity") (emphasis in original); *Gilbert v. City of Dallas*, No. 3:99cv1463X, 2000 WL 748153, at *1 (N.D. Tex. June 8, 2000) (Boyle, M.J.) ("Under the *Lion Boulos* test, discovery must not proceed until the District Court first finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity.") (citing *Wicks*, 41 F.3d at 995.

However, after considering Nieman's Rule 7(a) reply, Movants believe that some of Movants' qualified immunity defenses may turn on factual issues requiring limited discovery. Therefore, Movants seek a protective order only as to those interrogatories, or subparts, that are not narrowly tailored to the immunity inquiry.  Accordingly, Movants seek an order relieving them of any obligation to answer the following interrogatories until such time as the Court has determined Movants' immunity defenses.  Movants assert that the following interrogatories fail to meet the narrow tailoring test, because the information sought will not assist the Court in its determination of whether Movants' actions could have been believed to be lawful:

### 1.     Nieman's first set of interrogatories to Dwaine Helton and Michael Milam

<u>Interrogatory 1</u>:  Other than the fact of Helton's and Milam's employment by the City of Dallas and the nature of that employment, which would establish that they were governmental officials

Defendants Helton, Milam, and Merrell's Motion for a Discovery
Protective Order, Motion for Imposition of Sanctions, and Brief in Support
*Jason Nieman v. E. Street Investments, LLC et al.;* Civil Action No. 3:14cv3897-M                    Page 12

who were exercising discretionary authority, the other information Nieman seeks is irrelevant to the immunity inquiry.

Interrogatories 2, 3, and 6:  None of the information that Nieman seeks will assist the Court in determining whether a reasonable paramedic or police officer could have believed that Helton's or Milam's actions with respect to Nieman were lawful.

Interrogatory 7:  This interrogatory is overbroad to the extent that it seeks information regarding the actions of persons other than Helton, Milam, or Merrell.  Information regarding the "nature and extent of involvement of other persons" is irrelevant unless it affected Movants' conduct.

Interrogatory 8:  This interrogatory is overbroad to the extent that it seeks information regarding persons who have knowledge of facts that do not concern Helton's, Milam's, or Merrell's actions that Nieman alleges violated his constitutional rights.

Interrogatory 9:  This interrogatory is overbroad to the extent that it seeks information regarding actions or communications that do not bear on Movants' actions that Nieman asserts violated his constitutional rights.

Interrogatories 10 and 14:  An interrogatory that directs a party to list "each and every fact" is improper, even if directed solely to the immunity inquiry.

Interrogatory 15:  The omission of the primary question renders this interrogatory nonsensical, and so Movants are unable to determine to what extent it refers, if at all, to the immunity inquiry.

Interrogatory 16:  This interrogatory is ambiguous in its reference to "any related issues," in that it does not reasonably apprise Movants what information Nieman seeks.  Moreover, unless the unidentified "related issues" will assist the court in determining Helton's or Milam's entitlement to qualified immunity, the interrogatory is unnecessary, avoidable, and impermissibly overbroad.

Interrogatory 17:  This interrogatory is ambiguous in its reference to "the events at issue in this litigation," in that it does not reasonably apprise Movants what information Nieman seeks.  Moreover, unless the unidentified "events at issue" will assist the court in determining Helton's or Milam's entitlement to qualified immunity, the interrogatory is unnecessary, avoidable, and impermissibly overbroad.

Interrogatories 18 and 20:  These interrogatories are not narrowly tailored to facts that will assist the Court in its resolution of Movants' entitlements to qualified immunity.  Movants also note that these interrogatories are objectionable because information relating to meetings with counsel are protected from disclosure by attorney-client privilege or the attorney work-product doctrine.

## 2.    Nieman's first set of interrogatories to Jessica Merrell

Interrogatory 1:  Other than the fact of Merrell's employment by the City of Dallas and the nature of that employment, which would establish that she was a government official who was exercising her discretionary authority, the other information that Nieman seeks is irrelevant to the immunity inquiry.

