UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JASON NIEMAN,  §  <br>         Plaintiff, § <br> § <br> v.  § No. 3:14-CV-3897-M (BF) <br> § <br> CITY OF DALLAS, et al., § <br>         Defendants. § | |

# MEMORANDUM OPINION & ORDER

Before the Court are (1) Plaintiff's Motion for Relief Under Rule 60(b) from the Court's Order of Dismissal [DKT. 153] as to the Causes Against City of Dallas Defendant John McKinney [D.E. 154]; (2) Plaintiff's Motion for Relief Under Rule 60(b) from the Court's Order of Dismissal [DKT. 152] as to the Causes Against the City of Dallas, Texas [D.E. 155]; and (3) Plaintiff's Motion for Relief Under Rule 60(b) from the Court's Order of Dismissal [DKT. 157] as to the Causes Against the Defendant DCHD/Parkland [D.E. 159]. For the reasons stated below, Plaintiff's motions for relief under Federal Rule of Civil Procedure ("Rule") 60(b) [D.E. 154, 155, 159] are DENIED.

## Background

Plaintiff Jason Nieman ("Plaintiff") brings this suit alleging personal injury and violations of his civil rights under Title 42, United States Code, Section 1983 ("Section 1983") in connection with events that took place on September 14, 2014 at Concrete Cowboy located on Cedar Springs Road in Dallas, Texas. *See* Am. Compl. [D.E. 16 at 24]. On that night, Plaintiff contends that he consumed 4 glasses of wine with dinner between 6:00 p.m. and 9:00 p.m. at a restaurant located at the Adolphus Hotel, but that he was not intoxicated when he left the restaurant. *See id.* [D.E. 16 at 24]. Plaintiff states that at approximately 9:00 p.m., he went to a nearby venue, OE Penguin, in search of a karaoke bar, but upon discovering that there was no karaoke at that location, Plaintiff

proceeded to the Concrete Cowboy with an individual named "Jason" and an unidentified female companion. *See id.* [D.E. 16 at 24]. Plaintiff states that he does not recall consuming any alcoholic beverages at OE Penguin. *See id.* [D.E. 16 at 24].

Plaintiff states that upon arriving at Concrete Cowboy, he consumed a beverage given to him by Jason which he believed to be vodka and Red Bull, but was contaminated with a drug appearing to have been Gamma Hydroxybutyrate ("GHB") or Rohypnol. *See id.* [D.E. 16 at 24-25]. Within a few minutes of consuming the contaminated beverage, Plaintiff contends that his judgment, physical control and memory were greatly compromised, but that the staff at Concrete Cowboy and police officers on site failed to reasonably prevent and/or detect the "drugging incident," and that the staff at Concrete Cowboy allowed Plaintiff to be provided more alcoholic beverages despite his obviously compromised condition. *See id.* [D.E. 16 at 25]. Plaintiff contends that shortly after, he was attempting to "escape the clutches" of Jason and his unidentified female companion when he fell on a staircase at Concrete Cowboy which he believes was caused by the combination of: (1) the consumption of the contaminated beverage; (2) the defective and/or dangerous condition of the staircase and/or handrail; and (3) inadequate lighting in the staircase. *See id.* [D.E. 16 at 25-26]. Plaintiff contends that he "suffered a hard fall with a serious facial/cranial impact." *See id.* [D.E. 16 at 26]. Plaintiff states that as a result of his fall, he "suffered a deep abrasion/laceration to his nose, a serious nasal contusion, [and a] non-serious concussion." *See id.* [D.E. 16 at 26].

Plaintiff contends that he encountered the owner of Concrete Cowboy and two Dallas police officers shortly after midnight, all of whom, despite the fact that they "could see that Plaintiff [] was impaired" and "could see that [he] had suffered at least a moderately serious facial/head injury and were advised that such injuries were the result of a fall on the premises, . . . simply allowed [him]

to walk on, despite his obviously compromised state." *See id.* [D.E. 16 at 26]. Plaintiff alleges that at approximately 12:45 a.m. on September 15, 2014, paramedics Dwaine N. Helton and Michael Milam captured and kidnapped him, using unreasonable physical force, and transported him to Parkland. *See id.* [D.E. 16 at 26]. Plaintiff contends that as "a reasonable person trying to free himself from unlawful and/or unreasonable restraint, battery, and/or detention, Plaintiff struggled and growled/yelled, demanding to be released." *See id.* [D.E. 16 at 27]. Plaintiff further states that his "yells were such that some saliva unintentionally escaped his mouth as he made his pleas," but that he never attempted "to bite or injure Defendants Helton, Milam, or anyone else." *See id.* [D.E. 16 at 27]. Furthermore, Plaintiff alleges that Defendant Jessica L. Morrell, a City of Dallas law enforcement officer, violated her duty to prevent the paramedics from kidnapping Plaintiff against his will and transporting him to Parkland. *See id.* [D.E. 16 at 28]. Furthermore, Plaintiff alleges that Officer Morell later created an Apprehension by a Peace Officer Without Warrant ("APOWW") form to make it appear that Plaintiff's capture, imprisonment and battery were lawful. *See id.* [D.E. 16 at 28].

