IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON NIEMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:14-cv-3897-M-BF |
| | § | |
| CITY OF DALLAS, ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff's Motion for Relief [Docket Entry #171] and Objection [Docket Entry #103]. Plaintiff's Motion is **DENIED**, and his Objection is **OVERRULED** as moot.

### I.    BACKGROUND

Plaintiff Jason Nieman brings this suit alleging personal injury and violations of his civil rights under Title 42, United States Code, Section 1983 ("Section 1983") in connection with events that took place on September 14, 2014. *See* Am. Compl. [Docket Entry #16 at 24]. The Court previously summarized the allegations in this case. *See* Order [Docket Entry #165].

On August 27, 2015 and August 28, 2015, the Court accepted the Magistrate Judge's recommendations to dismiss Plaintiff's claims against Defendants Parkland Health and Hospital System, the City of Dallas, and John McKinney. *See* Orders [Docket Entries #152, #153, #157]. The Court denied Plaintiff's motions for relief under Rule 60(b) from those Orders. *See* Order [Docket Entry #165].

The Magistrate Judge also recommended that the Court dismiss Plaintiff's claims against Ellen O'Connell, M.D., Alexander Eastman, M.D., Gina Cho, M.D., Jeffrey Pruitt, M.D., Nhan

Le, M.D., Kyle Molberg, M.D., Suhny Abbara, M.D., and Anthony Whittemore, M.D. (the individual University of Texas Southwestern Medical Center Defendants, or "UTSW Defendants") [Docket Entry #125]. After reviewing Plaintiff's Objections, the Court remanded the Magistrate Judge's Findings, Conclusions, and Recommendation to the Magistrate Judge for further consideration [Docket Entry #158]. The Magistrate Judge recommended that the Court overrule Plaintiff's Objections and accept the Recommendation [Docket Entry #162]. After careful consideration, the Court accepted the Recommendation and granted the UTSW Defendants' Motion to Dismiss. Order [Docket Entry #170].

## II.     PLAINTIFF'S MOTION FOR RELIEF

Plaintiff asks the Court to: 1) reconsider the Order dismissing the UTSW Defendants under Rule 60(b) [Docket Entry #170]; or 2) to certify its Orders on all dismissed claims [Docket Entries #152, #153, #157, and #170] under 28 U.S.C. § 1292(b) or enter final judgment as to those claims under Rule 54(b) so that Plaintiff can immediately appeal to the Fifth Circuit.

### **Motion Under Rule 60(b)**

Plaintiff argues that the Court should reconsider its Order dismissing claims against the UTSW Defendants for the sole reason that the Court should have dismissed the claims without prejudice and granted him leave to file a second amended complaint. This argument is nearly identical to those asserted in Plaintiff's prior motions seeking reconsideration of this Court's Orders dismissing Parkland Health and Hospital System, the City of Dallas, and John McKinney. Orders [Docket Entries #154, #155, and #159].

> Rule 60(b) provides that:
>
> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under

> Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. Proc. 60(b)(1)-(6). "Th[e] [Fifth] [C]ircuit has stated: [t]ypically, '[m]otions under Rule 60(b) are directed to the sound discretion of the district court, and its denial of relief upon such motion will be set aside on appeal only for abuse of that discretion.'" *Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998) (quoting *Seven Elves v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981)). "Under this standard, '[i]t is not enough that the granting of relief might have been permissible, or even warranted—denial must have been so unwarranted as to constitute an abuse of discretion.'" *Pettle v. Bickham*, 410 F.3d 189, 191 (5th Cir. 2005) (quoting *Eskenazi*, 635 F.2d at 402). The Fifth Circuit has "consistently held that the relief under Rule 60(b) is considered an extraordinary remedy and that the desire for a judicial process that is predictable mandates caution in reopening judgments." *Id.* (quoting *Fenner*, 136 F.3d at 1007; *Bailey v. Ryan Stevedoring Co., Inc.*, 894 F.2d 157, 160 (5th Cir. 1990)) (internal quotations and alterations omitted).

Plaintiff does not specify which provision(s) under Rule 60(b) applies to his motion for relief, and, as explained in the Court's previous Order, none of the specific provisions appear applicable in this context. Order [Docket Entry #165] at 6. Thus, considering the Motion under Rule 60(b)'s "any other reason that justifies relief" provision, the Court will not exercise its discretion to grant Plaintiff relief. Plaintiff has pleaded his best case, and permitting him to file a second amended complaint would be futile.

