IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JASON NIEMAN,                                   §
                                                §
                                                §
VS.                                             §                    CASE NO. 3:14-cv-3897
                                                §
E STREET INVESTMENTS, LLC D/B/A                 §
CONCRETE COWBOY, JONATHAN                       §
RICO TAYLOR, ET AL.                             §

**DEFENDANT E STREET INVESTMENTS, LLC D/B/A CONCRETE COWBOY'S
MOTION TO QUASH AND FOR A PROTECTIVE ORDER
AND REQUEST FOR ORAL HEARING**

COMES NOW Defendant E Street Investments, LLC d/b/a Concrete Cowboy ("E Street"

or "Defendant") and files its Motion to Quash the Notice of Deposition of 30(B)(6)

Representative and Subpoena to Testify at Deposition served by Plaintiff Jason Nieman on E

Street, and, in support thereof, E Street would respectfully show as follows:

**I.
REQUEST FOR ORAL HEARING**

1.      Defendant requests that the Court set this Motion for oral hearing.

**II.
RELEVANT FACTS**

2.      The Court is well aware of the alleged facts in this case and Plaintiff's allegations

against more than thirty-five (35) defendants.  The following facts are relevant to this Motion.

3.      Plaintiff is a sophisticated, *pro se*, vexatious litigant.[1]  Since approximately 1990,

Plaintiff has been continuously employed as an "insurance claims adjuster, manager, litigation

---

[1] *See generally, Prewitt v. Alexander*, No. 4: 94-cv-94-B-O, 173 FRD 438 (N.D. Miss. 1996) (providing an explanation of the United States Court of Appeals for the Fifth Circuit's definitions of a vexatious litigant).

1

specialist, Special Investigation Unit (SIU) representative, manager [and] director."[2]  Since 2000,

Plaintiff, acting *pro se*, filed at least twelve (12) lawsuits in various Federal District Courts.[3]

4.    On January 9, 2015, Plaintiff filed his First Amended Complaint in this case.

Plaintiff has no factual support for his allegations.

5.    Plaintiff alleges that on September 24, 2014, he was in Dallas, Texas on personal

business.[4]  Plaintiff judicially admits that he had dinner and consumed approximately four (4)

glasses of wine.[5]  Plaintiff then proceeded to a bar, the OE Penguin, where he entered into a

conversation with another patron named "Jason."[6]  Plaintiff left with "Jason" and an unidentified

female companion and drove to Concrete Cowboy.[7]  Upon arrival, "Jason" offered to purchase

Plaintiff a drink.  Plaintiff agreed.[8]  Plaintiff contends that "Jason" drugged him by placing a

substance in his drink.[9]  Plaintiff then claims this alleged "drugging" instigated a series of

unfortunate events that caused him a litany of damages.

6.    Plaintiff sues Defendants for: (i) Violations of the Texas Dram Shop Act and

Related Breach of Duty as to Preventing Adulteration of Products and (ii) a premises liability.[10]

Plaintiff, however, pleads no factual allegations to support these claims.

7.    On Saturday, February 27, 2016, Plaintiff served E Street with a Notice of a

30(b)(6) Deposition and *Subpoena Duces Tecum* (collectively, the "Deposition Notice") (Exhibit

"A").  On Saturday, February 28, 2016, Plaintiff served E Street with a Subpoena for Terigi

Rossi to Testify at a Deposition in a Civil Action (the "Subpoena") (Exhibit "B").

---

[2] *See* Plaintiff's Answers to Interrogatories.
[3] *Id.*
[4]     Docket No. 16 at ¶ 38.
[5]     *Id.* at ¶ 39.
[6]     *Id.*
[7]     *Id.*
[8]     *Id.* at ¶ 40.
[9]     Document 16 at ¶ 40.
[10]    *Id.* at ¶ 60-70.

8.      The Deposition Notice (Exhibit "A") sets forth that Plaintiff seeks to depose E Street's corporate representative pursuant to Fed. R. Civ. P. 30(b)(6).  However, Plaintiff fails to provide a list of topics or matters for examination.  Recording of the deposition is questionable, and it is unclear whether Plaintiff intends on videotaping the deposition in addition to stenography.  Considering Plaintiff's litigation history, Defendant objects to any deposition in which Plaintiff uses personal devices for recording as opposed to an independent court reporter/stenographer and/or videographer.  The *Subpoena Duces Tecum* attached to the Deposition Notice further requires Defendant to produce documents pursuant to a *Subpoena Duces Tecum* on less than thirty (30) days notice.

9.      The Subpoena (Exhibit "B") orders Terigi Rossi to appear for his deposition. However, the Subpoena does not state a date, time, or place for Mr. Rossi to appear.  The Subpoena further requires Rossi to produce documents pursuant to a *Subpoena Duces Tecum* on less than thirty (30) days notice and includes documents that are not in his custody or control.

10.     The Deposition Notice and the Subpoena are defective.

## III.
## STANDARD OF REVIEW

11.     In a deposition notice, a party may name a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination.  Fed. R. Civ. P. 30(b)(6).  The named organization must then designate one or more individuals who consent to testify on its behalf. *Id*.

12.     A *Subpoena Duces Tecum* must recite the text of Fed. R. Civ. P. 45(c) and (d). Fed. R. Civ. P. 45(a)(1)(A)(iv).  A *Subpoena Duces Tecum* must state the method for recording the testimony. Fed. R. Civ. P. 45(a)(1)(B).  It must also specify the time and place for the person

to appear.  Fed. R. Civ. P. 45(a)(1)(A)(iii).  On a timely motion, the Court that issued the Subpoena must quash or modify a subpoena that fails to allow a reasonable time to comply.  Fed. R. Civ. P. 45(b)(3)(A)(i).

## IV.
## ARGUMENT AND AUTHORITIES

### A.    THE DEPOSITION NOTICE

13.    Plaintiff's Deposition Notice to E Street is defective.  It fails to describe with reasonable particularity the matters for examination.  Fed. R. Civ. P. 30(b)(6).  The Court should quash the Deposition Notice on this basis alone.

14.    E Street further objects to the method and manner in which Plaintiff intends on deposing E Street's corporate representative.  Plaintiff does not comply with Fed. R. Civ. P. 28(a) and (c). Plaintiff states that the deposition will be recorded by stenographic means, and the deposition may be recorded by video.  It is questionable whether Plaintiff intends on setting up his own video camera to record the deposition as opposed to an independent videographer. Plaintiff is a *pro se*, sophisticated litigant who seeks to depose E Street's corporate representative using uncertain means for recording.  E Street's corporate representative cannot be deposed under these conditions.

15.    A deposition must not be taken before a person who is any party's relative, employee, or attorney; who is related to or employed by any party's attorney; or who is financially interested in the action." Fed. R. Civ. P. 28(c).  If Plaintiff wants to record the deposition, E Street requests that the Court Order Plaintiff to use a professional, independent videographer.

16.    E Street cannot be deposed before Defendants have the opportunity to depose Plaintiff.  Plaintiff bases his claims and causes of action on a series of vague events involving

dozens of parties and non-parties to this litigation.  E Street may designate different individuals as its corporate representative depending on Plaintiff's testimony.

17.     The *Subpoena Duces Tecum* attached to the Deposition Notice is duplicative of Plaintiff's Request for Production.   Defendant timely responded and objected to Plaintiff's Request for Production.   A subsequent *Subpoena Duces Tecum* is harassing and overly burdensome.

18.     The Court should quash Plaintiff's Deposition Notice and attached *Subpoena Duces Tecum* and enter a Protective Order on these grounds and until Plaintiff complies with the Federal Rules of Civil Procedure.

### B.     THE SUBPOENA

19.     Plaintiff's Subpoena to Terigi Rossi is defective.  The Subpoena does not recite the text of Fed. R. Civ. P. 45(c) and (d).  Fed. R. Civ. P. 45(a)(1)(A)(iv).  The Subpoena does not specify the time and place for Rossi to appear.  Fed. R. Civ. P. 45(a)(1)(A)(iii).  The Court should quash the Subpoena on these ground alone.

20.     The Notice further includes a *Subpoena Duces Tecum* requesting production of documents.  The Subpoena gives Rossi less than thirty days to comply with the *Subpoena Duces Tecum*.  Rossi is neither corporate representative nor custodian of records.  Rossi is not a party to this lawsuit.  Rossi has no authority to produce documents to Plaintiff in his individual capacity.

21.     Plaintiff improperly seeks documents through Rossi presumably in his individual capacity.  Plaintiff's *Subpoena Duces Tecum* is improper.  In *In re Grand Jury Subpoena* (Kent), 646 F.2d 963, 969 (5th Cir.1981), " [t]he [employee' s] subpoena, if upheld, would be illegal because it would direct her to produce documents not in her possession, custody, or control. Because [the employee] had mere access, her compliance with the subpoena would have required

that she illegally take exclusive possession of [her employer' s] documents and deliver them to the grand jury"(emphasis in original).  *See also Am. Maplan Corp. v. Heilmayr*, 203 F. R. D. 499, 501– 02 (D. Kan. 2001) (denying motion to compel defendant, president and minority shareholder of nonparty corporation, to produce nonparty corporation's documents in suit brought against defendant in his individual capacity).  Plaintiff cannot compel or subpoena documents from Rossi in his individual capacity. All documents Plaintiff seeks through the *Subpoena Duces Tecum* are documents that are not under Rossi's possession, custody, or control.

22.　　The Court should quash Plaintiff's Subpoena and *Subpoena Duces Tecum* and enter a Protective Order on these grounds and until Plaintiff complies with the Federal Rules of Civil Procedure.

## C.　　CERTIFICATE OF CONFERENCE

23.　　On March 2, 2016, Branch M. Sheppard attempted to confer with Plaintiff in good faith via e-mail to resolve the aforementioned issues with the Deposition Notice and Subpoena and accompanying documents.  The parties cannot resolve their differences.  E Street presumes that Plaintiff opposes this Motion.  Considering the contentious nature of this matter and Plaintiff's propensity toward vexatious litigation, Defendant requests that the Court rule on this Motion.

## D.　　REQUEST FOR ATTORNEYS'FEES AND COSTS

24.　　Defendant has incurred attorneys' fees and costs of $900.00 in drafting, filing, and prosecuting this Motion. These attorneys' fees and costs are both reasonable and necessary. But for Plaintiff's improper conduct, Defendant would not incur these attorneys' fees and costs. Pursuant to Rule 37(a)(5), Defendant hereby requests reimbursement of these reasonable and necessary attorneys' fees and costs from Plaintiff.

## V.
## <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, E Street requests that the Court quash Plaintiff's Deposition Notice and Subpoena, enter a Protective Order, award attorneys' fees and costs to E Street, and award E Street such further relief at law, and in equity as is just.

Respectfully submitted,

By: __//s// Branch M. Sheppard_____

Joelle G. Nelson
Federal I.D. No. 14306
State Bar No. 15980520
jnelson@gallowayjohnson.com
Branch M. Sheppard
State Bar No. 24033057
bsheppard@gallowayjohnson.com

OF COUNSEL:
GALLOWAY, JOHNSON, TOMPKINS BURR & SMITH, A PLC
1301 McKinney Suite 1400
Houston, Texas   77010
(713) 599-0700 – Telephone
(713) 599-0777 – Facsimile
**ATTORNEYS FOR DEFENDANTS,**
**E STREET INVESTMENTS, LLC d/b/a**
**CONCRETE COWBOY, JONATHAN**
**VALZ, AND RICO TAYLOR**

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing Motion to Quash was served as indicated below on March 2, 2016.

*Via E-Filing Service*
Jason Nieman, ProSe
225 Crooked Court
Fruit Cove, FL 32259
*Plaintiff*

*Via E-Filing Service*
Tatia R. Wilson, James Butt (Asst. City Attorneys)
Dallas City Attorney's Office
1500 Marilla St., 7CN
Dallas, TX 75201
*Counsel for City of Dallas Defendants*

*Via E-Filing Service*
Eric A. Hudson, Assistant Attorney General
P.O. Box 12548
Austin, TX 78711-2548
*Counsel for UTSW Medical Center*

*Via E-Filing Service*
Wm. Andrew Messer, Jennifer DeCurtis,
Messer, Rockefeller & Fort PLLC
6351 Preston Rd., Suite 350
Frisco, TX 75034
*Counsel for K. Mapula, C. Neal, L. Tavaras, K. Brown, A. Garcia, et al.*

*Via E-Filing Service*
Philipa M. Remington, Esq.
Thiebaud, Remington, Thornton, Bailey, LLP
1445 Ross Ave., Suite 4800
Dallas, TX 75202
*Counsel for E. O'Connell. E. Eastman, G. Sims, J. Pruitt, N. Le, K. Molberg, S. Abbara, A. Whittemore, et al.*

*Via E-Filing Service*
Joshua D. Kornely, Esq.
Joan Parma, Esq.
Watson, Caraway, Midkiff & Luningham, LLP
1600 Oil & Gas Building, 309 W. 7th St.
Fort Worth, TX 76102
*Counsel for Dallas County Hospital District*

  //s// Branch M. Sheppard
Branch M. Sheppard

8