IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON NIEMAN, | § § § | |
| VS. | § § | CASE NO. 3:14-cv-3897 |
| E STREET INVESTMENTS, LLC D/B/A CONCRETE COWBOY, JONATHAN RICO TAYLOR, ET AL. | § § § § | |

**DEFENDANT E STREET INVESTMENTS, LLC D/B/A CONCRETE COWBOY'S
EMERGENCY MOTION FOR STATUS CONFERENCE**

COMES NOW Defendant E Street Investments, LLC d/b/a Concrete Cowboy ("E Street" or "Defendant") and files its Emergency Motion for Status Conference, and, in support thereof, E Street would respectfully show as follows:

**I.
RELIEF REQUESTED**

1. Defendant requests that the Court set an emergency status conference in this matter for the reasons set forth below.

**II.
RELEVANT FACTS**

2. The Court is well aware of the alleged facts in this case and Plaintiff's allegations against more than thirty-five (35) defendants. The following facts are relevant to this Motion.

3. Plaintiff is a sophisticated, *pro se* litigant.[1] Since approximately 1990, Plaintiff has been continuously employed as an "insurance claims adjuster, manager, litigation specialist, special Investigation Unit (SIU) representative, manager [and] director."[2] Plaintiff, acting *pro*

---

[1] *See generally, Prewitt v. Alexander*, No. 4: 94-cv-94-B-O, 173 FRD 438 (N.D. Miss. 1996) (providing an explanation of the United States Court of Appeals for the Fifth Circuit's definitions of a vexatious litigant).

[2] *See* Plaintiff's Answers to Interrogatories.

1

*se*, filed at least fifteen (15) lawsuits in various United States District Courts and at least seven (7) appeals in the Court of Appeals.[3]

4.  Based on Defendant's review of PACER, some of Plaintiff's other lawsuits are as follows:

> *Nieman v. SE Community College, et al.*, 4:1995-cv-03100 (Neb. 1995)
> *Nieman v. Nationwide Mutual Ins. Co., et al.*, 3:2009-cv-03304 (C.D. Ill. 2009)
> *Nieman v. Nationwide Mutual Ins. Co., et al.*, 3:2010-cv-03230 (C.D. Ill. 2010)
> *Nieman v. Nationwide Mutual Ins. Co., et al.*, 1:2011-cv-00254 (Colo. 2011)
> *Nieman v. Nationwide Mutual Ins. Co., et al.*, 4:2011-mc-00007 (N.D. Okla. 2011)
> *Nieman v. Grange Mutual Ins. Co., et al.*, 3:2011-cv-03404 (C.D. Ill. 2011)
> *Nieman v. RLI Corp., et al.*, 1:2012-cv-01012 (C.D. Ill. 2012)
> *Nieman v. Grange Mutual Inc. Co., et al.*, 5:2012-mc-80258 (N.D. Cal. 2012)
> *Nieman v. Microsoft Corp., et al.*, 3:2012-cv-03104 (C.D. Ill. 2012)
> *Nieman v. Criterion Executive Search of Fl., et al.*, 1:2012-cv-00402 (S.D. Ohio 2012)
> *Nieman v. Hale*, 3:2012-cv-02433 (N.D. Tex. 2012)
> *Nieman v. Grange Mutual Casualty Co.*, 3:2012-cv-03250 (C.D. Ill. 2012)
> *Nieman v. Great American Ins. Co., et al.*, 1:2012-cv-00816 (S.D. Ohio 2012)
> *Nieman v. Grange Mutual Casualty Co.*, 1:2012-mc-00068 (E. D. Wis. 2012)
> *Nieman v. RLI Corp., et al.*, 3:2014-mc-00038 (N.D. Tex. 2014)

5.  Based on Defendant's review of PACER, some of Plaintiff's appeals are as follows:

> *Nieman v. Versuslaw, Inc., et al.*, 12-2810 (7th Cir. 2012)
> *Nieman v. Grange Mutual Ins. Co., et al.*, 13-1127 (7th Cir. 2013)
> *Nieman v. Grange Mutual Ins. Co., et al.*, 13-1270 (7th Cir. 2013)
> *Nieman v. Grange Mutual Ins. Co., et al.*, 13-1405 (7th Cir. 2013)
> *Nieman v. Grange Mutual Ins. Co., et al.*, 13-1127 (7th Cir. 2013)
> *Nieman v. Grange Mutual Ins. Co., et al.*, 13-1739 (7th Cir. 2013)
> *Nieman v. Keith Hale, et al.*, 15-11235 (5th Cir. 2015)

6.  On January 9, 2015, Plaintiff filed his First Amended Complaint in this case. Plaintiff has no factual support for his allegations.

7.  Plaintiff alleges that on September 24, 2014, he was in Dallas, Texas on personal business.[4] Plaintiff judicially admits that he had dinner and consumed approximately four (4)

---

[3] *Id.*
[4] Docket No. 16 at ¶ 38.

glasses of wine.[5] Plaintiff then proceeded to a bar, the OE Penguin, where he entered into a conversation with another patron named "Jason."[6] Plaintiff left with "Jason" and an unidentified female companion and drove to Concrete Cowboy.[7] Upon arrival, "Jason" offered to purchase Plaintiff a drink. Plaintiff agreed.[8] Plaintiff contends that "Jason" drugged him by placing a substance in his drink.[9] Plaintiff then claims this alleged "drugging" instigated a series of unfortunate events that caused him a litany of damages.

8.  Plaintiff sues Defendants for: (i) Violations of the Texas Dram Shop Act and Related Breach of Duty as to Preventing Adulteration of Products and (ii) premises liability.[10] Plaintiff, however, pleads no factual allegations to support these claims.

9.  Defendant timely noticed Plaintiff's deposition for March 22, 2016, in Dallas, Texas.

10.  On Saturday, February 27, 2016, Plaintiff served E Street with a defective Notice of a 30(b)(6) Deposition and *Subpoena Duces Tecum* (collectively, the "Deposition Notice"). On Saturday, February 28, 2016, Plaintiff served E Street with a defective Subpoena for Terigi Rossi to Testify at a Deposition in a Civil Action (the "Subpoena").

11.  On March 2, 2016, Defendant filed a Motion to Quash the Deposition Notice and the Subpoena [Docket No. 192] (the "Motion to Quash"). On March 2, 2016, Plaintiff filed his Response to the Motion to Quash [Docket No. 193] (the "Response"). Contemporaneously herewith, Defendant files its Reply to Plaintiff's Response.

---

[5] *Id.* at ¶ 39.
[6] *Id.*
[7] *Id.*
[8] *Id.* at ¶ 40.
[9] Document 16 at ¶ 40.
[10] *Id.* at ¶ 60-70.

12. On Sunday, March 6, 2016, Plaintiff e-mailed Branch M. Sheppard, an attorney for Defendant E Street. In the e-mail, Plaintiff advises Mr. Sheppard that on March 6, 2016, Plaintiff filed an online grievance against Mr. Sheppard with the State Bar of Texas (the "Grievance"). A true and correct copy of Plaintiff's e-mail and online bar grievance are attached hereto as Exhibit "A." Therein, Plaintiff asserts that Defendant's arguments and requests for relief in the Motion drafted and signed electronically by Mr. Sheppard violate Sections 3.01, 3.02, 3.03, 3.04 and/or 3.05 of the Code of Professional Ethics.

### III.
### ARGUMENT SUPPORTING EMERGENCY MOTION FOR STATUSCONFERENCE

13. Defendant requests an emergency status conference in order to address Plaintiff's inappropriate conduct and Grievance against Mr. Sheppard based on Defendant's Motion to Quash. Such actions by Plaintiff go to the heart of Defendant's assertion that it is unable to negotiate or meaningfully communicate with Plaintiff either telephonically or by e-mail.

14. As set forth in Defendant's Reply, Plaintiff converts all attempts to meaningfully discuss issues into meaningless debates why Defendants are wrong and Plaintiff is right. Now, Plaintiff has resorted to filing the Grievance against Mr. Sheppard who is otherwise a fifteen (15) year attorney in good standing with the State Bar of Texas, this Court, the Fifth Circuit Court of Appeals, and all other state and federal courts throughout Texas.

15. In connection with other litigation filed by Plaintiff, Plaintiff filed bar grievances against opposing attorneys in other jurisdictions when attorney(s) pressed Plaintiff on issues or demanded cooperation in the case. Since grievances are Plaintiff's *modus operandi*, it was only a matter of time before Plaintiff filed a bar grievance against a defense attorney in this case.

16. By filing grievances with the State Bar of Texas, Plaintiff attempts to hinder and delay counsel's ability to adequately represent Defendant for fear of personal retribution. Counsel will not be deterred. Nevertheless, Plaintiff's baseless, deplorable actions are sanctionable conduct under Rule 11.

17. Defendant will leave it to the Court's discretion and equitable powers whether to impose sanctions against Plaintiff for his baseless actions. Defendant brings these issues to the Court's attention because the Court cannot allow Plaintiff to **(i)** game the legal system and **(ii)** lodge personal attacks against Defendant's counsel acting in the course and scope of litigation.

18. Defendant's assertions are well-within the bounds of the law and Texas legal ethics. Plaintiff's extensive litigation history speaks for itself. Comment No. 3 to Section 3.01 of the Texas Disciplinary Rules of Professional Conduct states:

> "A filing or contention is frivolous if it contains knowingly false statements of fact. It is not frivolous, however, merely because the facts have not been first substantiated fully or because the lawyer expects to develop vital evidence only by discovery. Neither is it frivolous even though the lawyer believes that the client's position ultimately may not prevail."

19. Section 3.02 involves unreasonably increasing the cost of litigation. Plaintiff is the only party increasing the cost of the litigation. Defendants would like this matter resolved as soon possible.

20. Section 3.03 involves candor toward the Court. There is no evidence that Defendant made false statements to the Court.

21. Section 3.04 involves falsification of evidence. There is no evidence that Defendant falsified evidence in this litigation.

22. Section 3.05 involves *ex parte* influence on the Court. There is no evidence that Defendant has sought to improperly influence the Court.

23. Among other things, Defendant's Motion asserts Defendant's position regarding Plaintiff's penchant for litigation and why the Deposition Notice and Subpoena are defective. By filing the frivolous Grievance with the State Bar of Texas, Plaintiff seeks to harass Mr. Sheppard, Defendant, and Defendant's other counsel in this case and distract Defendant's counsel from representing Defendant while they are forced to respond to frivolous bar grievances.

24. Filing the Grievance against Mr. Sheppard who is acting well within the course and scope of his representation of Defendant is akin to suing Mr. Sheppard for something he did in the context of his representation. *See Renfroe v. Jones & Assocs.*, 947 S.W.2d 285, 288 (Tex. App.-Fort Worth 1997, writ denied). <u>The policies behind these principles are sound and vital to our adversary system of justice</u>.

25. "An attorney should not go into court knowing that he may be sued by the other side for something he does in the course of representing his client; such a policy would favor *tentative* representation, not the *zealous* representation that our profession rightly regards as an ideal and that the public has a right to expect." *Bradt v. West*, 892 S.W.2d 56, 65 (Tex. App.-Houston [1st Dist.] 1994, writ denied) (emphasis in original). If an attorney could be held liable for statements made, or actions taken, in the course of representing his client, he would be forced to balance his own potential exposure against his client's best interest. *Malone v. Abraham, Watkins, Nichols & Friend*, 2002 WL 1722337 at *5 (Tex. App.-Houston [1st Dist.] 2002, no pet. h.) (citing *Bradt*, 892 S.W.2d at 71–72).

26. Any other rule:

> "Would act as a severe and crippling deterrent to the ends of justice for the reason that a litigant might be denied a full development of his case if his attorney were subject to the threat of liability for defending his client's position to the best and fullest extent allowed by law, and availing his client of all rights to which he is entitled."

*Morris v. Bailey*, 398 S.W.2d 946, 947–48 (Tex. Civ. App.-Austin 1966, writ ref'd n.r.e.).

27. Accordingly, attorneys are generally not liable to an opposing party for their conduct in representing their clients, even if that conduct is wrongful in the context of the underlying lawsuit. *Renfroe*, 947 S.W.2d at 288 ("Under Texas law, attorneys cannot be held liable for wrongful litigation conduct.").

28. Defendant's actions in this litigation with respect to the Motion to Quash are **not** wrongful. Plaintiff's pleadings and actions speak for themselves. The Grievance proves to the Court that Plaintiff will stop at nothing in furtherance of his claims against Defendants. Defendant has acted and continues to act in good faith. Defendant cannot, however, continue to communicate with Plaintiff under these conditions.

29. For example, there is no right of recovery against an attorney for filing motions in a lawsuit, even if they were frivolous or without merit, "because making motions is conduct an attorney engages in as part of the discharge of his duties in representing a party in a lawsuit." *Bradt*, 892 S.W.2d at 72. Thus, an attorney's conduct, even if frivolous or without merit, is not actionable as long as the conduct was part of the discharge of the lawyer's duties in representing his or her client. *Chapman Children's Trust v. Porter & Hedges, L.L.P.*, 32 S.W.3d 429, 441 (Tex. App.-Houston [14th Dist.] 2000, pet. denied).

30. An attorney's misconduct in litigation gives rise to remedies other than a separate action seeking damages from the attorney or, in this case, filing the Grievance with the State Bar of Texas. <u>Adequate remedies are properly administered in the case in which the misconduct occurred</u>. There is no misconduct in this case; for example, however, *see* Tex. R. Civ. P. 13 (Courts may sanction attorneys for filing improper pleadings, motions, and "other papers"); Tex. R. Civ. P. 215 (Courts may sanction attorneys for abuse of discovery); Tex. Gov't Code §22.002

(court's can punish litigant for contempt of court).

31.     Plaintiff will continue to harass Defendants and their counsel.  Defendant cannot sit idly by and let Plaintiff's abuse of the legal system and personal attacks on Defendant's counsel go unchecked.  The Court cannot allow Plaintiff to continue down this path.  It is unproductive.  It does not advance the litigation.  It is pure harassment and prejudicial and costly to Defendant.

32.     Based on Plaintiff's pleadings in this case and his many other matters, it is obvious that Plaintiff is not your typical *pro se* litigant.  Plaintiff's acts are not brought in good faith.  Defendant requests that the Court set this matter for an emergency status conference to address these issues and prevent Plaintiff from **(i)** abusing the legal system and **(ii)** continuing his personal attacks on Defendant's counsel.

## IV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, E Street requests that the Court (i) set this matter for an emergency status conference and (ii) grant E Street such further relief at law, and in equity as is just.

Respectfully submitted,

By:   //s// Branch M. Sheppard
Joelle G. Nelson
Federal I.D. No. 14306
State Bar No. 15980520
jnelson@gallowayjohnson.com
Branch M. Sheppard
State Bar No. 24033057
bsheppard@gallowayjohnson.com

OF COUNSEL:
GALLOWAY, JOHNSON, TOMPKINS BURR & SMITH, A PLC
1301 McKinney Suite 1400
Houston, Texas   77010

(713) 599-0700 – Telephone
(713) 599-0777 – Facsimile
**ATTORNEYS FOR DEFENDANTS,
E STREET INVESTMENTS, LLC d/b/a
CONCRETE COWBOY, JONATHAN
VALZ, AND RICO TAYLOR**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Reply to Plaintiff's Response to Motion to Quash and Response to Plaintiff's Motion for Protective Order was served as indicated below on March 7, 2016.

*Via E-Filing Service*
Jason Nieman
225 Crooked Court
Fruit Cove, FL 32259
*Plaintiff*

*Via E-Filing Service*
Tatia R. Wilson, James Butt (Asst. City Attorneys)
Dallas City Attorney's Office
1500 Marilla St., 7CN
Dallas, TX 75201
*Counsel for City of Dallas Defendants*

*Via E-Filing Service*
Eric A. Hudson, Assistant Attorney General
P.O. Box 12548
Austin, TX 78711-2548
*Counsel for UTSW Medical Center*

*Via E-Filing Service*
Wm. Andrew Messer, Jennifer DeCurtis,
Messer, Rockefeller & Fort PLLC
6351 Preston Rd., Suite 350
Frisco, TX 75034
*Counsel for K. Mapula, C. Neal, L. Tavaras, K. Brown, A. Garcia, et al.*

*Via E-Filing Service*
Philipa M. Remington, Esq.
Thiebaud, Remington, Thornton, Bailey, LLP
1445 Ross Ave., Suite 4800
Dallas, TX 75202
*Counsel for E. O'Connell. E. Eastman, G. Sims, J. Pruitt, N. Le,
K. Molberg, S. Abbara, A. Whittemore, et al.*

*Via E-Filing Service*
Joshua D. Kornely, Esq.
Joan Parma, Esq.
Watson, Caraway, Midkiff & Luningham, LLP
1600 Oil & Gas Building, 309 W. 7th St.
Fort Worth, TX 76102
*Counsel for Dallas County Hospital District*

　　　//s// Branch M. Sheppard
　　　Branch M. Sheppard