## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

Jason Nieman,                                )
                                             )
             Plaintiff                       )    Case No: 3:14 cv 3897
                                             )
        vs.                                  )
                                             )    Judge: Hon. Barbara M.G. Lynn
E. Street Investments, LLC, d/b/a The        )
Concrete Cowboy Bar, et al.                  )    Magistrate Judge: Hon. Paul D. Stickney
                                             )
             Defendants                      )
                                             )
_____)

### PLAINTIFF'S RESPONSE AND OPPOSITION TO THE EMERGENCY MOTION FOR STATUS CONFERENCE [DKT. 195]

Comes now Plaintiff Jason Nieman, pro se, respectfully, and with regrets, opposing the recently filed *Emergency Motion* [Dkt. 195]. While styled as being on behalf of Defendant E Street/Concrete Cowboy, this filing is clearly on behalf of attorney Branch M. Sheppard.   As the Court will see, Mr. Sheppard has again violated the letter and spirit of local rule 7.1 and Rule 26 as to duties to meet and confer.  Their motion has no merit as a matter of law and the Court may agree that it should be stricken in whole or part, but certainly that it should be denied in whole.

Plaintiff certifies this pleading compliant with Local Rule 7.1, and 7.2, including the page and formatting limitations of L.R. 7.2(c), (d).   This pleading is 8 pages, including the Certificate of Service.  Plaintiff notes that he will respond separately and timely in *Reply* to Defendant's response and opposition [Dkt. 194] to his counter motion for protective order (contained within [Dkt. 193]), confining his pleading to only a reply to the protective order issue and counter-motion, as required.  Thank you.

## RELEVANT PROCEDURAL HISTORY

As the Court is aware, attorney Sheppard, on behalf of Defendant E Street Investments, LLC, recently brought a motion to quash [Dkt. 192; 3/2/2016] as to two *drafted and unserved* subpoenas.  In his polite and specific response, Plaintiff showed that no reasonable Defendant or attorney could believe that the items were intended to have been served.  Rather, they were offered consistent with Rule 26 and/or l.r. 7.1; to try and resolve any differences as to the items *before* service so as to head off any disputes (and potential discovery motion practice) after service.  See *Response and Opposition* [Dkt. 193; 3/3/2016].  Plaintiff also noted that he was effectively being forced to seek a protective order as to E Street's demand for his deposition, since they would not agree to alternative format and since they were refusing to participate in a similar process (as to a 30(b)(6) representative of the Defendant).  Plaintiff offered reasonable compromise, in light of the facts and Defendants' prior designation of Jacksonville, Florida as the location for Plaintiff's deposition, suggesting that an alternative format be used, or that Plaintiff not be required to travel to Dallas (at least not at his own expense) until Defendants' motion had been ruled upon.  Plaintiff also showed, by way of the only proof he had (the email histories) that counsel for Defendant E Street did not confer as required by l.r. 7.1., and instead filed his *Motion to Quash* less than 60 minutes after sending an email to Plaintiff threatening same and demanding a response *prior* to that filing.

The Court will note, however, that Plaintiff did take issue with two of Defendant' s attorney's actions:

(1) The unsupported (and irrelevant) statement that Plaintiff is a vexatious litigant.

(2) The assertion that Defendant had incurred $900.00 in regard to the *Motion to Quash.*

Plaintiff pled reasonably and in unemotional terms that he believes that the Court's rules (federal, local, and/or as to inherent authority) may be at issue as to attorney Sheppard's conduct.  Specifically, Plaintiff noted that the allegation of his being a "vexatious litigant" was false and improper.  Additionally, Plaintiff reasonably raised concerns about the accuracy of counsel's allegation and accounting as to how much time was spent in drafting the *Motion to Quash* and whether or not $900.00 was truly an accurate number, and the amount that was billed to Defendant and their insurer.  Certainly, Plaintiff also showed that the *Motion to Quash* was at least borderline frivolous on its face, and the sanctions demand assuredly so.

Subsequent to his filing the response and opposition pleading [Dkt. 193] Plaintiff reviewed the model rules of professional conduct for attorneys in the State of Texas.  Based upon those rules, he believed that the following was potentially true (and enumerated such in his request to the Texas Bar disciplinary board for an objective and impartial inquiry into the situation) (See copy of complaint, at exhibit A).

*"(1) Plaintiff believes and believed that attorney Sheppard falsely accused him of being a vexatious litigant.  Attorney has offered no proof or evidence that such an accusation or designation applies to Plaintiff under the relevant standards.  See e.g. Tex. Civ. Prac. and Rem. Code Sec. 11.054.  See also, e.g., Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986). Attorney has provided no evidence or legitimate argument that Plaintiff has committed any conduct in the present case in violation of Fed. R. Civ. P. 11 that would support a finding of sanctionable, frivolous, or vexatious conduct by Plaintiff.  The motion filed and such allegations appear to be objectively and/or subjectively in violation of Texas conduct rules 3.01, 3.02, 3.03, 3.04, and/or 3.05."*

*(2) Attorney appears to have wrongfully sought attorney's fees in a recent motion filing.  [Dkt. 192].  While such sanctions/fees can be sought in certain cases, there is no legitimate foundation for the request in this case, as a matter of fact and law.  Moreover, the unsupported assertion that client has incurred "$900" in fees  (at page page 6, paragraph 3, item D. 24) appears to be almost assuredly overstated based upon the probable panel rate and hours*

*involved in drafting such a limited pleading. To the extent that the attorney did not actually bill such time/fees to the client, the assertion and prayer would appear to be a false statement (in violation of FRCP 11), may constitute wire fraud and/or perjury under 18 U.S.C. 1621 and/or 1623. To the extent the attorney did actually bill such time and it was objectively excessive and/or falsely stated, such actions would also appear to be improper and actionable. See Texas conduct rules 3.01, 3.02, 3.03, 3.04, and/or 3.05. See also Texas conduct rules 1.01, 1.04. See also In Matter of Berg, 3 Cal. State Bar Ct. Rptr. 725 (Rev. Dep't 1997) (attorney disbarred for overbilling), In Re Cleaver Bascombe, No. 06-BG-858 (2010) (attorney disbarred for submitting false disbursement claims). The item in question is a very limited 7 page pleading (excepting the certificate of service). Even at $300 an hour the allegation would be that 3 full hours were billed. However, as an apparent panel attorney (and an associate, not a partner) it is more likely that his rate is less. At $150 an hour $900.00 exactly would be six hours. A simple inquiry and request for information from the firm/attorney will show exactly what the firm (attorney) billed the client in term of rates and hours and whether or not (1) the statements in the motion (subject to Federal Rule 11) were objectively false or (2) if there is evidence of objective and/or subjective over-billing by attorney/firm as to the client and/or their insurer."*

The Court will note that while accusing Plaintiff of misconduct, and providing little to no support for such a position, attorney Sheppard elected not to include the complaint itself. But by accusing Plaintiff of misconduct and attempting to order him to participate in an emergency hearing, attorney Sheppard has clearly placed such information at issue. (See *Emergency Motion* [Dkt. 195], page 5 at 16, stating that Plaintiff's (arguably mandatory) report to the Texas Bar Association Disciplinary Counsel is "sanctionable conduct under Rule 11." However, attorney Sheppard does not really dispute the accuracy of Plaintiff's complaint in any way. (For example, Plaintiff has no evidence or good faith basis to suspect any substance abuse issues by Sheppard. Plaintiff answered in the negative as to those questions accordingly. Conversely, attorney Sheppard, and the firm, elect not to support their sanctions demand in any tangible way as to proof of incurred and/or billed time and charges.)

# ARGUMENT

As the Court can see, attorney Sheppard's most recent filing is lacking even a superficial *Certificate of Conference.* While a motion for "status conference" is not specifically enumerated on the Court's rule website, clearly the spirit of the rules is such that a conference was required. Counsel's suggestion that counsel or Defendant can no longer interact with Plaintiff via email is not persuasive.  Indeed, counsel's motion smacks of a sanctions motion (accusing Plaintiff of improper conduct yet again (and again without proper basis)).  Such a motion most certainly requires that parties meet and confer in some way.  The lack of such a conference attempt should doom this filing by counsel just the same as the *Motion to Quash* [Dkt. 192] is likely doomed to being denied and/or stricken for non-compliance with the "meet and confer" requirement.

More importantly, attorney Sheppard accuses Plaintiff of "harassing" him and/or his clients, but he does not defend the nature of his statements or actions in any material way.

(1) Counsel removed the term "vexatious" from his emergency filing [Dkt. 195, at 3].  See also [Dkt. 192, at 3].  Counsel had several days to contact Plaintiff, agree that this was an error, and to agree to withdraw (or amend) the *Motion to Quash.*  He did not do so.

(2)      Counsel has provided no proof to support the assertion that he and/or his firm actually billed the E Street Defendants or their insurers $900.00.  As noted (and conceded by attorney Sheppard) Plaintiff is very experienced with managing panel defense attorneys.  A typical insurance panel rate for attorneys like Sheppard (associate and/or senior associate) would be expected to be about $200.00 an hour, maximum, in Plaintiff's professional opinion.  The pleading in question [Dkt. 192] is very limited in length and suggests little to no research or drafting time.  (A few hours at most).  Accordingly, there

is at least some evidence to suggest that either the allegation of the billed amount ($900) is false, or the client was overbilled.  Counsel disputes neither or these possibilities in any tangible or credible way. (Such as by providing redacted billing statements or billing system entries).

Plaintiff anticipates that the Court will agree that while his actions in asking the Texas Bar Disciplinary Division to investigate these matters is not an everyday occurrence, it is neither improper nor sanctionable.  Indeed, American Bar Association model rule 8.3 enumerates the mandatory reporting requirement;

*"(a) A lawyer who knows that another lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question as to that lawyer's honesty, trustworthiness or fitness as a lawyer in other respects, shall inform the appropriate professional authority."*

Texas has adopted a highly similar rule, Texas Rule 8.03.  Given that Plaintiff is acting as his own attorney, and in light of the mandatory reporting rule, Plaintiff believed it was not only appropriate, but arguably required, that he report his concerns to the Texas Bar Association Disciplinary Counsel so that the entity could conduct an impartial and objective review.  But as the Court is aware, Plaintiff also alerted this Court to such concerns in an objective, unemotional and fair manner.  See *Response and Opposition* [Dkt. 193] at page 11 et seq.  Had Plaintiff's concerns *only* related to attorney Sheppard's attacks upon him, then a bar association complaint could be viewed with some *potential* disfavor by the Court.  But Plaintiff's fair and objective request for investigation (and his identification of such issues to this Court) also pointed out at least the possibility that the attorney was admitting to having overbilled its client (or falsely claimed to have billed amounts in excess of those actually billed, in support of a frivolous sanctions argument and prayer).   A lawyer in the same position, with the same good faith concerns, would have a *mandatory* duty to report such concerns to the bar and court.

The Court will also note that counsel for E Street falsely accused Plaintiff of being a "vexatious litigant" early in this litigation.  See *Motion to Dismiss,* [Dkt. 77] at page 2, item 2. Plaintiff opposed these untrue allegations in his opposition pleading. [Dkt. 79] and asked the Court to disregard them.   In its *Reply* [Dkt. 82] counsel for E Street did not make such allegations again so far as Plaintiff can see.  Similarly in their *Answer* [Dkt. 78] no such allegation was noted, nor was one found in their *Motion to Compel* [Dkt. 167] nor their response and opposition [Dkt. 177] to Plaintiff's *Motion to Compel.*  It was not until attorney Sheppard joined the case (and apparently the firm) that the allegations were once again made, this time in detail, but still without valid foundation.  Moreover, the allegation that the Plaintiff is a "vexatious litigant" has not been shown in any way to be valid as to any defense (as to the operative complaint or discovery requests) of the Plaintiff.

Simply put, attorney Sheppard has no standing to move, on behalf of his clients, for an Emergency Hearing to try and stop the Texas Bar Association Disciplinary Counsel from doing an objective and unbiased investigation as to attorney Sheppard's conduct, *if they so decide.* Plaintiff has no control over this body and they may elect to do nothing.  In such a case, attorney Sheppard's motion will be moot, though potentially not as to this Court's potential to make inquiries at least in to the alleged billing ($900.00) which attorney Sheppard asserts was made to Defendant E Street as to the *Motion to Quash.* Dkt. 192].  Again, to the extent Plaintiff is correct, and those amounts were indeed falsely stated, then it is unlikely that this Court would not take some type of action upon proof of such a situation. And the Court (and the Bar Association) almost assuredly has the ability to demand proof, whereas the Plaintiff does not.

## CONCLUSION

For these good reasons and other good reasons the Court may view on its own authority, Plaintiff believes that Defendant's (and/or attorney Sheppard's) motion should be stricken and/or denied entirely.

Respectfully submitted this March 7, 2016

/s/ Jason Nieman
Jason Nieman, *Pro Se*
225 Crooked Court
Fruit Cove, FL 136259
217 836 4103
Nieman46804@yahoo.com

## <u>CERTIFICATE OF SERVICE</u>

Jason Nieman, *pro se*, certifies that on this date (March 7, 2016) he electronically filed a true and correct copy of this pleading and exhibits with the clerk of the court for the Northern District of Texas, at Dallas, by way of the Court's ECF/CM system.  As noted, Plaintiff expects the Court will not desire a paper (Judge's) copy of this filing and exhibits but will immediately provide same if desired by the Court.

All relevant Defendant(s) have appeared by counsel and should receive copies of this pleading and supports by way of the ECF/CM system, specifically including:

Branch Sheppard, Joelle Nelson
Galloway, Johnson, Tompkins, Burr, & Smith, PLC
1301 McKinney St., Suite 1400
Houston, TX 77010
713 559 0700
bsheppard@gallowayjohnson.com, jnelson@gallowayjohnson.com
*Counsel for E Street / Concrete Cowboy Defendants*

/s/ Jason Nieman
Jason Nieman, Pro Se
225 Crooked Court
Jacksonville, FL 32259
217 836 4103
Nieman46804@yahoo.com
