UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JASON NIEMAN, §<br>　　　　Plaintiff, §<br>v. § No. 3:14-CV-3897-M (BF)<br>CITY OF DALLAS, et al., §<br>　　　　Defendants. § | |

## ORDER

This case has been referred to the United States Magistrate Judge for pretrial management. Before the Court is a Motion to Quash and for a Protective Order ("Motion to Quash") [ECF No. 192] and a related Emergency Motion for Status Conference ("Motion for Status Conference") [ECF No. 195] filed by E Street Investments, LLC d/b/a Concrete Cowboy ("Defendant"). Also before the Court is Jason Nieman's ("Plaintiff") Motion for Protective Order [ECF No. 193 at 12]. Upon consideration, the Motion to Quash [ECF No. 192], Motion for Status Conference [ECF No. 195], and Motion for Protective Order [ECF No. 193 at 12] are DENIED without prejudice.

In the Motion to Quash, Defendant argues that Plaintiff served two deposition notices that do not comply with the Federal Rules of Civil Procedure. *See* Mot. to Quash [ECF No. 192 at 2-3]. Plaintiff argues in his response that the Motion to Quash should be denied because he only sent Defendant drafts of the deposition notices, seeking input from Defendant regarding the depositions at issue. *See* Resp. [ECF No. 193 at 6]. Plaintiff further argues that Defendant failed to in good faith confer with Plaintiff regarding the Motion to Quash, because Defendant filed the motion at 3:54 p.m. on March 2, 2016, after sending an email to Plaintiff less than an hour before at 3:08 p.m. inquiring as to whether Plaintiff opposed the motion, and without waiting for a response from Plaintiff before filing the Motion to Quash. *See id.* [ECF No. 193 at 6]; Pl.'s Ex. [ECF No. 193-3 at 1-3]. Plaintiff sent his response email at 4:04 p.m. on March 2, 2016 asking Defendant to "try to work out [the

parties'] differences," and to let him "know what date(s) would be most convenient in early April for all three of these depositions, along with any specific objections [Defendant has] to the drafted Notice and subpoena and [stating that he] will try to accommodate [Defendant's] wishes if [he] can." See Pl.'s Ex. [ECF No. 193-3 at 2].

Given that the deposition notices Defendant seeks to quash were only drafts with respect to which Plaintiff was seeking input from Defendant, the Motion to Quash is denied without prejudice. Defendant also seeks a status conference in connection with events that arose from the parties' communications regarding the Motion to Quash, which is also denied without prejudice at this time. Defendant may re-file its requests, if after conferring in good faith, the parties are not able to resolve their differences. See Local Rule 7.1(a), (b), & (h) ("Before filing a motion, an attorney for the moving party must confer with an attorney for each party affected by the requested relief to determine whether the motion is opposed. . . . Each motion for which a conference is required must include a certificate of conference indicating that the motion is unopposed or opposed.").

Plaintiff includes in his response to Defendant's Motion to Quash, a Motion for Protective Order wherein he informs the Court that he was attempting to coordinate his own March 22, 2016 deposition with the depositions at issue in Defendant's Motion to Quash so that he does not have to make two trips to Dallas, but argues that Defendant hindered such efforts by prematurely filing its Motion to Quash. See Resp. [ECF No. 193 at 16]. Plaintiff's Motion for Protective Order is also denied without prejudice to re-filing after the parties' good faith efforts to resolve their disputes. The parties are cautioned that sanctions may be imposed for seeking judicial resolution prior to good faith efforts to resolve their disputes. See Dondi Props. Corp. v. Commerce Savs. & Loan Ass'n, 121 F.R.D. 284, 289 (N.D. Tex. 1988); Heller v. City of Dall., 303 F.R.D. 466, 478 (N.D. Tex. 2014).

**SO ORDERED**, this 9th day of March, 2016.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE