UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON NIEMAN, | § | |
|     Plaintiff, | § | |
| v. | § | No. 3:14-CV-3897-M (BF) |
| CITY OF DALLAS, et al., | § | |
|     Defendants. | § | |

## ORDER

This case has been referred to the United States Magistrate Judge for pretrial management. Before the Court is Defendants Helton, Milam, and Merrell's (collectively, "Defendants") Motion for a Discovery Protective Order and Motion for Imposition of Sanctions ("Motion for Protective Order") [ECF No. 147]. In the Motion for Protective Order, Defendants argue that Plaintiff violated Federal Rule of Civil Procedure ("Rule") 33(a)(1) by serving more than 25 written interrogatories, including all discrete subparts. *See* Mot. [ECF No. 147 at 9]. Defendants also ask the Court to limit discovery to the issue of qualified immunity and relieve them from making their Rule 26(a)(1) disclosures until after the Court makes a determination regarding their entitlement to qualified immunity. *See id.* [ECF No. 147 at 15-24]. Defendants further seek attorneys' fees incurred in connection with the filing of their Motion for Protective Order on the grounds that Defendants made extensive efforts to resolve this dispute in good faith and Plaintiff stubbornly refused to acknowledge that he exceeded the 25 interrogatories limit as to each of the Defendants. *See id.* [ECF No. 147 at 24-25].

Upon consideration, Defendants' Motion for Protective Order [ECF No. 147] is **GRANTED in part and DENIED in part.** Defendant's motion is granted with respect to their request to have Plaintiff limit the number of interrogatories for each of the Defendants to 25, including all discrete

subparts. *See* FED. R. CIV. P. 33(a)(1) ("Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."). With respect to Defendants' requests to limit discovery to the issue of qualified immunity and to relieve them from making their Rule 26(a)(1) disclosures until after the Court makes a determination regarding their entitlement to qualified immunity, such requests are denied without prejudice at this time. In their Motion for Protective Order which was filed on August 19, 2015, Defendants stated that they are "mindful of the Supreme Court's admonition that qualified immunity defenses should be resolved as soon as possible," and represented to the Court that they would file a dispositive motion based on their qualified immunity defense "within the next thirty days." *See* Mot. [ECF No. 147 at 23 n.2]. However, the case docket indicates that no such motion was subsequently filed by Defendants. Therefore, the Court is not able to determine whether Defendants still intend to proceed with their qualified immunity defense. Furthermore, while the Court denies without prejudice Defendants' request for attorneys' fees at this time, the parties are cautioned that their continued failure to confer in good faith to resolve discovery disputes prior to seeking judicial resolution may result in sanctions. *See Dondi Props. Corp. v. Commerce Savs. & Loan Ass'n*, 121 F.R.D. 284, 289 (N.D. Tex. 1988); *Heller v. City of Dall.*, 303 F.R.D. 466, 478 (N.D. Tex. 2014).

**SO ORDERED**, this 22nd day of Jnauary, 2016.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

2