**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JASON NIEMAN,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **No. 3:14-CV-3897-M (BF)** |
| **E. STREET INVESTMENTS, L.L.C.,** | § | |
| **d/b/a CONCRETE COWBOY, et al.,** | § | |
| **Defendants.** | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND**
**RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

The Court has under consideration the Findings, Conclusions, and Recommendation of

United States Magistrate Judge Paul D. Stickney as to Amanda Garcia, Katherine M. Mapula,

Catherine Lewis Neal, Kristie Louann Brown, Luis Roman Taveras, Jason Gregory Smith, Nicholas

S. Clarke, Jay Kun Lee, Daniel Lee Marion, and Nancy Schierding [ECF No. 188]. Plaintiff filed

objections [ECF No. 190]. The Court has made a *de novo* review of those portions of the proposed

Findings, Conclusions, and Recommendation to which objections were made. The objections are

overruled.

Plaintiff again requests in his objections leave to file a second amended complaint. *See* Obj.

[ECF No. 190 at 1-2]. This Court has previously denied Plaintiff's requests for leave to file a second

amended complaint on the grounds that granting such leave would be futile and cause needless delay.

*See* Mem. Op. & Order [ECF No. 165 at 7-8] ("Because the Court finds that Plaintiff has pleaded

his best case and that granting leave to file a second amended complaint would be futile and cause

needless delay, Plaintiff's Rule 60(b) motions are denied."); Mem. Op. & Order [ECF No. 186 at 4]

("Because the Court finds that Plaintiff has pleaded his best case and that granting leave to file a

second amended complaint would be futile and cause needless delay, Plaintiff's Rule 60(b) Motion

is **DENIED**."); *Wortham v. Chris Hansen Lab, Inc.*, No. 3:14-CV-1696-L, 2014 WL 2694194, at

*2 (N.D. Tex. June 12, 2014) ("[W]hile generally a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed, granting leave to amend is not required if the plaintiff has already pleaded his best case. . . . Here, Plaintiff's claims are fatally infirm. Thus, the Court concludes that granting leave to amend would be futile and cause needless delay.") (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)) (internal quotations and alterations omitted). Plaintiff's request for leave is again denied on the same grounds.

**IT IS THEREFORE ORDERED** that the Rule 12(b)(1) and 12(b)(6) Motions to Dismiss [ECF No. 137] filed by Amanda Garcia, Katherine M. Mapula, Catherine Lewis Neal, Kristie Louann Brown, Luis Roman Taveras, Jason Gregory Smith, Nicholas S. Clarke, Jay Kun Lee, Daniel Lee Marion, and Nancy Schierding are **GRANTED**.

**SO ORDERED** this 28th day of March, 2016.

**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**