UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JASON NIEMAN, § | |
| Plaintiff, § | |
| v. § | No. 3:14-CV-3897-M (BF) |
| DWAINE HELTON, et al., § | |
| Defendants. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge for pretrial management. Before the Court is Defendants Dwaine Helton ("Helton"), Michael Milam ("Milam"), and Jessica Merrell's ("Merrell") (collectively, "Defendants") Joint Motion for Partial Summary Judgment Based Upon Qualified Immunity [ECF No. 232] ("Partial Summary Judgment Motion"). For the following reasons, the undersigned respectfully recommends that the District Court GRANT Defendants' Partial Summary Judgment Motion [ECF No. 232].

### BACKGROUND

Jason Nieman ("Plaintiff") brings this suit alleging personal injury and violations of his civil rights under Title 42, United States Code, Section 1983 ("Section 1983") in connection with events that took place on September 14, 2014 at Concrete Cowboy, a bar located on Cedar Springs Road in Dallas, Texas. Am. Compl. 24, ECF No. 16. Plaintiff states that he consumed 4 glasses of wine with dinner between 6:00 p.m. and 9:00 p.m. at a restaurant located at the Adolphus Hotel on that night, but that he was not intoxicated when he left the restaurant. Am. Compl. 24, ECF No. 16. Plaintiff states that, at approximately 9:00 p.m., he went to a nearby venue, O.E. Penguin, in search of a karaoke bar, but upon discovering that there was no karaoke at that location, Plaintiff proceeded to the Concrete Cowboy with an individual named "Jason" and an unidentified female companion.

Am. Compl. 24, ECF No. 16. Plaintiff states that he does not recall consuming any alcoholic beverages at O.E. Penguin. Am. Compl. 24, ECF No. 16.

Plaintiff states that upon arriving at Concrete Cowboy, he consumed a beverage given to him by Jason, which he believed to be vodka and Red Bull, but was contaminated with a drug appearing to have been Gamma Hydroxybutyrate or Rohypnol. Am. Compl. 24-25, ECF No. 16. Plaintiff states that, within a few minutes of consuming the contaminated beverage, his judgment, physical control, and memory were greatly compromised, but that the staff at Concrete Cowboy and nearby police officers failed to reasonably prevent and/or detect the "drugging incident." Am. Compl. 25, ECF No. 16. Plaintiff states that the staff at Concrete Cowboy allowed him to be provided more alcoholic beverages, despite his obviously compromised condition. Am. Compl. 24, ECF No. 16. Plaintiff states that, shortly thereafter, he was attempting to "escape the clutches" of Jason and his unidentified female companion, when he fell on a staircase at Concrete Cowboy, which he believes was caused by the combination of: (1) the consumption of the contaminated beverage; (2) the defective and/or dangerous condition of the staircase and/or handrail; and (3) inadequate lighting in the staircase. Am. Compl. 25-26, ECF No. 16. Plaintiff states that he "suffered a hard fall with a serious facial/cranial impact." Am. Compl. 26, ECF No. 16. Plaintiff states that as a result of his fall, he "suffered a deep abrasion/laceration to his nose, a serious nasal contusion, [and a] non-serious concussion." Am. Compl. 26, ECF No. 16.

Plaintiff states that he encountered the owner of Concrete Cowboy and two City of Dallas police officers shortly after midnight, all of whom, despite the fact that they "could see that Plaintiff [] was impaired," he "had suffered at least a moderately serious facial/head injury," and were further "advised that such injuries were the result of a fall on the premises," those individuals "simply

2

allowed [him] to walk on, despite his obviously compromised state." Am. Compl. 26, ECF No. 16. Plaintiff alleges that, at approximately 12:45 a.m. on September 15, 2014, paramedics Helton and Milam captured and kidnapped him using unreasonable physical force and transported him to Dallas County Hospital District d/b/a Parkland Health and Hospital System ("Parkland"). Am. Compl. 26, ECF No. 16. Plaintiff states that as "a reasonable person trying to free himself from unlawful and/or unreasonable restraint, battery, and/or detention, Plaintiff struggled and growled/yelled, demanding to be released." Am. Compl. 27, ECF No. 16. Plaintiff further states that his "yells were such that some saliva unintentionally escaped his mouth as he made his pleas," but he never attempted "to bite or injure Defendants Helton, Milam, or anyone else." Am. Compl. 27, ECF No. 16. Furthermore, Plaintiff alleges that City of Dallas law enforcement officer, Merrell, violated her duty to prevent the paramedics from kidnapping him against his will and transporting him to Parkland. Am. Compl. 28, ECF No. 16. Furthermore, Plaintiff alleges that Merrell later created an Apprehension by a Peace Officer Without a Warrant ("A.P.O.W.W.") form to make it appear that Plaintiff's capture, imprisonment, and battery were lawful. Am. Compl. 28, ECF No. 16.

Plaintiff alleges that, in the early morning of September 15, 2014, he was held captive at Parkland, and that the staff at Parkland, without his consent, "cut off his clothes, destroying his shirt, pants, and underwear, and stole his wallet, money, identification, credit cards, insurance cards, cellular phone, and related items from him by way of strong arm robbery and/or robbery [b]y virtue of restrain and/or medication." Am. Compl. 29-30, ECF No. 16. However, Plaintiff states that by approximately 1:45 p.m. of that same day, his clothing, wallet, and telephone were returned to him, and he was released from Parkland. Am. Compl. 34, ECF No. 16. Plaintiff alleges that he was subjected to numerous unauthorized procedures and treatments during his transportation to and stay

at Parkland. Am. Compl. 27-34, ECF No. 16. Plaintiff further contends that, "[a]t no time did [he] give any relevant Defendant consent for treatment or billing, nor did he ever consent to this outrageous intrusion as to his personal privacy." Am. Compl. 30, ECF No. 16.

Plaintiff's Amended Complaint alleges the following claims against Helton, Milam, and Merrell: Count IV (Dwaine N. Helton & Michael Milam) - 42 U.S.C. § 1983 Violations of the 4th and 14th Amendments, Equal Protection, and 42 U.S.C. § 1985 Conspiracy; Count VII (Jessica L. Merrell) - 42 U.S.C. § 1983 Violations of the 4th and 14th Amendments, Equal Protection, Due Process, and 42 U.S.C. § 1985 Conspiracy. Am. Compl. 42-45 & 48-51, ECF No. 16. Helton, Milam, and Merrell bring a counterclaim against Plaintiff pursuant to 42 U.S.C. § 1988 seeking their reasonable costs, including attorney's fees, that have been incurred in defending against Plaintiff's federal question claims. Counterclaim 24-26, ECF No. 69. Defendants filed their Partial Summary Judgment Motion [ECF No. 232] on July 22, 2016. Defendants state that they seek summary judgment as to Plaintiff's claims against them, but do not seek summary judgment for their counterclaim and state that they intend to pursue the counterclaim at trial, following the disposition of their Partial Summary Judgment Motion. Partial Summ. J. Mot. 2, ECF No. 232. Plaintiff filed his response on August 3, 2016. Resp., ECF No. 142. On September 23, 2016, the Court granted Defendants' Motion to Strike Plaintiff's response to their Partial Summary Judgment Motion which argued that Plaintiff's response failed to comply with the Local Rules. Mot. to Strike, ECF No. 239; Order, ECF No. 246.

In the Partial Summary Judgment Motion, Defendants argue that they are entitled to summary judgment as to Plaintiff's unlawful seizure claim because Plaintiff was lawfully seized, and because they are entitled to qualified immunity. Defs.' Br. 5-23, ECF No. 233. Defendants also argue that

they are entitled to summary judgment as to Plaintiff's excessive force claim, because they did not violate Plaintiff's Fourth and Fourteenth Amendment rights, and because they are entitled to qualified immunity. Defs.' Br. 23-31, ECF No. 233. Defendants further argue that they are entitled to summary judgment as to Plaintiff's procedural due process claims, because Plaintiff failed to plead a cognizable claim. Defs.' Br. 31-32, ECF No. 233. In addition, Defendants argue that Plaintiff's conspiracy and equal protection claims must be dismissed, for failure to state viable claims. Defs.' Br. 35 & 38, ECF No. 233. Defendants argue that they are also entitled to summary judgment as to the conspiracy and equal protection claims, because Plaintiff lacks evidence as to these claims. Defs.' Br. 35-36 & 38-40, ECF No. 233.

## STANDARD OF REVIEW

### Summary Judgment

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *See Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). The movant's burden can be satisfied by demonstrating that there is an absence of evidence which supports the nonmoving party's case for which that party would have the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens "by tendering depositions, affidavits, and other competent evidence[.]" *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). All evidence must be viewed in the light most favorable to the party opposing the summary judgment motion. *See*

*Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). However, "the court is under no duty to sift through the record to find evidence that supports a nonmovant's opposition to a motion for summary judgment." *Esquivel v. McCarthy*, No. 3:15-CV-1326-L, 2016 WL 6093327, at *2 (N.D. Tex. Oct. 18, 2016) (citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1988)). In addition, "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (citing *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975)).

### Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), the Court evaluates pleadings by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). In order to survive the motion to dismiss, Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown'-'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing FED. R. CIV. P. 8(a)(2)).

## Qualified Immunity

"A public official is entitled to qualified immunity unless the plaintiff demonstrates that (1) the defendant violated the plaintiff's constitutional rights and (2) the defendant's actions were objectively unreasonable in light of clearly established law at the time of the violation." *Waganfeald v. Gusman*, 674 F.3d 475, 483 (5th Cir. 2012). Therefore, in deciding "whether a defendant is entitled to qualified immunity, the court begins with the threshold question whether, taken in the light most favorable to plaintiff as the party asserting the injury, the facts he has alleged show that the defendant's conduct violated a constitutional right." *Escobar v. Montee*, No. 3:15-CV-1962-D, 2016 WL 397087, at *3 (N.D. Tex. Feb. 2, 2016) (citing *Ellis v. Crawford*, No. 3:03-CV-2416-D, 2005 WL 525406, at *3 (N.D. Tex. Mar. 3, 2005); *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Id.* (citing *Saucier*, 533 U.S. at 201).

"'[I]f a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established.'" *Id.* (quoting *Saucier*, 533 U.S. at 201). "A clearly established right is one that is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (quoting *Reichle v. Howards*, 132 S. Ct. 2088, 2093 (2012)). "Put simply, qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Id.* (quoting *Malley v. Briggs,* 475 U.S. 335, 341 (1986)). "'Even if the government official's conduct violates a clearly established right, the official is nonetheless entitled to qualified immunity if his conduct was objectively reasonable.'" *Escobar*, 2016 WL 397087, at *3 (quoting *Wallace v. Cty. of Comal*, 400 F.3d 284, 289 (5th Cir. 2005)). "'The objective reasonableness of allegedly illegal

conduct is assessed in light of the legal rules clearly established at the time it was taken.'" *Id.* (quoting *Salas v. Carpenter*, 980 F.2d 299, 310 (5th Cir. 1992)). "'The defendant's acts are held to be objectively reasonable unless *all* reasonable officials in the defendant's circumstances would have then known that the defendant's conduct violated the plaintiff's asserted constitutional or federal statutory right.'" *Id.* (quoting *Cozzo v. Tangipahoa Parish Council*, 279 F.3d 273, 284 (5th Cir. 2002); *Thompson v. Upshur Cty.*, 245 F.3d 447, 457 (5th Cir. 2001)).

## ANALYSIS

### Unlawful Seizure

Defendants argue that they are entitled to qualified immunity as to any seizure claims under the Texas A.P.O.W.W. statute or as to any medical emergency, because a reasonable public official in the Defendants' circumstances would have believed that the seizure was lawful. Defs.' Br. 14, ECF No. 233. In support of their argument, Defendants cite *Martinez v. Smith*, No. 99-40285, 1999 WL 1095667, at *1 (5th Cir. Nov. 4, 1999) wherein the Fifth Circuit affirmed the district court's determination that the arresting officers were entitled to qualified immunity as to the plaintiff's claims that they unlawfully detained her and used excessive force where the plaintiff was seized for a psychological evaluation. Defs.' Br. 14, ECF No. 233; *Martinez*, 1999 WL 1095667, at *1. *Martinez* involved police officers who responded to a call from a person familiar with the plaintiff stating that the plaintiff was suicidal. *Martinez*, 1999 WL 1095667, at *1. Although the plaintiff insisted to the officers that she was fine, the plaintiff confirmed that she and her ex-husband just had a disagreement, and she attempted to close the door on the officers. *Id.* at *1. The plaintiff abruptly sat on the floor and then ran away from the officers into the house. *Id.* at *1. The Fifth Circuit noted

that the district court cited the Texas Health and Safety Code, Section 573.001(a) ("Section 573.001(a)"), a statute which authorizes peace officers to take an individual under custody without a warrant if the officer reasonably believes that the individual is mentally ill, there is a substantial risk of serious harm to the individual if the individual is not immediately restrained, and there is not enough time to obtain a warrant. *Id.* at *2. The Fifth Circuit stated in *Martinez* that, in addressing a qualified-immunity argument in the context of an individual asserting the Fourth Amendment right to be free from detention for a psychological evaluation, the "relevant test is whether a reasonable officer would, under all of the circumstances, have had probable cause to believe that the plaintiff was dangerous." *Id.* at *1 (citing *Maag v. Wessler*, 960 F.2d 773, 775-76 (9th Cir. 1991); *Chathas v. Smith*, 884 F.2d 980, 987 (7th Cir. 1989); *S.P. v. City of Takoma Park*, 134 F.3d 260, 266 (4th Cir. 1998)). The Fifth Circuit concluded that the district court did not err in dismissing the plaintiff's unlawful seizure claim because the officers were entitled to qualified immunity based on Section 573.001(a), the statement from the third party that Plaintiff was suicidal, and the officers' own observations. *Id.* at *2.

Plaintiff states in his Amended Complaint that he was drugged with a substance that appeared to have been Rohypnol, consumed multiple alcoholic beverages, had impaired judgment, physical control, and memory, and sustained a fall on a staircase that resulted in a "serious facial/cranial impact," a "deep abrasion/laceration to his nose," "a serious nasal contusion," and a concussion. Am. Compl. 24-26, ECF No. 16. In addition, Defendants reference in their brief Merrell's affidavit wherein she stated that she found Plaintiff "jammed against and slightly under the passenger side of a white SUV that was parallel parked at the sidewalk." Partial Summ. J. Mot. 12-13, ECF No. 232; Merrell Aff. 1-2, ECF No. 234-1. Merrell also stated that Plaintiff's face was bloody from visible

lacerations and abrasions, and Plaintiff was disoriented and had a strong odor of alcohol. Merrell Aff. 2, ECF No. 234-1. Merrell further stated that Plaintiff attempted to stand, but was unable to do so, Plaintiff repeatedly exclaimed "I express my permission!" while the paramedics were attending to him, Plaintiff was unable to tell the paramedics whether pennies or quarters were smaller, Plaintiff believed that both Barack Obama and Dick Cheney were the current vice president, and Plaintiff did not recall what he was doing 15 minutes ago. Merrell Aff. 2, ECF No. 234-1. Defendants also reference the affidavits of Helton and Milam who stated that Plaintiff's face was bloody from visible lacerations and abrasions, Plaintiff was disoriented and had a strong odor of alcohol, Plaintiff was unable to speak in complete sentences, Plaintiff repeated sequences of numbers that sounded like a quarterback calling signals, they were concerned that he had subdural hematoma, a form of intracranial bleeding which can cause permanent brain injury or death, that Plaintiff was agitated, profane, and physically resistant when informed that he was being taken to the hospital for evaluation and treatment, and that Plaintiff tried to bite Milam several times in the ambulance on the way to the hospital. Partial Summ. J. Mot. 15-16, ECF No. 232; Milam Aff. 2, ECF No. 234-1; Helton Aff. 2, ECF No. 234-1.

Based on the alleged facts which were further elaborated upon in Defendants' affidavits, Defendants are entitled to qualified immunity as to Plaintiff's unlawful seizure claim. As discussed, a "defendant's acts are held to be objectively reasonable unless *all* reasonable officials in the defendant's circumstances would have then known that the defendant's conduct violated the plaintiff's asserted constitutional or federal statutory right." *Escobar*, 2016 WL 397087, at *3. "[I]ndividuals have a Fourth Amendment right to be free from detention for psychological evaluation unless there is probable cause to believe that the person may harm herself or others." *Martinez*, 1999

WL 1095667, at *1 (citing *S.P.*, 134 F.3d at 266; *Maag*, 960 F.2d at 775-76; *Chathas*, 884 F.2d at 987). Given Plaintiff's disorientation and injury, a reasonable officer would have believed that Plaintiff posed a danger to himself or others. Defendants were also permitted under Section 573.001(a) to detain Plaintiff, given his condition. *See Gordon v. Neugebauer*, No. 1:14-CV-93-J, 2014 WL 6892716, at *7 (N.D. Tex. Oct. 31, 2014) ("The Fifth Circuit has also noted that the existence of Texas Health & Safety Code § 573.001(a) provides further support for a finding that police officers act with probable cause when they arrest an individual for temporary detention . . . ." (citing *Martinez*, 1999 WL 1095667, at *3)).

Upon consideration of the foregoing, summary judgment should be granted with respect to Plaintiff's unlawful seizure claim, because Defendants are entitled to qualified immunity. *See Cantrell v. Murphy*, 666 F.3d 911, 923 (5th Cir. 2012) ("Ave's statements . . . could have provided a reasonable officer with a sufficient basis to conclude that she was in a condition that substantially impaired her 'emotional process' or judgment, and thus was mentally ill under Texas law. . . . Accordingly, the officers had probable cause to detain Ave and take her into protective custody. . . Because the officers had probable cause, Ave's detention did not violate the Fourth Amendment. The district court therefore erred in not granting the officers' summary judgment on this portion of the Cantrells' Fourth Amendment claim. For these reasons, we reverse the district court's judgment denying qualified immunity."); *Sullivan v. Cty. of Hunt*, 106 F. App'x 215, 218 (5th Cir. 2004) ("The above uncontested facts are sufficient to create a reasonable belief that plaintiff was in a precarious emotional condition and was a suicide risk. . . These facts are sufficient to establish probable cause to seize Sullivan under the 4th amendment. Because the undisputed facts demonstrate that Killgore did not violate Sullivan's constitutional rights in taking him into custody, Killgore is entitled to

qualified immunity for this conduct." (citing *Resendiz v. Miller*, 203 F.3d 902, 902 (5th Cir. 2000); *Anthony v. City of New York*, 339 F.3d 129, 137 (2d Cir. 2003))).

### Excessive Force

Defendants argue that they are entitled to qualified immunity as to Plaintiff's excessive force claim, because a reasonable paramedic or police officer in Defendants' circumstances could have believed that the force used was lawful. Defs.' Br. 29, ECF No. 233. Plaintiff states in his Amended Complaint that Helton and Milam "physically forced him into their ambulance, and onto a gurney or holding device where he was strapped down against his will." Am. Compl. 43, ECF No. 16. In addition, Plaintiff states that "Helton and Milam physically battered him, [by] placing one or more knees on the Plaintiff's back and/or torso as part of their actions of forcibly restraining Plaintiff against his will." Am. Compl. 43, ECF No. 16. Furthermore, Plaintiff contends that the "evidence suggests that Defendants Helton and Milam sedated and/or drugged Plaintiff [] against his will, rendering him unconscious." Am. Compl. 43, ECF No. 16. Plaintiff states that the "actions of Defendants Helton and Milam constituted excessive force and/or unconstitutional battery in violation of the 4th and/or 14th Amendments to the U.S. Constitution." Am. Compl. 43, ECF No. 16. Furthermore, Plaintiff states that "Defendant Merrell was made aware of the unlawful actions of Defendants Helton and Milam as to their actions in seeking to capture, kidnap, restrain, batter, imprison, sedate, and/or transport Plaintiff," and that "Defendant Merrell participated in such unconstitutional abuse and unlawful seizure of the Plaintiff, and/or attempted to improperly ratify the actions of . . . Helton and Milam after the fact." Am. Compl. 48-49, ECF No. 16.

"Qualified immunity protects government officials sued in their individual capacities 'from

liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *James v. Dallas Hous. Auth.*, 526 F. App'x 388, 391 (5th Cir. May 15, 2013) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Lytle v. Bexar Cty.*, 560 F.3d 404, 410 (5th Cir. 2009). As previously discussed, Defendants reference the affidavits of Helton and Milam wherein they stated that they were concerned that Plaintiff had subdural hematoma, a form of intracranial bleeding that could result in permanent brain injury or death and that requires immediate medical attention. Partial Summ. J. Mot. 16, ECF No. 232; Helton Aff. 2, ECF No. 234-1; Milam Aff. 2, ECF No. 234-1. Furthermore, Helton and Milam stated that restraints were used because Plaintiff became agitated, profane, and physically resistant, and attempted to bite Milam on multiple occasions. Partial Summ. J. Mot. 16-17, ECF No. 232; Helton Aff. 2, ECF No. 234-1; Milam Aff. 2, ECF No. 234-1. While Plaintiff states in his Amended Complaint that he never attempted to bite Milam, he does state that he growled. Am. Compl. 27, ECF No. 16.

It is clear that Defendants' use of force as alleged by Plaintiff was not excessive under the circumstances. Any reasonable paramedic/officer in Defendants' position would have engaged in similar conduct in order to ensure that Plaintiff received the immediate medical attention required. *See Vazquez v. Marciano*, 169 F. Supp. 2d 248, 253 (S.D.N.Y. 2001) ("Plaintiff also contends that Marciano violated his civil rights by forcing him to receive medical treatment. Plaintiff had just been in a serious automobile accident. He admits that he lost consciousness after his car hit the tree. He was also visibly inebriated, and admitted to intoxication. . . . A reasonable police officer not only

could have, but would have, concluded that plaintiff could have been seriously injured in the accident and was therefore in need of medical assistance. As defendants point out, if the police had not sent plaintiff to the hospital, they no doubt would have been sued for refusing him needed medical treatment. Marciano's decision to send plaintiff to the hospital was objectively reasonable."). In consideration of the foregoing, summary judgment should be granted as to Plaintiff's excessive force claim, because Defendants are entitled to qualified immunity.

### Due Process

Defendants further argue that they are entitled to summary judgment as to Plaintiff's Fourteenth Amendment procedural due process claim, because Plaintiff's Amended Complaint fails to identify a liberty or property interest that he was deprived of, other than his unlawful seizure and excessive force claims. Defs.' Br. 31, ECF No. 233. In addition, Defendants contend that Plaintiff failed to identify any procedures that were constitutionally deficient and failed to plead any facts to show that he suffered injuries from a denial of due process, as opposed to injuries from a deprivation of his liberty or property. Defs.' Br. 31-32, ECF No. 233. Defendants submit Plaintiff's interrogatory responses where Plaintiff failed to identify any cognizable liberty or property interest other than those pleaded in connection with his wrongful seizure, excessive force, equal protection, and conspiracy claims. Defs.' Br. 32, ECF No. 233; App. 125-26, 133-34 & 141-42, ECF No. 234-1.

"Plaintiff[] cannot sustain [his] procedural due process claim unless [he] show[s] that Defendants lack qualified immunity." *McClure v. Biesenbach*, No. SA-04-CA-797-RF, 2005 WL 3147817, at *2 (W.D. Tex. Sept. 30, 2005) (citing *Hernandez ex. rel. Hernandez v. Tex. Dept. of Prot. & Regulatory Servs.*, 380 F.3d 872, 879 (5th Cir. 2004)). In order to make such a showing,

Plaintiff "must show (1) that [his] 'allegation, if true, establishes a violation of a clearly established right,' and (2) that Defendants' conduct 'was objectively [un]reasonable in light of clearly established law at the time of the incident.'" *Id.* (quoting *Hernandez*, 380 F.3d at 879). As argued by Defendants, Plaintiff failed to plead any procedural due process violation. Furthermore, as previously discussed, Defendants' conduct was reasonable, and any reasonable official in Defendants' circumstances would have acted similarly in order to ensure that Plaintiff received the necessary medical attention. Therefore, summary judgment should be granted with respect to Plaintiff's due process claim. *See McClure*, 2005 WL 3147817, at *2 ("Plaintiffs do not allege that Defendants' conduct violated their clearly established procedural due process right. . . . It follows that Defendants enjoy qualified immunity from Plaintiffs' procedural due process claim and that Defendants therefore are entitled to judgment as a matter of law.").

### **Conspiracy**

Defendants argue that Plaintiff cannot prevail on his conspiracy claim, because his Amended Complaint does not make clear the basis for this claim. Defs.' Br. 32, ECF No. 233. Plaintiff alleges that Defendants violated 42 U.S.C. § 1985 by acting "in concert with intention to deprive Plaintiff of his federal civil rights and/or reckless indifference of such rights." Am. Compl. 44 & 50, ECF No. 16. 42 U.S.C. § 1985 prohibits:

> three [] forms of conspiracy to interfere with civil rights . . . . Subsection (1) prohibits conspiracies to prevent federal officers from performing the duties of their offices 'by force, intimidation, or threat.' § 1985(1). Subsection (3) prohibits conspiracies to 'depriv[e] . . . any person or class of persons the equal protection of the laws' and those aimed at preventing a person from lawfully voting. § 1985(3). Subsection (2) concerns conspiracies directed at the right of participation in federal judicial proceedings.

*Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 149 (5th Cir. 2010). The "Fifth Circuit has unequivocally held that to state a claim under section 1985(3), a plaintiff must plead: . . . a racially based discriminatory animus." *McKinney Fraternal Order of Police Lodge 107 v. City of McKinney*, No. 4:15-CV-689, 2016 WL 1271649, at *3 (E.D. Tex. Apr. 1, 2016) (citing *Chaney v. Races & Aces*, 590 F. App'x 327, 330 (5th Cir. 2014); *Johnson ex rel. Wilson v. Dowd*, 305 F. App'x 221, 224 (5th Cir. 2008); *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 271 (5th Cir. 2001); *Newberry v. E. Tex. State Univ.*, 161 F.3d 276, 281 n.2 (5th Cir. 1998)). "Since the equal protection language in the second clause § 1985(2) parallels the equal protection language in § 1985(3), the race or class-based animus requirement of § 1985(3) also applies to claims under the second part of § 1985(2)." *Payne v. Universal Recovery, Inc.*, No. 3:11-CV-1672-D (BH), 2011 WL 7415414, at *8 (N.D. Tex. Dec. 7, 2011) (citing *Daigle v. Gulf State Utils. Co.*, 794 F.2d 974, 979 (5th Cir. 1986); *Kimble v. D.J. McDuffy, Inc.*, 648 F.2d 340, 346 (5th Cir. 1981)).

Defendants argue that Plaintiff failed to plead facts to state that Defendants engaged in a conspiracy to prevent a federal officer from performing his duties, that Defendants conspired to deter or punish him in connection with attending or testifying in court, or that Defendants had a class or race based animus. Defs.' Br. 33-35, ECF No. 233. In addition, Defendants argue that Plaintiff lacks evidence as to at lease one element of every subpart of 42 U.S.C. § 1985. Defs.' Br. 35-36, ECF No. 233. Defendants argue that Plaintiff has no evidence showing that he was a federal officer, that Defendants conspired to deter anyone from attending court or testifying, or that Defendants had a race or class based animus. Defs.' Br. 35-36, ECF No. 233. As Defendants argue, because Plaintiff failed to state a conspiracy claim under 42 U.S.C. § 1985, and because there is a lack of evidence as to at least one element of every subpart of 42 U.S.C. § 1985, summary judgment should be

granted as to Plaintiff's conspiracy claim.

## Equal Protection

Defendants also seek summary judgment as to Plaintiff's Fourteenth Amendment equal protection claim on the grounds that Plaintiff failed to plead a plausible claim and there is no evidence showing that any of the Defendants deprived him of equal protection of the law. Defs.' Br. 36, ECF No. 233. Defendants reference portions of Plaintiff's deposition testimony where he stated that he was not able to identify anyone in a similar circumstance that received more favorable treatment than himself. Defs.' Br. 38-39, ECF No. 233; App. 102-03, ECF No. 234-1. "The essence of an equal protection claim is that other persons similarly situated as is the claimant unfairly enjoys benefits that he does not or escape burdens to which he is subjected." *United States v. Cronn*, 717 F.2d 164, 169 (5th Cir. 1983). Hence, in order to "prevail on his § 1983 claim based on the Equal Protection Clause, Plaintiff must plead and show evidence that a similarly situated group escaped the burdens to which Plaintiff was subjected." *Wilson v. Brestrup*, No. 3:05-CV-719-M, 2006 WL 929284, at *3 (N.D. Tex. Apr. 10, 2006) (citing *Samaad v. City of Dallas*, 940 F.2d 925, 941-42 (5th Cir. 1991)). Because Plaintiff failed to plead facts showing that a similarly situated group escaped the burdens to which he was subjected, and because there is no evidence showing such, summary judgment should be granted with respect to Plaintiff's equal protection claim. *See id.* ("Plaintiff has not pleaded or shown evidence of a similarly situated group. Therefore, the Court grants Defendant's Motion for Summary Judgment as to Plaintiff's § 1983 claim based on the Equal Protection Clause.").

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the Court **GRANT** Defendants' Partial Summary Judgment Motion [ECF No. 232].

**SO RECOMMENDED**, this ____ day of _____, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).