NORTHE...
FILED
NOV 20 2017
CLERK, U.S. DISTRICT COURT
By _____
Deputy

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| JASON NIEMAN, | § | |
| Plaintiff, | § | |
| v. | § | No. 3:14-CV-3897-M (BF) |
| MICHAEL MILAM, et al., | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge for pretrial management. Before the Court is Plaintiff's Motion for Relief Under Federal Rule of Civil Procedure ("Rule") 59(e) [ECF No. 272] ("Motion for Relief"). In the Motion for Relief, Plaintiff states that the District Court's Order Accepting Findings, Conclusions, and Recommendation of the United States Magistrate Judge [ECF No. 269] which granted Defendants Dwaine Helton, Michael Milam, and Jessica Merrell's Joint Motion for Partial Summary Judgment Based Upon Qualified Immunity [ECF No. 232] "constituted reversible error and/or abuse of discretion." Mot. 1, ECF No. 272. Plaintiff argues that the Court committed reversible error by recommending that a Rule 12 motion be granted without permitting requested discovery. Mot. 4, ECF No. 272. In addition, Plaintiff argues that granting summary judgment without permitting him leave to amend and without permitting limited discovery was an abuse of discretion. Mot. 5, ECF No. 272. Defendants argue in their response that: (1) Plaintiff failed to show that the Court made a manifest error of law; (2) Plaintiff's repeated discovery missteps caused the denial of Plaintiff's motion to compel and opened the door to sanctions if Plaintiff persisted in his improper discovery practices; (3) Plaintiff's proposed second amended complaint did not add material that would have salvaged any of his existing claims, but would have added claims against a new defendant; and (4) Plaintiff rehashes his arguments regarding

discovery that he already made in his objections to the Court's Findings, Conclusions, and Recommendation. Resp. 4-6, ECF No. 275.

Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "Rather, Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)) (internal quotation marks omitted). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* (citations omitted).

With respect to Plaintiff's argument that he should have been permitted leave to amend his complaint, the District Court already found that Plaintiff pleaded his best case and that permitting leave to file a second amended complaint would be futile. *See* Mem. Op. & Order 7, ECF No. 165. In addition, Plaintiff has not shown that he was improperly denied any discovery. Furthermore, as Defendants argue, Plaintiff improperly rehashes arguments that he has already made. In sum, Plaintiff is not entitled to relief under Rule 59(e). Therefore, Plaintiff's Motion for Relief [ECF No. 272] should be DENIED.

SO RECOMMENDED, this 20 day of November, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).