# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| JASON NIEMAN, | § | |
| Plaintiff, | § | |
| v. | § | No. 3:14-CV-3897-M (BF) |
| MICHAEL MILAM, et al., | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge for pretrial management. Before the Court is Plaintiff's Motion for Certification of Final and Appealable Order and/or for Permission for Immediate Appeal Pursuant to Federal Rule of Civil Procedure ("Rule") 54(b) [ECF No. 271] ("Motion for Certification"). In the Motion for Certification, Plaintiff seeks an order from the Court that allows Plaintiff to "immediately file an appeal of all dispositive orders and related discovery rulings issued (or not issued) in this matter[.]" Mot. 1, ECF No. 271. Plaintiff seeks relief under Rule 54(b) and 28 U.S.C. § 1292 ("Section 1292"). Mot. 1, ECF No. 271. Defendants argue in their response that Plaintiff's request for Rule 54 relief should be denied, because piecemeal appeals (1) will not advance the orderly disposition of this case; (2) will cause confusion; and (3) unnecessarily increase costs. Resp. 1-2, ECF No. 273. In addition, Defendants argue that Plaintiff's request for relief under Section 1292(b) should also be denied, because there is no substantial ground for difference of opinion regarding a question of controlling law, and an immediate appeal will not materially advance the ultimate termination of this case. Resp. 2, ECF No. 273.

Rule 54(b) provides that:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for

delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

FED. R. CIV. P. 54(b). "A district court should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as courtesy to counsel." *PYCA Indus., Inc. v. Harrison Cnty. Waste Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996) (citing *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 445 (2d Cir.1985)). Section 1292(b) allows a district court to certify an interlocutory appeal where: (1) there is a controlling question of law; (2) as to which there is substantial ground for difference in opinion; and (3) immediate appeal will materially advance the ultimate termination of the case. *See* 28 U.S.C. § 1292(b); *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 46 (1995). District courts have "unfettered discretion to deny certification, even when all three [statutory criteria] are satisfied." *Commil USA, LLC v. Cisco Sys., Inc.*, No. 2:07-CV-341, 2011 WL 738871, at *4 (E.D. Tex. Feb. 23, 2011) (internal quotation marks and citations omitted), *rev'd on other grounds*, 813 F.3d 994, 997 (5th Cir. 2015).

On February 8, 2016, the District Court denied Plaintiff's requests for relief under Rule 54(b) and Section 1292(b) on the grounds that: (1) Plaintiff failed to explain what hardship through delay would be avoided by an immediate appeal; and (2) the statutory criteria for interlocutory certification were not met, in particular, the District Court was not persuaded that an immediate appeal would materially advance the ultimate termination of the litigation. Mem. Op. & Order 5-6, ECF No. 186. Plaintiff's requests for relief under Rule 54(b) and Section 1292(b) in the present motion should be denied on similar grounds. Plaintiff again fails to explain how an immediate appeal will prevent

2

hardship or injustice or materially advance the ultimate termination of this litigation. Defendants have been ordered by the Court to brief the remaining counter-claims, so that the Court can fully dispose of this case. *See* Order, ECF No. 277. That matter will be ripe for adjudication on December 15, 2017, and Plaintiff can appeal the entire case after the Court's ruling on that matter, rather than the piecemeal appeal he now seeks. Therefore, the undersigned respectfully recommends that the District Court DENY Plaintiff's Motion for Certification [ECF No. 271].

**SO RECOMMENDED**, this ___ day of November, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).