UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JASON NIEMAN, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | No. 3:14-CV-3897-M (BT) |
| § | |
| MICHAEL MILAM, et al., § | |
| § | |
| Defendants. § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge for pretrial management. Before the Court is Plaintiff's Motion for Relief Under Federal Rule of Civil Procedure ("Rule") 60(b) [ECF No. 293] ("Motion for Rule 60(b) Relief"). In this motion, Plaintiff seeks review of the District Court's Order Accepting the Findings, Conclusions, and Recommendation of the United States Magistrate Judge [ECF No. 269] and Judgment [ECF No. 270] dismissing Plaintiff's claims against Defendants Dwaine Helton, Michael Milam, and Jessica Merrell. Mot. 1 & 9, ECF No. 293. Defendants argue in their response that Plaintiff's motion fails to present an adequate basis for a second reconsideration of matters already decided by the District Court, much less to grant extraordinary relief under Rule 60(b). Resp. 1, ECF No. 295.

Rule 60(b) provides that:

On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1)

1

> mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. Proc. 60(b)(1)-(6). "Th[e] [Fifth] [C]ircuit has stated: [t]ypically, '[m]otions under Rule 60(b) are directed to the sound discretion of the district court, and its denial of relief upon such motion will be set aside on appeal only for abuse of that discretion.'" *Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998) (quoting *Seven Elves v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981)). "Under this standard, '[i]t is not enough that the granting of relief might have been permissible, or even warranted-denial must have been so unwarranted as to constitute an abuse of discretion.'" *Pettle v. Bickham*, 410 F.3d 189, 191 (5th Cir. 2005) (quoting *Eskenazi*, 635 F.2d at 402). The Fifth Circuit has "consistently held that the relief under Rule 60(b) is considered an extraordinary remedy and that the desire for a judicial process that is predictable mandates caution in reopening judgments." *Id.* (quoting *Fenner*, 136 F.3d at 1007; *Bailey v. Ryan Stevedoring Co., Inc.*, 894 F.2d 157, 160 (5th Cir. 1990)) (internal quotation marks and alterations omitted).

Plaintiff does not specify which provision(s) under Rule 60(b) applies to his motion for relief, and none of the specific provisions appear applicable in this context. As Defendants point out, Plaintiff rehashes arguments that have already

been rejected by the District Court. Resp. 5. Because Plaintiff is not entitled to relief under Rule 60(b), the District Court should not exercise its discretion to grant Plaintiff such relief. Therefore, the District Court should **DENY** Plaintiff's Motion for Rule 60(b) Relief [ECF No. 293].

SO RECOMMENDED.

February 20, 2018.

_____
REBECCA RUTHERFORD
U.S. MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).