IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON NIEMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:14-CV-3897-M (BT) |
| | § | |
| MICHAEL MILAM, et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a "Motion for § 1988 Attorney's Fees" [ECF No. 289], filed by the City of Dallas (the "City"), John McKinney, Dwaine Helton, Michael Milam, and Jessica Merrell (together "Movants"). For the reasons stated, the Motion should be **DENIED**.

**BACKGROUND**[1]

After more than three years of litigating this civil action alleging various state and federal claims against multiple governmental and private entities, all of

---

[1] Because this case is the subject of multiple prior opinions—*see, e.g., Nieman v. Helton*, 2017 WL 1233936 (N.D. Tex. Feb. 6, 2017), *report and recommendation adopted,* 2017 WL 1211319 (N.D. Tex. Mar. 31, 2017); *Nieman v. E. St. Investments, L.L.C.*, 2016 WL 1254016 (N.D. Tex. Feb. 11, 2016), *report and recommendation adopted*, 2016 WL 1182617 (N.D. Tex. Mar. 28, 2016); *Nieman v. City of Dallas*, 2015 WL 5092612 (N.D. Tex. July 30, 2015), *report and recommendation adopted*, 2015 WL 5097731 (N.D. Tex. Aug. 28, 2015); *Nieman v. City of Dallas*, 2015 WL 6668293 (N.D. Tex. July 30, 2015), *report and recommendation adopted,* 2015 WL 6667761 (N.D. Tex. Oct. 29, 2015); *Nieman v. City of Dallas*, 2015 WL 5076819 (N.D. Tex. July 23, 2015), *report and recommendation adopted*, 2015 WL 5089567 (N.D. Tex. Aug. 27, 2015); *Nieman v. City of Dallas*, 2015 WL 5076803 (N.D. Tex. July 22, 2015), *report and recommendation adopted*, 2015 WL 5089586 (N.D. Tex. Aug. 27, 2015)—the Court recounts only the background facts and procedural history necessary to understand the present decision.

1

Plaintiff's claims against the several defendants have been dismissed. *See* Orders [ECF Nos. 146, 151, 152, 153, 157, 170, 203, 204, 269, 283, 285, 286]. The sole remaining issue for determination in this action is Movants' counterclaim for attorneys' fees under 42 U.S.C. § 1988. *See* Counterclaim [ECF No. 69].

In response to a Court Order, Movants have briefed the issues pertaining to their claim for attorneys' fees under Section 1988. Succinctly stated, Movants contend they are entitled to an award of attorneys' fees because all of Plaintiff's claims against them were frivolous, unreasonable, or groundless from their inception, and because Plaintiff vexatiously litigated those claims even after it should have been clear to Plaintiff that his claims were without merit. Plaintiff opposes Movants' fee request on grounds that attorneys' fees are not available to defendants under 42 U.S.C. § 1988 and because he prosecuted non-frivolous claims in this lawsuit in good faith. Movants object that Plaintiff's opposition merely perpetuates a narrative that the Court has rejected, and that, despite his post-hoc rationalizations for his conduct, Plaintiff has failed to refute that his claims against Movants were frivolous from their inception. By their Motion, Movants seek $93,590 in attorneys' fees and costs. The Motion is ripe for determination.

## **LEGAL STANDARDS**

"[T]he court, in its discretion, may allow the prevailing party, other than the United States, reasonable attorney's fee as part of the costs" in cases brought under Section 1983. 42 U.S.C. § 1988(b). "Prevailing parties" under Section 1988

2

are those parties that "succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (*Nadeau v. Helgemoe*, 581 F.2d 275, 278-79 (1st Cir. 1978)). "Although attorney's fees for prevailing plaintiffs are almost always awarded, attorney's fees for defendants are only awarded 'upon a finding that that the plaintiff's action was frivolous, unreasonable, or without foundation.'" *DeRamus v. City of Alexandria*, 675 F. App'x 408, 412 (5th Cir. 2017) (quoting *Fox v. Vice*, 563 U.S. 826, 833 (2011); *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421 (1978)). Indeed, "attorneys' fees for prevailing defendants are presumptively unavailable unless a showing is made that the underlying civil rights suit was vexatious, frivolous, or otherwise without merit." *Dean v. Riser*, 240 F.3d 505, 508 (5th Cir. 2001); *see also Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.). "The 'stringent standard applicable to defendants is intended to ensure that plaintiffs with uncertain but arguably meritorious claims are not altogether deterred from initiating litigation by the threat of incurring onerous legal fees should their claims fail.'" *Myers v. City of West Monroe*, 211 F.3d 289, 292 n. 1 (5th Cir. 2000) (quoting *Aller v. New York Bd. of Elections*, 586 F. Supp. 603, 605 (S.D.N.Y. 1984)).

In determining whether an action was frivolous, the Court must determine "whether the case was so lacking in merit that it was groundless, rather than whether the claim was ultimately successful." *United States v. Mississippi*, 921

F.2d 604, 609 (5th Cir. 1991). The fact that claims are dismissed before trial is not sufficient by itself to support a finding of frivolity. *Myers v. City of West Monroe*, 211 F.3d 289, 293 (5th Cir. 2000). Courts are generally reluctant to award fees to a prevailing defendant unless the plaintiff "refused to acknowledge clear precedent or asserted a claim which was based knowingly on a nonexistent interest." *Pisharodi v. Valley Baptist Med. Ctr.*, 393 F. Supp. 2d 561, 577–78 (S.D. Tex. 2005).

## ANALYSIS

### Attorneys' Fees Award to Movants as Defendants

Having obtained dismissal of all of Plaintiff's claims against them, Movants are deemed to be prevailing parties in this litigation. As defendants in the litigation, Movants are entitled to recover reasonable attorneys' fees only if they show Plaintiff's claims against them were frivolous, unreasonable, or without foundation. 42 U.S.C. § 1988; *Christiansburg Garment Co.*, 434 U.S. at 421. To the extent Plaintiff argues Movants' request for fees is without merit because Section 1988 does not create an independent cause of action, the Court has already considered, and rejected that argument. *See* Order Accepting [ECF No. 151] (accepting, over Plaintiff's objection, the Findings, Conclusions, and Recommendation of the Magistrate Judge to deny Plaintiff's Motion to Dismiss Defendants' Counterclaim under Section 1988). As the Court previously held, Movants' counterclaim is a proper procedural vehicle for asserting Movants'

4

claim for attorneys' fees. *See* Findings, Conclusions, and Recommendation of the Magistrate Judge [ECF No. 117].

## Timeliness of Motion

Plaintiff objects that Movants' fee request is untimely because it was filed almost eight months after the Court entered judgment in favor of Defendants Helton, Milam, and Merrell, on April 3, 2017. *See* Judgment [ECF No. 270]. That judgment, however, was not a final judgment, as it did not dispose of all the claims—including Movants' counterclaim under Section 1988. Indeed, Plaintiff tacitly acknowledged the April 3, 2017, judgment was not final when he filed his motion seeking "an express order of this Court authorizing and/or confirming Plaintiff's rights to immediately file an appeal of all dispositive orders and related discovery rulings issued (or not issued) in this matter." *See* Mot. [ECF No. 271]. Movants filed their motion in accordance with the deadline established by the Court, as extended with permission of the Court.

## Frivolous Nature of Plaintiff's Claims

The Court has considered the full record in this case and the entire history of this litigation. Plaintiff's claims against Movants were disposed of by various procedural vehicles—some much earlier in the litigation than others. Although Movants ultimately prevailed against Plaintiff's claims, the Court does not find that Plaintiff "refused to acknowledge clear precedent or asserted a claim which was based knowingly on a nonexistent interest."

5

Movants argue that Plaintiff's claims against the City—specifically the Dallas Police Department ("DPD") and the Dallas Fire-Rescue Department ("DFR") —were legally frivolous, and that Plaintiff abandoned these frivolous claims only after the City was forced to expend resources to respond to Plaintiff's Complaint.  *See* Mot. for Fees 2-3. According to Movants, had Plaintiff performed even minimal pre-suit legal research, he would have known that neither the DPD nor DFR are jural entities that can be sued. *Id.* Instead, the City was forced to file a motion to dismiss [ECF No. 12] with respect to Plaintiff's claims against the DPD and DFR. Plaintiff filed an Amended Complaint omitting the DPD and DFR as defendants, after the City filed its motion to dismiss. *See* Am. Compl. 1-2 [ECF No. 16].

Although it is well-established that police departments and other agencies of Texas municipalities are not jural entities subject to suit, *see, e.g., Darby v. Pasadena Police* Dep't, 939 F.2d 311, 313-14 (5th Cir. 1991), Plaintiff's voluntary dismissal of his claims against the DPD and DFR does not automatically subject him to attorneys' fees. *Anderson v. Harrison Cty., Miss.*, 639 F. App'x 1010, 1017 (5th Cir. 2016). Plaintiff has represented himself in this matter since the inception of the case. Even licensed attorneys sometimes make the mistake of naming the police department as a defendant. Plaintiff's conduct in initially bringing claims against the DPD and DFR and then dismissing those entities after the City filed its motion to dismiss does not establish that his claims against Movants were frivolous or wholly without merit. *See Dean*, 240 F.3d at 511.

Furthermore, Plaintiff's conduct in naming the DPD and DFR as defendants was not vexatious—especially in view of the fact that Plaintiff promptly amended his complaint when the legal deficiency of his claims against those entities was brought to his attention. *See Rios v. Blackwelder*, 2017 WL 467072, at * (S.D. Tex. Feb. 3, 2017) (declining to award fees to prevailing defendant under Section 1988 where Plaintiff promptly abandoned unsupported factual allegations and legal theories after obtaining knowledgeable, competent counsel).

The Court comes to the same conclusion with respect to Plaintiff's Racketeer Influenced Corrupt Organizations Act ("RICO") claim. *See* 18 U.S.C. §§ 1961 *et seq.* To prevail on a RICO claim, a plaintiff must demonstrate "an injury to a business or property;" personal injuries are not sufficient to warrant recovery under RICO. *See Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 422 (5th Cir. 2001) ("The phrase 'injury to business or property' excludes personal injuries. . . . Because the only damages asserted by the Plaintiffs are for personal injuries, the district court's judgment on the pleadings on this claim was proper." (citing *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339 (1979)). Movants argue Plaintiff's RICO claim was frivolous, because Plaintiff's Original Complaint alleged that he suffered only personal injuries and failed to allege any injury to his business or property. *See* Mot. for Fees 3. While Plaintiff's RICO claim as initially pled lacked sufficient factual detail, the record does not establish that Plaintiff's claim was wholly without merit. Plaintiff also did not vexatiously pursue this claim. Rather, Plaintiff abandoned his RICO claim early in the litigation. Plaintiff's voluntary

7

dismissal of his RICO claim does not necessarily establish that the claim was frivolous; nor does the dismissal subject Plaintiff to liability for attorney's fees.

Movants next argue that Plaintiff's claims for conspiracy under Section 1985, equal protection and due process violations, excessive force, and unlawful seizure were frivolous because Plaintiff failed to provide any factual support for these claims. Movants contend that they were required to expend resources and engage in discovery to defend against these claims on which they prevailed at the summary judgment stage. Although the Court ultimately determined that Plaintiff failed to adduce evidence that would permit a reasonable trier of fact to find that Plaintiff is entitled to recover on any of these claims, the Court is not persuaded that such failure should lead to the conclusion that Plaintiff's claims were frivolous or without foundation. In particular, the Court notes that it found, on the summary judgment record, that Helton, Milam, and Merrell were entitled to qualified immunity on Plaintiff's Fourth Amendment claims for excessive force and unlawful seizure. The qualified immunity inquiry is a fact-intensive inquiry; and the facts in this case were complicated and highly contested. That Movants ultimately prevailed on their qualified immunity defense does not establish that Plaintiff's claims were unreasonable or groundless.

### Plaintiff's Litigation Tactics and Additional Considerations

Movants contend that Plaintiff overwhelmed them and flooded the Court with meritless and unnecessary pleadings, and that Plaintiff has a history of engaging in abusive litigation tactics. Movants point out that in *Nieman v.*

8

*Grange Mutual Insurance Company*, No. 11-3404, filed in the United States District Court for the Central District of Illinois, the district court sanctioned Plaintiff for, among other conduct, flagrantly disregarding court orders and engaging in harassing and contumacious conduct towards the opposing party. However, Plaintiff did not flagrantly disregard any Court orders in this case. And, the Court does not consider Plaintiff's conduct before another court as having any bearing on whether Movants are entitled to attorneys' fees in this case.

In the absence of finding, as a threshold matter, that the claims Plaintiff brought against Movants were frivolous, unreasonable, or without foundation, the Court should decline to exercise its discretion to award attorneys' fees to Movants under Section 1988.

### **RECOMMENDATION**

For the foregoing reasons, the Court should DENY Movants' Motion for Fees [ECF No. 289].

**SO RECOMMENDED**.

May 11, 2018.

_____
REBECCA RUTHERFORD
UNITED STATE MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).