Defendants Helton, Milam, and Merrell's Motion for a Discovery
Protective Order, Motion for Imposition of Sanctions, and Brief in Support
*Jason Nieman v. E. Street Investments, LLC et al.*; Civil Action No. 3:14cv3897-M                    Page 13

Interrogatories 2, 3, and 6:  None of the information that Neiman seeks will assist the Court in determining whether a reasonable officer could have believed that Merrell's actions with respect to Nieman were lawful.

Interrogatory 7:  This interrogatory is overbroad to the extent that it seeks information regarding the actions of persons other than Helton, Milam, or Merrell.

Interrogatory 8:  This interrogatory is overbroad to the extent that it seeks information regarding persons who have knowledge of facts that do not concern Helton's, Milam's, or Merrell's actions that Nieman alleges violated his constitutional rights.  Furthermore, Nieman's reference to "other events" is ambiguous, because it does not reasonably apprise Movants what information Nieman seeks, which may not pertain to the immunity inquiry.

Interrogatory 9:  This interrogatory is overbroad to the extent that it seeks information regarding actions or communications that do not bear on Movants' actions that Nieman asserts violated his constitutional rights.  Moreover, unless the unidentified "events at issue" will assist the court in determining Merrell's entitlement to qualified immunity, the interrogatory is unnecessary, avoidable, and impermissibly overbroad.

Interrogatories 10 and 11:  An interrogatory that directs a party to list "each and every fact" is improper, even if directed solely to the immunity inquiry.

Interrogatory 13:  This interrogatory is ambiguous in its reference to "any related issues," in that it does not reasonably apprise Movants of what information Nieman seeks.  Further, unless the unidentified "related issues" will assist the court in determining Merrell's entitlement to qualified immunity, the interrogatory is unnecessary, avoidable, and impermissibly overbroad.

Interrogatory 14:  This interrogatory is ambiguous in its reference to "the events at issue in this litigation," in that it does not reasonably apprise Movants of what information Nieman seeks. Further, unless the unidentified "events at issue" will assist the court in determining Merrell's entitlement to qualified immunity, the interrogatory is unnecessary, avoidable, and impermissibly overbroad.

Interrogatory 15:  This interrogatory is not narrowly tailored to facts that will assist the Court in its resolution of Movants' entitlements to the qualified immunity defense.  Movants also note that these interrogatories are objectionable because information relating to meetings with counsel are protected from disclosure by attorney-client privilege or the attorney work-product doctrine.

### 3.    Nieman's second set of interrogatories to all Movants

These interrogatories relate to the factual and legal bases for Movants' counterclaims for

attorney's fees and costs under 42 U.S.C. § 1988.  None of the information that Nieman seeks in

these interrogatories will assist the Court in determining whether a reasonable government actor

could have believed that Movants' conduct was lawful.

Defendants Helton, Milam, and Merrell's Motion for a Discovery
Protective Order, Motion for Imposition of Sanctions, and Brief in Support
*Jason Nieman v. E. Street Investments, LLC et al.;* Civil Action No. 3:14cv3897-M                    Page 14

####       4.       **Nieman's first requests for production to all Movants**

<u>Requests for Production 1, 2, 3, 4, and 7</u>:  None of the information that Nieman requests will assist the Court in determining whether a reasonable paramedic or police officer could have believed that Movants' actions with respect to Nieman were lawful.  Movants' personnel files-particularly with regard to other incidents or discipline (Request No. 1), copies of files, lawsuits, claims, etc. with regard to other incidents or discipline (Request No. 2); copies of internal affairs complaints or investigations with regard to other incidents (Request No. 3); listings of claims settled or paid by the City in other instances (Request No. 4); and copies of any collective bar-gaining agreement with respect to the DPD or DF-R (Request No.7) will not assist the Court to determine whether a reasonable police officer or paramedic could have believed that Movants' actions with respect to Nieman were lawful.

<u>Request for Production 5</u>:  This production request is not narrowly tailored to facts that will assist the Court in its resolution of Movants' entitlements to the qualified immunity defense.  In particular, "policy guides, manuals, or standing orders" as to "Corrections manuals," "Complaint filing procedures," "Disciplinary procedures," "Monitoring and/or tracking of complaints and investigations thereof," and "Monitoring and/or tracking of complaints and/or lawsuits related to same" will not assist the Court in determining whether a reasonable police officer or paramedic could have believed that Movants' actions with respect to Nieman were lawful.

<u>Request for Production 10</u>:  This production request is not narrowly tailored to facts that will assist the Court in its resolution of Movants' entitlements to the qualified immunity defense.  In fact, with the possible exceptions of certifications that would establish each Movant's status as a public official at the time of their encounter with Nieman, none of the materials that Nieman seeks is relevant to the qualified immunity inquiry.

<u>Request for Production 11</u>:  This production request is not narrowly tailored to facts that will assist the Court in its resolution of Movants' entitlements to the qualified immunity defense.  In fact, with the exceptions of listed materials that pertain to Movants' respective actions, none of the materials that Nieman seeks is relevant to the qualified immunity inquiry because it will not assist the Court in determining whether a reasonable police officer or paramedic could have be-lieved that Movants' actions with respect to Nieman were lawful.

<u>Request for Production 12 and 13</u>:  These requests are akin to an interrogatory that seeks "all facts," and is improper because it fails to specify with reasonable particularity the documents to be produced.  Nieman appears to be asking Movants to marshal all materials that Movants believe support their affirmative defenses (Request No. 12), and to marshal all materials that Movants believe disprove their affirmative defenses (Request No. 13).

<u>Request for Production 14</u>:  This request fails to describe with reasonable particularity the items to be produced, because it refers to documents "including, but not necessarily limited to" specifi-cally identified items.  By its own terms, this request seeks materials that will not assist the Court in determining whether a reasonable police officer or paramedic could have believed that Movants' action with respect to Nieman were lawful.  Movants agree to produce the specifically identified items, as those items appear to be reasonably related to the immunity inquiry.

Defendants Helton, Milam, and Merrell's Motion for a Discovery
Protective Order, Motion for Imposition of Sanctions, and Brief in Support
*Jason Nieman v. E. Street Investments, LLC et al.*; Civil Action No. 3:14cv3897-M                    Page 15

Request for Production 15:  This request for production is not narrowly tailored to facts that will assist the Court in its resolution of Movants' entitlements to the qualified immunity defense. Moreover, Movants note that documents that "in any way relates to or discusses" Nieman in any way implicates items protected from disclosure by attorney-client privilege or by the attorney work-product doctrine.

      **5.**      **Nieman's second requests for production to all Movants**

These production requests relate to the factual and legal bases for Movants' counter-claims for attorney's fees and costs under 42 U.S.C. § 1988.   None of the information that Nieman seeks in these interrogatories will assist the Court in determining whether a reasonable government actor could have believed that Movants' conduct was lawful.

Because the foregoing interrogatories and requests for production either in whole or in part are not narrowly tailored to uncover facts that would assist the Court in deciding Movants' respective entitlements to qualified immunity, Movants are entitled to an order relieving them of any obligation to further object to, respond to, or answer the interrogatories and requests for production as described above.

**C.**      **Movants Are Entitled to a Protective Order Relieving Them of Any Obligation to Make Rule 26(a)(1) Initial Disclosures Until Such Time as the Court Has Made a Judicial Determination of Movants' Entitlement to Qualified Immunity.**

Movants seek an order relieving them of any obligation to make Rule 26(a)(1) initial disclosures until such time as the Court has made a judicial determination of Movants' entitle-ments to qualified immunity.  The bases for Movants' request is hardly novel.  Initial disclosures are a form of "automatic" discovery, which supplant the need for parties to tender interrogatories seeking the identity of witnesses and documents that the disclosing party may use to support its claims or defenses.  However, *Harlow*, *Jacquez*, and *Wicks* all stand for the general proposition that a civil rights plaintiff is not entitled to discovery as to a public official asserting qualified immunity until the official's immunity has been resolved, except for limited discovery that is

Defendants Helton, Milam, and Merrell's Motion for a Discovery
Protective Order, Motion for Imposition of Sanctions, and Brief in Support
*Jason Nieman v. E. Street Investments, LLC et al.*; Civil Action No. 3:14cv3897-M      Page 16

necessary for the court to rule on the immunity defense. And, even then, no discovery should be permitted unless and until the court has determined that the plaintiff's pleadings (and Rule 7(a) reply, if ordered) sufficiently plead facts to overcome any pleaded immunity defense.

Thus, the question is not whether Movants should be required to make initial disclosures, but whether there is authority to require initial disclosures until Nieman has shown that Rule 26(a)(1) information is necessary to resolve Movants' immunity claims. A requirement that a government official demonstrate that initial disclosures are improper, rather than requiring a plaintiff to demonstrate the need for the discovery, places the burden on the wrong party and tends to eviscerate the immunity from the burdens of suit provided by the qualified immunity doctrine.

Although it has been this Court's practice to grant government officials sued in their individual capacities protection from making Rule 26(a)(1) disclosures, few cases directly speak to the issue. However, *Burkett v. Kenner Police Department*, No. 02-1858, 2003 WL 1340294 (E.D. La. Mar. 14, 2003), is instructive because it contains parallels to the case here. In *Burkett*, the plaintiff sought initial disclosures by an individual defendant, the chief of police. While the court found that the plaintiff's Rule 7(a) reply met the "heightened pleading" requirements and ordered limited discovery as to the identity of unidentified police officers, the court also found that the plaintiff's Rule 7(a) reply was insufficient as to the chief of police. Therefore, the court ordered that no discovery, including Rule 26(a)(1) disclosures, be permitted as to the chief. That is the situation here, where there has not yet been a determination as to whether Nieman's Rule 7(a) reply adequately pleads facts to overcome Movants' pleaded immunity facts. The same rule should apply here. Movants should not be required to make Rule 26(a)(1) disclosures until the

Defendants Helton, Milam, and Merrell's Motion for a Discovery
Protective Order, Motion for Imposition of Sanctions, and Brief in Support
*Jason Nieman v. E. Street Investments, LLC et al.;* Civil Action No. 3:14cv3897-M          Page 17

Court has made a judicial determination of the sufficiency of Nieman's pleadings, at the earliest.[2]

The Court should also note that Nieman cannot show that initial disclosures by Movants are either limited or necessary to resolve Movants' immunity defenses.  In fact, the situation is precisely the opposite.  Initial disclosures require identification of the names and contact information of *each* individual likely to have discoverable information that may be used to support *all* claims and defenses.  That disclosure requirement is quite "broad ranging," and goes far beyond the scope of discovery needed to clarify the facts necessary for the Court to determine Movants' immunity defenses.  Likewise, initial disclosures require providing copies or descriptions of the documents that may be used to support *all* claims and defenses.  That requirement is as "broad ranging" as the first, and no more limited in scope.  Together, the initial disclosures requirements are not narrowly tailored to uncover only information that may assist the Court in its resolution of Movants' qualified immunity, and the disclosure burden is imposed before it has even been determined that Nieman's pleadings satisfy heightened pleading.  The remaining initial disclosure obligations, computation of damages claimed by the disclosing party, and production of any insurance or indemnification agreements, are wholly irrelevant to the immunity inquiry.

In summary, it is clear that initial disclosures are a form of discovery, and that they are broad ranging and not narrowly tailored to uncover only those facts that will assist the Court in determining entitlement to qualified immunity.  Further, initial disclosures directed to individual governmental defendants are improper because they impose a discovery obligation before it has been determined that a plaintiff's complaint (and Rule 7(a) reply) satisfy heightened pleading.  For these reasons, the Court should grant Movants a protective order relieving them of any obli-

---

[2] The Court's Pretrial Scheduling Order does not set a deadline for the filing of pleadings-based qualified immunity dispositive motions, or for summary judgment motions based upon qualified immunity.  Nonetheless, Movants are mindful of the Supreme Court's admonition that qualified immunity defenses should be resolved as soon as possible.  Therefore, Movants intend to file Rule 12(c) motions within the next thirty days.

Defendants Helton, Milam, and Merrell's Motion for a Discovery
Protective Order, Motion for Imposition of Sanctions, and Brief in Support
*Jason Nieman v. E. Street Investments, LLC et al.;* Civil Action No. 3:14cv3897-M            Page 18

gation to serve Rule 26(a)(1) disclosures until such time as the Court has determined Movants' entitlements to qualified immunity.

### D.    Movants Are Entitled Their Reasonable Attorney's Fees Incurred in Making Their Motion for a Protective Order.

Rule 26(c)(1) provides that a party from whom discovery is sought may move for a protective order, and the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Movants have shown that good cause exists to protect them from undue burdens imposed by Nieman's discovery, in that (1) Nieman's interrogatories patently exceed the Rule 33(a)(1) limit of 25 interrogatories; (2) the bulk of Nieman's interrogatories to Movants are unduly burdensome because the interrogatories are not narrowly tailored to uncover information necessary to resolve Movants' qualified immunity defenses, and as such the interrogatories are both unnecessary and avoidable; (3) the bulk of Nieman's requests for production are not narrowly tailored to uncover information necessary to resolve Movants' qualified immunity defenses, and as such the production requests are both unnecessary and avoidable.

Rule 26(c)(1) also provides that the Court may take actions that include:

(A)     forbidding the disclosure or discovery;

. . .

(D)     forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters.

Movants have shown that they are entitled to both forms of relief.

Rule 26(c)(3) provides that Rule 37(a)(5) applies to an award of expenses when the Court grants a motion for a protective order.  If the court grants a motion for a protective order, the court must "require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in

Defendants Helton, Milam, and Merrell's Motion for a Discovery
Protective Order, Motion for Imposition of Sanctions, and Brief in Support
*Jason Nieman v. E. Street Investments, LLC et al.;* Civil Action No. 3:14cv3897-M                    Page 19

making the motion, including the attorney's fees." *Murphy v. Kmart Corp.*, 255 F.R.D. 497, 518 (D.S.D. 2009).   However, the Court should not order such payment if the Movants filed their motion before attempting to resolve the dispute in good faith, if Nieman's conduct was substantially justified, or if other circumstances make an award of expenses unjust.   *See* Fed. R. Civ. P. 37(a)(5)(A)(i)–iii.   Rule 37(a)(5)(A) also provides that, before any sanctions may be imposed, Nieman must be provided with an opportunity to be heard on the issue of attorney's fees.   For the reasons that follow, Movants contend that they are entitled to their attorney's fees incurred.

First, the e-mail exchanges included in Movants' appendix reveal extensive efforts by the Movants to resolve this dispute in good faith before filing a motion for a protective order.   (*See* Appx. at 68-79.)   Movants' 12 August 2015 letter to Nieman set out very plainly the bases for Movants' contentions, as did Movants' subsequent e-mails to Nieman.   (*Id*. at 61-67.)   Movants offered reasonable options to resolve the issues.   (*Id.* at 66.)   Nieman rebuffed Movants at every turn.   Nieman's extensive responses almost seem calculated to deflect the discussion away from the pertinent issues:   whether his discovery to Movants complied with the requirements of the Federal Rules of Civil Procedure, and whether his discovery was narrowly tailored to address the qualified immunity issues.

Second, Nieman's conduct was not substantially justified.   Nieman stubbornly refused to acknowledge that he exceeded the 25 interrogatory limit as to each of the Movants, and even a third grader could see that this is so as to Helton and Milam, where the *numbered* interrogatories alone exceed 25 as to each of them.   As to Merrell, it is simply inconceivable that Neiman, who appears to be well educated, could fail to perceive that he propounded more than 25 interrogatories, including discrete subparts.   As for the limitations imposed on discovery directed to the Movants as a consequence of their qualified immunity defenses, Nieman seems to have bent over

Defendants Helton, Milam, and Merrell's Motion for a Discovery
Protective Order, Motion for Imposition of Sanctions, and Brief in Support
*Jason Nieman v. E. Street Investments, LLC et al.*; Civil Action No. 3:14cv3897-M                    Page 20

backward to try to twist to his advantage the plain language of *Lion Boulos*.  None of Nieman's arguments or positions have even arguable merit.

Third, no other circumstances make an award of Movants' expenses unjust.  This Court is well aware that Nieman has brought suit against dozens of business entities, governmental units, and individuals.  This Court already has recommended the dismissal of the substantial majority of Nieman's claims at the initial pleading stage alone, and still other pleadings-based motions are to be filed.  The Court can surmise the likely toll Nieman's ill-advised litigation has exacted on the budgets of the governments and businesses who have had to defend against Nieman's insubstantial claims.  There is nothing unjust about requiring Nieman to reimburse the City of Dallas's taxpayers for the costs of his intransigence in connection with this motion.

Accordingly, if the Court is inclined to award Movants their attorney's fees incurred in bringing this motion, Movants urge that the Court should direct that Movants file with the Court an affidavit and costs memorandum detailing their reasonable expenses, including attorney's fees incurred in connection with this motion, that Nieman then be provided an opportunity to file a memorandum responding to Movants' fee application that details his positions on the propriety of Movants' fee request, and that the Court make a final determination concerning the amount of the sanctions award against Nieman from those additional filings.

### III.    CONCLUSION

Movants have shown that they are entitled to a discovery protective order because (1) Nieman has propounded more than 25 interrogatories, including discrete subparts, to each of the Movants; (2) many of Nieman's interrogatories and requests for production are not narrowly tailored to uncover only those facts that will assist the Court in determining Movants' qualified immunity defenses; and (3) the Rule 26(a)(1) initial disclosure requirements are overly broad and

Defendants Helton, Milam, and Merrell's Motion for a Discovery
Protective Order, Motion for Imposition of Sanctions, and Brief in Support
*Jason Nieman v. E. Street Investments, LLC et al.*; Civil Action No. 3:14cv3897-M          Page 21

unduly burdensome as to Movants because the information required to be disclosed will not assist the Court in determining Movants' qualified immunity defenses.   Further, Movants are entitled to an order requiring Nieman to pay Movants' reasonable expenses, including attorney's fees, incurred in securing a protective order because Movants attempted in good faith to resolve the disputes prior to filing this motion, Nieman's conduct is not substantially justified, and there are no other circumstances that would make an award of Movants' expenses unjust.   For these reasons, the Court should grant Movants the relief that they seek.

WHEREFORE, Movants, Dwaine Helton, Michael Milam, and Jessica Merrell, pray that the Court enter an order granting them the relief sought in this motion, and all other relief to which they are entitled that is consistent with this motion.

Defendants Helton, Milam, and Merrell's Motion for a Discovery
Protective Order, Motion for Imposition of Sanctions, and Brief in Support
*Jason Nieman v. E. Street Investments, LLC et al.;* Civil Action No. 3:14cv3897-M                    Page 22

Respectfully submitted,

WARREN M.S. ERNST
Dallas City Attorney

*s/ Jason G. Schuette*
Executive Assistant City Attorney
Texas Bar No. 17827020
jason.schuette@dallascityhall.com

James C. Butt
Senior Assistant City Attorney
Texas Bar No. 24040354
james.butt@dallascityhall.com

Tatia R. Wilson
Senior Assistant City Attorney
Texas Bar No. 00795793
tatia.wilson@dallascityhall.com

City Attorney's Office
1500 Marilla Street, Room 7B North
Dallas, Texas 75201
Telephone:     214-670-3519
Telecopier:    214-670-0622

*Attorneys for Defendants City of Dallas,*
*Texas, John McKinney, Dwaine N. Helton*
*Michael Milam, and Jessica L. Merrell*

## CERTIFICATE OF CONFERENCE
## AND RULE 26(c)(1) CERTIFICATION

The undersigned certifies that on 12, 15, and 16 August 2015, he conferred via e-mail with Plaintiff, Jason Nieman, regarding the filing and merits of this motion.  Agreement could not be reached because Nieman asserts that he has not exceeded the limit of 25 interrogatories that may be served to each party; that there are no limitations on any discovery served to government officials who assert entitlement to qualified immunity because the Court has not ordered discovery to be limited in that manner; that the Movants must serve 26(a)(1) initial disclosures; and that Movants are not entitled to attorney's fees if they are successful in obtaining a discovery protective order.  Movants' counsel certifies that he have in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.  Being unsuccessful in that effort, Movants are obligated to file this motion and seek a judicial remedy.

*s/ J. G. Schuette*
Executive Assistant City Attorney

Defendants Helton, Milam, and Merrell's Motion for a Discovery
Protective Order, Motion for Imposition of Sanctions, and Brief in Support
*Jason Nieman v. E. Street Investments, LLC et al.;* Civil Action No. 3:14cv3897-M          Page 23

## CERTIFICATE OF SERVICE

I certify that on 19 August 2015 I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the CM/ECF electronic case filing system of the court. The electronic case filing system will send a "Notice of Electronic Filing" notification to all case participants registered for electronic notice, including the following *pro se* parties and/or attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Jason Nieman
225 Crooked Court
Jacksonville, Florida 32259
*Plaintiff pro se*

William Andrew Messer
Brett Gardner
Messer, Rockefeller & Fort, P.L.L.C.
6351 Preston Road, Suite 350
Frisco, Texas 75034
*Attorneys for Defendants Amanda Garcia, R.N.,*
*Katherine M. Mapula, R.N., Catherine Lewis Neal, M.D.,*
*Kristie Louann Brown, R.N., Luis Roman Tavaras, M.D.,*
*Jason Gregory Smith, M.D., Nicholas S. Clarke, M.D.,*
*Jay Kun Lee, M.D., Daniel Lee Marion, R.N., and*
*Nancy Schierding*

David Luningham
Joshua D. Kornely
Watson, Caraway, Midkiff & Luningham, L.L.P.
309 West 7th Street
1600 Oil & Gas Building
Fort Worth, Texas 76102
*Attorneys for Defendants Dallas County Hospital*
*District d/b/a Parkland Health & Hospital System and*
*Frederick P. Cerise, M.D.*

Philipa M. Remington
Cathryn R. Paton
Thiebaud, Remington, Thornton, Bailey LLP
Two Energy Square
4849 Greenville Avenue, Suite 1150
Dallas, Texas 75206
*Attorneys for Defendants Suhny Abbara, M.D.,*
*Alexander Eastman, M.D., Nhan Le, M.D.,*
*Kyle Molberg, M.D., Ellen Jane O'Connell, M.D.,*

Defendants Helton, Milam, and Merrell's Motion for a Discovery
Protective Order, Motion for Imposition of Sanctions, and Brief in Support
*Jason Nieman v. E. Street Investments, LLC et al.*; Civil Action No. 3:14cv3897-M                    Page 24

*Jeffrey Pruitt, M.D., Gina Sims Cho, M.D., and*
*Anthony Whittemore, M.D.*

Joelle G. Nelson
Chaz D. Klaes
Galloway, Johnson, Tompkins, Burr & Smith
1301 McKinney Street, Suite 1400
Houston, Texas  77010
*Attorneys for Defendants E Street Investments, LLC*
*d/b/a Concrete Cowboy, Jonathan Valz, and Rico Taylor*

s/ *J. G. Schuette*
Executive Assistant City Attorney

Defendants Helton, Milam, and Merrell's Motion for a Discovery
Protective Order, Motion for Imposition of Sanctions, and Brief in Support
*Jason Nieman v. E. Street Investments, LLC et al.;* Civil Action No. 3:14cv3897-M                    Page 25