Plaintiff alleges that in the early morning of September 15, 2014, he was held captive at Parkland and that the staff at Parkland, without his consent, "cut off his clothes, destroying his shirt, pants, and underwear, and stole his wallet, money, identification, credit cards, insurance cards, cellular phone, and related items from him by way of strong arm robbery and/or robbery [b]y virtue of restraint and/or medication." *See id.* [D.E. 16 at 29-30]. However, Plaintiff states that by approximately 1:45 p.m. of that same day, his clothing, wallet and telephone were returned to him and he was released from Parkland. *See id.* [D.E. 16 at 34]. Plaintiff alleges that he was subjected to numerous unauthorized procedures and treatments during his transportation to and during his stay

at Parkland. *See id.* [D.E. 16 at 27-34]. Plaintiff further contends that "[a]t no time did [he] give any relevant Defendant consent for treatment or billing, nor did he ever consent to this outrageous intrusion as to his personal privacy." *See id.* [D.E. 16 at 30].

On July 21, 2015, the United States Magistrate Judge recommended that the Court grant the City of Dallas' motions to dismiss. *See* Recommendation [D.E. 111]. On July 22, 2015, the United State Magistrate Judge recommended that the Court grant Defendant John McKinney's ("McKinney") motion to dismiss. *See* Recommendation [D.E. 112]. On July 30, 2015, the United States Magistrate Judge recommended that the Court grant Defendant Dallas County Hospital District d/b/a Parkland Health & Hospital System's ("Parkland") motion to dismiss [D.E. 126]. On August 27, 2015 and August 28, 2015, the Court accepted the Magistrate Judge's recommendations to dismiss Plaintiff's claims against Parkland, the City of Dallas, and McKinney. *See* Orders [D.E. 152, 153, 157]. On August 28, 2015, Plaintiff filed his motions for relief under Rule 60(b). *See* Mots. [D.E. 154, 155, 159]. Parkland, the City of Dallas and McKinney have not filed responses to Plaintiff's motions for relief under Rule 60(b).

**<u>Standard of Review</u>**

Rule 60(b) provides that:

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

FED. R. CIV. PROC. 60(b)(1)-(6). "Th[e] [Fifth] [C]ircuit has stated: [t]ypically, '[m]otions under

Rule 60(b) are directed to the sound discretion of the district court, and its denial of relief upon such motion will be set aside on appeal only for abuse of that discretion.'" *Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998) (quoting *Seven Elves v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981)). "Under this standard, '[i]t is not enough that the granting of relief might have been permissible, or even warranted-denial must have been so unwarranted as to constitute an abuse of discretion.'" *Pettle v. Bickham*, 410 F.3d 189, 191 (5th Cir. 2005) (quoting *Eskenazi*, 635 F.2d at 402). The Fifth Circuit has "consistently held that the relief under Rule 60(b) is considered an extraordinary remedy and that the desire for a judicial process that is predictable mandates caution in reopening judgments." *Id.* (quoting *Fenner*, 136 F.3d at 1007; *Bailey v. Ryan Stevedoring Co., Inc.*, 894 F.2d 157, 160 (5th Cir. 1990)) (internal quotations and alterations omitted).

## Discussion

Plaintiff includes substantially the same arguments in his three motions for reconsideration. *See* Mots. [D.E. 154; D.E. 155; D.E. 159]. Plaintiff asks the Court to dismiss Plaintiff's claims against Parkland, the City of Dallas and McKinney without prejudice and grant him leave to file a second amended complaint. *See id*. [D.E. 154 at 2, 6; D.E. 155 at 2, 6; D.E. 159 at 2, 5]. Plaintiff argues that "the Court has potentially committed reversible error by not allowing him leave to amend, and/or in not enumerating specifically the reasons for refusing such leave . . . ." *See id.* [D.E. 154 at 2; D.E. 155 at 2; D.E. 159 at 2]. However, the Court notes that Plaintiff never filed a motion for leave to file a second amended complaint. The Court observes that on July 20, 2015, Plaintiff initially asked the Court to dismiss his claims against a defendant in this case "without prejudice so as to allow the filing of a motion seeking leave to file an amended complaint . . . ." *See* Pl.'s Obj. [D.E. 109 at 24]. However, as of the date of this Memorandum Opinion and Order, the docket still

does not reflect that Plaintiff filed a motion for leave to file a second amended complaint. Furthermore, Plaintiff argues that he has not pleaded his best case because he "has been deprived of access to various documents and/or materials in the possession of the Defendants that would aid in verifying (1) other persons who have been subjected to similar abuse, assault, false imprisonment, false arrest, and/or constitutional violations, (2) deliberate indifference as to such practices and/or routine falsification/editing of records by City of Dallas police and/or fire officials with the intention of avoiding or defeating otherwise lawful allegations." *See id.* [D.E. 154 at 3; D.E. 155 at 3; D.E. 159 at 3]. Because the dispositive motions before the Court are motions to dismiss, not motions for summary judgment, the Court takes as true Plaintiff's factual allegations. Therefore, documents that verify Plaintiff's allegations would not assist Plaintiff nor the Court if Plaintiff failed to allege viable causes of action. As previously discussed, Plaintiff's Amended Complaint alleges in great specificity the facts underlying Plaintiff's causes of action. *See* Am. Compl. [D.E. 16].

Plaintiff does not specify which provision(s) under Rule 60(b) applies to his motions for relief. Plaintiff (1) does not appear to contend that he is moving under Rule 60(b)(1) on the basis of mistake, inadvertence, surprise, or excusable neglect; (2) Rule 60(b)(2) is not applicable because Plaintiff is not moving for a new trial; (3) while Plaintiff may be contending that he is entitled to relief under Rule 60(b)(3) due to misconduct by the defendants in depriving him access to various documents, his statements are conclusory and do not permit the Court to determine whether any misconduct actually occurred, and as previously discussed, Plaintiff does not need documents to verify his allegations at the motion to dismiss stage; and (4) Rule 60(b)(4) and Rule 60(b)(5) are not applicable because a judgment has not yet been entered in this case. *See* FED. R. CIV. PROC. 60(b)(1)-(5).

If Plaintiff is proceeding under Rule 60(b)(6) contending that he is entitled to relief from the Court's orders accepting the Magistrate Judge's recommendations because Plaintiff has not filed a second amended complaint, the Court finds that Plaintiff has pleaded his best case and that permitting leave to file a second amended complaint would be futile. The Court notes that most of the cases Plaintiff cites in support of his argument that he should be permitted to file a second amended complaint involved cases where the *pro se* litigant either did not file an amended complaint at all or only filed one amended complaint. *See Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994); *Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985); *Thomas v. Mills*, No. 14-10491, 2015 WL 5049826, at *1 (5th Cir. Aug. 27, 2015); *Swanson v. Aegis*, No. 3:09-CV-41-D, 2010 WL 26459, at *1 (N.D. Tex. Jan. 5, 2010)); *Sims v. Tester*, No. 3:00-CV-863-D, 2001 WL 627600, at *1 (N.D. Tex. Feb. 13, 2001); *Payne v. Universal Recovery, Inc.*, 3:11-CV-1672-D, 2011 WL 7415414, at *9 (N.D. Tex. Dec. 7, 2011). In addition, the Fifth Circuit cases Plaintiff cites involve *pro se* prisoners who did not file an amended complaint. *Eason*, 14 F.3d at 9; *Spears*, 766 F.2d at 181-82; *Thomas*, 2015 WL 5049826, at *1. Here, Plaintiff is not a prisoner, has filed an amended complaint, and has demonstrated that he is a sophisticated *pro se* litigant with proficiency in conducting legal research. The Court has taken into consideration Plaintiff's sophisticated *pro se* legal efforts. *See Balawajder v. Carpenter*, Nos. 92-1665, 92-1735, 1993 WL 152087, at *3 (5th Cir. Apr. 27, 1993) ("Balawajder has filed a number of lawsuits and can be held accountable for reasonably sophisticated *pro se* legal efforts. If he uses this lawsuit to harass or vex the courts or prison authorities, sanctions should be imposed.") (citing FED. R. CIV. P. 11; 28 U.S.C. § 1927).

Because the Court finds that Plaintiff has pleaded his best case and that granting leave to file a second amended complaint would be futile and cause needless delay, Plaintiff's Rule 60(b)

motions are denied. *See Wortham v. Chris Hansen Lab, Inc.*, No. 3:14-CV-1696-L, 2014 WL 2694194, at *2 (N.D. Tex. June 12, 2014) ("[W]hile generally a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed, granting leave to amend is not required if the plaintiff has already pleaded his best case. . . . Here, Plaintiff's claims are fatally infirm. Thus, the Court concludes that granting leave to amend would be futile and cause needless delay.") (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)) (internal quotations and alterations omitted); *Kindricks v. Garland Police Dep't*, No. 3:14-CV-2961-L, 2014 WL 5472446, at *3 (N.D. Tex. Oct. 29, 2014) ("A court may dismiss a complaint as frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are clearly baseless. . . . The latter category encompasses allegations that describe fanciful, fantastic, and delusional scenarios, or that rise to the level of the irrational or the wholly incredible.") (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)) (internal quotations omitted).

## Conclusion

For the foregoing reasons, Plaintiff's motions for relief under Rule 60(b) [D.E. 154, 155, 159] are DENIED.

**SO ORDERED** this 24th day of September, 2015.

*/s/ Barbara M. G. Lynn*
**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**