The Court notes that most of the cases Plaintiff cites in support of his argument that he should be permitted to file a second amended complaint involved cases where the *pro se* litigant

either did not file an amended complaint at all or only filed one amended complaint. *See Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994); *Spears v. McCotter*, 766 F.2d 179, 181–82 (5th Cir. 1985); *Thomas v. Mills*, 614 Fed. Appx. 777, 777–78 (5th Cir. Aug. 27, 2015); *Swanson v. Aegis*, 2010 WL 26459, at *1 (N.D. Tex. Jan. 5, 2010)); *Sims v. Tester*, 2001 WL 627600, at*1 (N.D. Tex. Feb. 13, 2001); *Payne v. Universal Recovery, Inc.*, 2011 WL 7415414, at *9–10 (N.D. Tex. Dec. 7, 2011).

Here, Plaintiff is not a prisoner, has filed an amended complaint, has not moved for leave to file a second amended complaint, and has demonstrated that he is a sophisticated *pro se* litigant with proficiency in conducting legal research. *See generally Balawajder v. Carpenter*, 1993 WL 152087, at *3 (5th Cir. Apr. 27, 1993) ("Balawajder has filed a number of lawsuits and can be held accountable for reasonably sophisticated *pro se* legal efforts.") (citing Fed. R. Civ. P. 11; 28 U.S.C. § 1927).

Because the Court finds that Plaintiff has pleaded his best case and that granting leave to file a second amended complaint would be futile and cause needless delay, Plaintiff's Rule 60(b) Motion is **DENIED**. *See Wortham v. Chris Hansen Lab, Inc.*, 2014 WL 2694194, at *2 (N.D. Tex. June 12, 2014) ("[W]hile generally a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed, granting leave to amend is not required if the plaintiff has already pleaded his best case. . . . Here, Plaintiff's claims are fatally infirm. Thus, the Court concludes that granting leave to amend would be futile and cause needless delay.") (quoting *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009)) (internal quotations and alterations omitted).

### Motion Under Rule 54(b) and 28 U.S.C. § 1292(b)

Alternatively, Plaintiff asks the Court to enter final judgment on the dismissed claims

under Federal Rule of Civil Procedure 54(b) or to certify an interlocutory appeal under 28 U.S.C. § 1292(b), allowing Plaintiff to pursue an immediate appeal.

Rule 54(b) provides that:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). Whether there is "no just reason for delay" is within the Court's discretion. *See Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980). However, in order to avoid piecemeal appeals, a district court should certify a judgment for appeal under Rule 54(b) "only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely." *PYCA Indus., Inc. v. Harrison Cnty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996). Plaintiff has not explained what hardship or delay will be avoided by an immediate appeal, and the Court thus exercises its discretion not to enter a final judgment under Rule 54(b).

28 U.S.C. § 1292(b) allows a court to certify an interlocutory appeal when: 1) there is a controlling question of law; 2) there is substantial ground for difference of opinion about the question of law; and 3) immediate appeal will materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b); *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 46 (1995). Section 1292(b) only provides for interlocutory appeals in "exceptional cases." *United States v. Garner*, 749 F.2d 281, 286 95th Cir. 1985). District courts have "unfettered discretion to deny certification, even when all three [statutory criteria] are satisfied." *Commil USA, LLC v. Cisco Sys., Inc.*, 2011 WL 738871, at *4 (E.D. Tex. Feb 23, 2011) (internal citation omitted), *judgment vacated on other grounds* by *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920 (2015).

The Court finds that the statutory criteria for interlocutory certification are not met here. In particular, the Court is not persuaded that an immediate appeal will materially advance the ultimate termination of the litigation. The request that the Court enter final judgment under Rule 54(b) or certify the Court's decisions for immediate appeal under § 1292(b) is therefore **DENIED**.

### III.  PLAINTIFF'S OBJECTION TO THE MAGISTRATE'S ORDER

The Magistrate Judge previously granted a Motion for Leave to File Answers Which Include Medical Facts, filed by Ellen O'Connell, M.D., Alexander Eastman, M.D., Gina Cho, M.D., Jeffrey Pruitt, M.D., Nhan Le, M.D., Kyle Molberg, M.D., Suhny Abbara, M.D., and Anthony Whittemore, M.D.  Order [Docket Entry #100].  Plaintiff objected to that Order.  Objection [Docket Entry #103].  Because those Defendants have been dismissed from this case with prejudice, and the Court declines to reconsider their dismissal, Plaintiff's Objection is **OVERRULED** as moot.

**SO ORDERED.**

February 8, 2016.

*[signature]*
**BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS**